UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN RE:<br><br>Pro-Mark Services, Inc.,<br><br>    Debtor. | Case No. 24-30167<br><br>Chapter 7<br><br>Chief Judge Shon Hastings |
| Erik A. Ahlgren, Trustee, et al.,<br><br>    Plaintiff,<br><br> -v-<br><br>Connie Berg, et al.,<br><br>    Defendants. | Adv. Case No. 24-07014 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY MIGUEL PAREDES**

**I.     Introduction**

In his Amended Complaint, Plaintiff Erik Ahlgren ("Plaintiff"), chapter 7 trustee of the debtor, Pro-Mark Services, Inc. ("Pro-Mark" or the "debtor") brings twenty-seven claims against the Bergs (Pro-Mark's former owners), Chad Dubois (at various times Pro-Mark's controller, Vice President, and President), and Mandy Grant (at various times Pro-Mark's Secretary and Treasurer, and later the Vice President) (collectively, the "Fraud Defendants"). Plaintiff alleges that from 2008–2020 they fraudulently enrolled the debtor in certain Woman Owned Small Business ("WOSB") and 8(a) Business Development ("8(a)") federal contracting programs for which it was not eligible, structured Pro-Mark in such a way as to cover up its ineligibility, and then made fraudulent representations and warranties to further conceal their wrongdoing during a sale of the

debtor to a newly formed Employee Stock Ownership Plan ("ESOP") in August 2020 (the "ESOP Transaction").

In May 2020, Pro-Mark hired Defendant Miguel Paredes ("Paredes"), who in turn hired independent legal and financial advisors, to serve as a transactional trustee who would negotiate and evaluate the fairness of the proposed ESOP Transaction on behalf of the ESOP and ESOP Trust. Plaintiff's Amended Complaint presents a coherent and consistent set of facts against all the Fraud Defendants—a story of deception and cover-up. Most pertinent to this motion, the Plaintiff also coherently and consistently plead that the many victims of the fraudulent scheme, including Paredes, reasonably relied on the fraudulent representations and warranties made by the Fraud Defendants. (Doc. 11, Amended Complaint ("AC") ¶¶ 303, 467, 479.) Indeed, Counts 1–20 and 22–28 allege that the other Fraud Defendants fooled *everyone* involved, including Paredes, who Plaintiff unequivocally says was an unknowing victim who "*reasonably relied*" on the other defendants' representations and warranties that there was nothing inaccurate, illegitimate, or fraudulent about Pro-Mark's historical WOSB and 8(a) revenue. (*Id.* ¶¶ 467, 479.)

But in a contrived attempt to manufacture a claim against Paredes, in Count 21 Plaintiff does a 180 from the rest of the Amended Complaint. In Count 21, Plaintiff pleads that Paredes somehow did *not* reasonably rely on the Fraud Defendants' representations and warranties and thereby violated obligations under the Employee Retirement Income Security Act of 1974 ("ERISA"). These allegations fundamentally and brazenly contradict the other facts in the Amended Complaint in just the way that courts say is prohibited, and Plaintiff cannot wave them away by hiding behind an "alternative pleading" concept. For this reason alone, case law suggests that Count 21 should be dismissed in its entirety.

Yet even if the Court considers Plaintiff's impermissibly contradictory allegations, the

2

Court should dismiss Count 21 because the conclusory allegations about Paredes' supposed shortcomings in his duty of care (under ERISA section 404(a)(1)(B), 29 U.S.C. § 1104) and violation of the prohibited transaction rules (under ERISA sections 406 and 408, 29 U.S.C. §§ 1106, 1108), fail to state a plausible claim for relief.

**II.     Argument**

    **A.     Applicable Rule 12(b)(6) Standard.**

"Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), specifies that a party may move to dismiss a complaint for 'failure to state a claim upon which relief may be granted.'" *Finstad v. Gord (In re Finstad)*, 2019 Bankr. LEXIS 4017, at *7-8 (Bankr. D.N.D. Oct. 21, 2019) (Hastings, J.) [1] Under Rule 12(b)(6), the Court assumes all facts alleged in the complaint are true and makes reasonable inferences in favor of the nonmoving party. *Id.*, at *7 (citing *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018)). However, "'[t]o avoid dismissal, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ryan*, 889 F.3d at 505 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nor do "'naked assertion[s]' devoid of 'further factual development.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

    Moreover, it is "well established that, where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the

---

[1] For the Court's convenience, copies of all unpublished decisions cited in this brief are attached as Ex. 1.

3

pleadings as true in deciding a motion to dismiss." *Pierce v. Fordham Univ., Inc.*, 2016 U.S. Dist. LEXIS 71322, at *5 n.1 (S.D.N.Y. June 1, 2016). In that situation, it is appropriate to disregard the contradictory allegations that are most inconsistent with the gravamen of the complaint, and dismiss the associated claims. *Jiangbo Zhou v. Lincoln Elec. Co.*, 2020 U.S. Dist. LEXIS 85796, at *11–12 (S.D. Ohio, May 15, 2020); section II(B), *infra*.

### B. The Court Should Dismiss Count 21 Because of the Contradictory Facts Plaintiff Alleges about Paredes' Conduct.

The Amended Complaint repeatedly alleges that all defendants other than Paredes concocted a scheme to "illegally enroll[] the Debtor in government contracting programs intended for socially or economically disadvantaged individuals, women, and small businesses, including the WOSB and 8(a) programs." (AC ¶¶ 2, 44–54; Ex. D to AC, Doc. 11-1, at pg. 102–17.) After building a successful business based off these contracts, Plaintiff alleges that the Bergs then allegedly "decided that they wanted to monetize Connie Berg's equity interest" and "fraudulently enrich themselves" by selling to an ESOP. (*Id*. ¶ 104).

Pro-Mark hired Miguel Paredes to serve as the transactional trustee for the ESOP Transaction. (*Id*. ¶¶ 25, 111.) In this role, he was tasked with evaluating and negotiating the ESOP Transaction on the ESOP's behalf. (*Id.* ¶¶ 111–14.) To assist him in this role, Paredes retained Stout Risius Ross, LLC ("Stout") as an independent financial and valuation advisor, and Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") as independent legal counsel. (*Id*. ¶¶ 115–16.)

In the course of the ESOP Transaction, Pro-Mark and its officers represented to Stout and Paredes that all historical financial and other factual information provided about the company—including WOSB and 8(a) eligibility and revenue—was "complete and accurate in all material respects" and there was nothing "misleading or inaccurate" that required further adjustments or disclosures (*Id*. ¶¶ 192, 194), and that "[w]e have disclosed to you all material information

4

regarding the Company and the proposed Transaction . . . and we have not omitted any information that would render any other information we have provided to you misleading, or withheld information." (*Id*. ¶ 198 (quoting Statement of Representation, attached as Ex. 2.))[2] Pro-Mark and its officers made these representations knowing that Stout and Paredes would rely on them while executing their responsibilities. (*Id*. ¶¶ 191, 466, 478.) Specifically, that Stout "would be relying on [these] representations to render an opinion that the ESOP transaction was for adequate consideration, which Paredes, as trustee, and the ESOP Trust would, in turn, rely on to approve and consummate the ESOP transaction." (*Id*. ¶ 478.)

Pro-Mark and its officers and owner made similar and specific representations and warranties in the Redemption and ESOP Purchase Agreement ("ESOP Purchase Agreement") and related transaction documents (*id*. ¶¶ 143–60), including that Pro-Mark was under no threat of lawsuit or investigation (*id*. ¶ 144), that the company had no undisclosed liabilities to the federal government (*id*. ¶ 148–49), and that the current reports and future projections of the company's performance were correct (*di*. ¶¶ 150–51). Pro-Mark and the Fraud Defendants again made these representations knowing that Paredes and the ESOP and ESOP Trust—as counterparties to the ESOP Purchase Agreement and other documents—were relying on them in entering into the ESOP Transaction. (*Id*. ¶ 142, 162.)

What's more, Plaintiff unequivocally alleges that Paredes, Stout, the ESOP, and the ESOP Trust *all* "*reasonably relied*" on these representations. He asserts that the "false representations and omissions" in the ESOP Transaction documents were made "to deceive and induce the ESOP Trust to enter into the ESOP transaction," and that the "ESOP Plan and ESOP Trust *reasonably*

---

[2] The "Statement of Representation" is quoted extensively and incorporated within the AC at ¶¶ 190–98, and therefore appropriate to consider on this motion to dismiss. *See, e.g.*, *Enervations, Inc. v. 3M*, 380 F.3d 1066, 1069 (8th Cir. 2004) ("documents 'necessarily embraced by the complaint' are not matters outside the pleading").

5

*relied* on [these] representations in agreeing to and consummating the ESOP transaction." (*Id*.) (emphasis added). Plaintiff also asserts that "the false representations and omissions" in the "Statement of Representation" were likewise made "to deceive and induce the ESOP Trust to enter into the ESOP transaction," knowing full well that Stout "would be relying on [the] representations to render an opinion that the ESOP transaction was for adequate consideration," and that Paredes would rely on that opinion "to approve and consummate the ESOP transaction." (*Id*. ¶ 477–78.) And again, he explicitly alleges that: "Stout, Paredes, the ESOP Trust, and the ESOP Plan reasonably relied" on these "misrepresentations and omissions." (*Id*. ¶ 479.) In short, the entire Amended Complaint alleges a scheme whereby the Fraud Defendants duped the government and then repeatedly made representations about the legitimacy and accuracy of Pro-Mark's finances and business—representations that Plaintiff pleads Paredes acted reasonably in relying upon given the facts and circumstances of the historical fraudulent scheme and Paredes' limited role as transactional trustee.

It is, of course, no wonder that Plaintiff alleges Paredes reasonably relied on the Fraud Defendants' misrepresentations. Plaintiff must allege reasonable reliance by Paredes because it is a basic element of his fraud claim against the Fraud Defendants. *See, e.g.*, *Yarborough v. DeVilbiss Air Power, Inc.*, 321 F.3d 728, 730 (8th Cir. 2003). If he wants to pursue fraud claims against the Fraud Defendants, then he must allege that Paredes and other victims such as the United States government and its agencies, acted reasonably in relying upon the Fraud Defendants' misrepresentations.

What that means, however, is that Plaintiff cannot then upend and blatantly contradict those facts when it comes to Count 21. That count—the only count against Paredes, and brought exclusively against him—alleges a theory exactly opposite to that which Plaintiff spent the

6

preceding eighty-six pages laying out. In Count 21, Plaintiff alleges that Paredes breached his fiduciary duty by failing to "determine the fair market value of the Debtor's stock in good faith" because he did not uncover the WOSB and 8(a) fraud. (*Id*. ¶ 429.) According to Plaintiff, if Paredes had "conducted even basic due diligence and retained appropriate advisors, he would have discovered" the fraud. (*Id*.) These theories are flatly contradictory. The entire theory of the Amended Complaint is that the Fraud Defendants committed massive fraud—successfully—and that it was so well done that neither the government, Paredes, Stout nor *any other* advisor or person could be culpable for failing to catch it. Then, in a single count, that theory goes out the window and a contradictory one swoops in. Contrary to the gravamen of his Complaint, Plaintiff alleges in Count 21 that Paredes "*un*reasonably relied" on the Fraud Defendants' misrepresentations and omissions.

Because the factual assertions that support Count 21 flatly contradict the factual assertions through the rest of the Amended Complaint, including allegations that Paredes reasonably relied on the Fraud Defendants' misrepresentations, the Court must dismiss Count 21. "It is well established that, where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Pierce*, 2016 U.S. Dist. LEXIS 71322, at *5 n.1. For example, in a case alleging price-fixing by major players in the optical disc drive ("ODD") market, the court dismissed a complaint which alleged "that HP and Dell were *victims* of the alleged bid-rigging" because "those allegations are flatly incompatible with a theory that HP and Dell were co-conspirators in fixing prices of the ODD devices they sold." *In re Optical Disk Drive Antitrust Litig.*, 2011 U.S. Dist. LEXIS 101763, at *28 (N.D. Cal. 2011) (emphasis in original). Likewise, in *Jiangbo Zhou*, 2020 U.S. Dist. LEXIS 85796, the Court dismissed claims alleging that "*both*

7

Harris Products *and* Lincoln Electric manufactured the welding torch that caused injury to Plaintiff" because it contained "clashing factual assertions." *Id.* at *11–12 (emphasis in original) (quotations omitted). Notably, the court dissected the complaint to determine which counts were most consistent and dismissed the remainder. *Id*. at *13.

These cases are not outliers. *See Aioi Seiki, Inc. v. JIT Automation, Inc.*, 11 F. Supp. 2d 950, 954 (E.D. Mich. 1998) (dismissing tortious interference claim because plaintiff's conclusory claim that the defendant's allegations supporting the claim – that they were strangers - contradicted express allegations that all the defendants were involved in the business relationship with the plaintiff); *Redman v. Am. Airlines, Inc.*, 2023 U.S. Dist. LEXIS 129419, at *7 (W.D.N.C. 2023) (stating that "allegations of intentional conduct are incompatible with negligence"); *Wheland Foundry, LLC v. Metal Techs., Inc. (In re Wheland Foundry, LLC)*, 2008 Bankr. LEXIS 4638, at *7 (Bankr. E.D. Tenn. July 29, 2008) (noting that "plaintiff's conclusory claim that the defendants were tortious interferers . . . contradicted its express allegations that all the defendants were involved" in business together).

Nor can the Plaintiff's contradictory *factual* allegations be chalked up to pleading alternative *theories of recovery*. There is a material distinction between the liberal alternative standard of Federal Rule 8 allowing alternative theories of recovery on the same facts, and what the Plaintiff has done here. This distinction between permissible alternative claims and impermissible alternative facts "is especially pertinent in cases alleging fraud." *Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994, 1015–16 (S.D. Ohio 2016) (quotations and citations omitted). "Clashing factual assertions" are prohibited. *Id*. (citing *Natl. W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000) (dismissing claim where plaintiff made contradictory allegations as to knowledge)).

8

Indeed, in *Medtronic*, the court held Rule 8 alternative pleading did not save claims from dismissal where the plaintiff attempted to allege a party simultaneously "did, and did not, have knowledge of [] risks" that would have led to discovery of fraud—precisely as Plaintiff attempts to do here. *Id*. at 1016. So too in *Metro D.C. Paving, Highway & Constr. Materials Council v. Roubin & Janeiro, Inc.*, 1981 U.S. Dist. LEXIS 10118 (D.D.C. 1981), where the Court found that "[d]espite the plaintiff's arguments that [Rule 8(d)(2)] permits pleading in the alternative," it was not allowed to allege simultaneously that "Roubin and G&C were one and the same entity" and that G&C engaged in tortious interference "with its own contract." (*Id*. at *6.)

The bottom line is that while Rule 8(d)(2)–(3) allows Plaintiff to set out multiple inconsistent claims on a consistent set of facts, it does not allow him to allege inconsistent facts. For example, a plaintiff may allege that a party's nonpayment on a contract makes it liable under breach of contract and unjust enrichment theories because they rely on the same facts, with different theories of recovery. Fed. R. Civ. P. 8(d). But a plaintiff may not allege, as the Amended Complaint does here, that Paredes reasonably relied on the Fraud Defendants' misrepresentations and omissions to support the other fraud claims, but in Count 21 that such reliance on the same misrepresentations and omissions was not reasonable. Rule 8 does not allow such illogical allegations.

A plaintiff may suggest alternative causes of action under which defendants may be liable based on the same consistent set of facts, but a plaintiff may not allege one set of facts for one group of defendants, and then allege contradictory facts for another defendant. This is precisely what Plaintiff has done. The solitary inconsistent claim against Paredes should be dismissed. *See, e.g.*, *Jiangbo Zhou*, 2020 U.S. Dist. LEXIS 85796, at *13.

9

C. **Plaintiff Fails to State an ERISA Section 404 or 406 Claim against Paredes.**

In Count 21, Plaintiff asserts a claim against Paredes for violations of ERISA section 404(a)(1)(B) and sections 406(a)(1)(A) and (D).[3] Even if pleading contradictory facts was permitted (and it is not), the sole claim against Paredes should still be dismissed because Plaintiff has not pled any plausible ERISA section 404 or 406 claim. Plaintiff was required to plead sufficient factual allegations to state claims for relief that are facially plausible, not "mere conclusory statements" and "'naked assertion[s]' devoid of 'further factual development.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff has not met that standard here.

i. **The ERISA section 404(a)(1)(B) claim fails.**

ERISA section 404(a)(1)(B) requires a fiduciary to act "with the care, skill, prudence, and diligence under the circumstances then prevailing" as a "prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). To establish a viable claim for breach of the duty of prudence under section 404(a)(1)(B), a plaintiff must show both "a breach of fiduciary duty and a prima facie case of loss to the plan." *Eckelkamp v. Beste*, 315 F.3d 863, 867 (8th Cir. 2002) (citations and internal quotations omitted).

Here, Plaintiff asserts a section 404 duty-of-prudence claim against Paredes by alleging in conclusory fashion that Paredes, as transactional trustee for the ESOP Transaction, should have somehow uncovered the WOSB and 8(a) fraud that neither the government (over many years) nor any other third-party advisor uncovered. (AC ¶¶ 429.) But Plaintiff pleads the opposite of facts that plausibly demonstrate a failure of care or prudence by Paredes.

---

[3] Plaintiff claims to possess standing to bring claims under ERISA in his purported capacities as ESOP Trustee and Plan Administrator (in addition to Chapter 7 Trustee) (AC ¶¶ 4, 7-8.) Paredes does not concede Plaintiff has such standing, and reserves the right to contend otherwise based on what discovery reveals about those alleged capacities.

10

As noted above, start with the fact that Plaintiff explicitly alleges that "Paredes, the ESOP Trust, and the ESOP Plan reasonably relied" (*Id*. ¶ 479) on the representations from Pro-Mark and its officers that all financial and other factual information about the debtor—including WOSB and 8(a) revenue and eligibility—was "complete and accurate in all material respects" and that "[w]e have disclosed to you all material information regarding the Company and the proposed Transaction . . . and we have not omitted any information that would render any other information we have provided to you misleading, or withheld information." (*Id*. ¶¶ 190–98.) Plaintiff pleads that similar and specific representations and warranties were made in the ESOP Purchase Agreement and related transaction documents (*id*. ¶¶ 142–60), upon which the ESOP Plan and ESOP Trust—acting through Paredes— again "reasonably relied". (*Id*. ¶ 467.)

To be sure, these representations and warranties were not just Pro-Mark and the seller's unchecked say-so, but were made following the involvement of their own sophisticated financial advisor (*Id*. ¶ 169) and legal counsel. Clearly parties like Paredes and his advisors can, and must, be able to freely rely on such representations and warranties about historical information in the course of negotiating and consummating a transaction. The Amended Complaint proves the point, as Plaintiff himself brings numerous contract and tort claims based on the enforceability of, and the parties' reasonable reliance upon, such representations and warranties. (*Id*. ¶¶ 303, 467, 479.)

All told, the only inference that the Court can draw from the allegations in the Amended Complaint is that Paredes acted "reasonably" (just as Plaintiff himself alleges)—not imprudently—in conducting his due diligence and by relying on representations and warranties which neither the government nor any other advisor discovered were fraudulent. For this alternative reason, the portion of Count 21 alleging a breach of the duty-of-prudence in ERISA section 404(a)(1)(B) should be dismissed for failure to meet the *Iqbal-Twombly* plausibility

11

standard.

### ii. The ERISA section 406 claim fails.

ERISA section 406(a)(1)(A) and (D) prohibit a fiduciary from "caus[ing] the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . (A) sale or exchange, or leasing, of any property between the plan and a party in interest [or] . . . (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan," unless the plan pays no more than "adequate consideration" (i.e., "fair market value determined in good faith"). 29 U.S.C. §§ 1106(a)(1)(A),(D); 29 U.S.C. § 1108(b)(17),(e); AC ¶ 423.

The ERISA section 406(a)(1)(D) claim should be dismissed because Plaintiff does not and cannot plead that Paredes acted with "a subjective intent to benefit" Connie Berg (the alleged party in interest), which is a necessary element for any actionable claim. *See Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 861 (6th Cir. 2000); *Reich v. Compton*, 57 F.3d 270, 279 (3rd Cir. 1995). Although the Eighth Circuit has not directly addressed this issue, district courts within the Eighth Circuit follow the Sixth Circuit and Third Circuit by requiring a plaintiff to plead and prove "subjective intent to benefit" for any section 406(a)(1)(D) claim. *See, e.g.*, *Reich v. Constr. Laborers Local No. 1140*, 908 F. Supp. 697, 706 (D. Neb. 1995) (refusing to find a breach of fiduciary duty because "[t]he Secretary did not present any evidence of a subjective intent . . . to confer a benefit"); *Hans v. Tharaldson*, No. 3:05-cv-115, 2011 U.S. Dist. LEXIS 153504, at *24–25 (D.N.D. Oct. 31, 2011) (requiring "proof of subjective intent to benefit a party in interest"). Because Plaintiff fails to plead that Paredes had a subjective intent to benefit Connie Berg, the section 406(a)(1)(D) claim must be dismissed.

12

The ERISA section 406(a)(1)(D) and (A) claim should both also be dismissed because the Amended Complaint establishes that the ESOP paid no more than "adequate consideration" to Connie Berg for her shares, meaning no prohibited transaction occurred. *See* 29 U.S.C. § 408(b)(17),(e). Specifically, the Amended Complaint establishes that Paredes retained Stout, an experienced and qualified third-party valuation firm, to serve as his financial advisor. (AC ¶ 115.) Stout provided Paredes with a fairness opinion that "the consideration to be paid by the ESOP for its shares of Company stock pursuant to the terms of the Transaction is not greater than the Fair Market Value." (*Id.*). The most Plaintiff can muster in an attempt to plead the transaction price was somehow less than fair market value and not determined in good faith is, again, the conclusory allegation that Paredes and Stout should have, but did not, discover the alleged WOSB and 8(a) fraud, which made the shares "overvalued." (*See, e.g.*, *id.* ¶ 428–29.) As discussed above, this allegation is legally impermissible and must be disregarded because it contradicts Plaintiff's entire fraud theory and his explicit allegations that Paredes and Stout *acted reasonably* in relying on the representations and warranties that the historical WOSB and 8(a) revenue was legitimate and there was no fraud or other undisclosed liability.

But even if it is considered, this conclusory allegation does not contain any "factual content that allows the court to draw the reasonable inference" that the ESOP paid more than fair market value. *Iqbal*, 556 U.S. at 678. In particular, Plaintiff was required but did not plead any facts that explain how, precisely, the alleged historical fraud purportedly lowered the company's value as of the ESOP Transaction. Plaintiff offers only "[t]hreadbare recitals" and "naked assertion[s] devoid of further factual development." *Id*. The only reasonable conclusion this Court can draw from the Amended Complaint is that the ESOP paid no more than "adequate consideration" for Connie

13

Berg's shares, which provides an independent and alternative basis for dismissing the portion of Count 21 alleging a violation of ERISA section 406.

## IV. CONCLUSION

For the foregoing reasons, all claims that Plaintiff asserts against Paredes in the Amended Complaint (Count 21) should be dismissed in their entirety.

Dated: October 25, 2024

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (*pro hac vice*)
Jacob D. Rhode (*pro hac vice*)
Joseph E. Lehnert (*pro hac vice*)
Samuel B. Weaver (*pro hac vice forthcoming*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
jrhode@kmklaw.com
jlehnert@kmklaw.com
sweaver@kmklaw.com

and

Michael Gust (ND #06468)
ABST Law, P.C.
4132 30th Ave. SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
Tel: (701) 235-3300
Fax: (701) 237-3154
mgust@abstlaw.net

*Attorneys for Defendant Miguel Paredes*

14