## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| **In re:** | **Case No. 24-30167** |
| **Pro-Mark Services, Inc.,**<br>      **Debtor.** | **Chapter 7** |
| | **Chief Judge Shon Hastings** |

| | |
|---|---|
| **Erik A. Ahlgren, Trustee,**<br>      **Plaintiff,**<br> -v-<br> **Connie Berg, et al.,**<br>      **Defendants.** | **Adv. Case No. 24-07014** |

---

### REPLY IN SUPPORT OF MOTION TO DISMISS BY MIGUEL PAREDES

Plaintiff's pleading deficiencies require dismissal of Count 21. Nothing in Plaintiff's opposition ("Opposition") (Doc. 56) persuasively counters this result.

**I.    Plaintiff's strategy of pleading inconsistent, clashing facts is impermissible under <u>Federal Rule 8 and requires dismissal of his ERISA claims against Mr. Paredes.</u>**

Plaintiff reads the alternative pleading provisions of Federal Rule of Civil Procedure 8(d) too broadly. As discussed in Mr. Paredes' opening brief (the "Opening Brief"), courts across the country draw a distinction between consistent facts supporting inconsistent claims (permissible in most cases) and inconsistent "clashing" facts (not permissible). (Doc. 30-1 at 7-9.) In the Amended Complaint, Plaintiff simultaneously alleges that Mr. Paredes reasonably relied on the allegedly fraudulent representations made to him during the 2020 ESOP transaction by the Berg Defendants and Defendant DuBois, but that Mr. Paredes' reliance was not reasonable only when it comes to the claims against him. This pleading strategy is the same one rejected in the cases cited in the Opening Brief at 7-9—none of which Plaintiff bothers to address in his Opposition. (*See* Doc. 56 at 13-15.)

A good example from the Opening Brief, ignored by Plaintiff, is *Aaron v. Medtronic, Inc.,* 209 F. Supp. 3d 994 (S.D. Ohio 2016) (Opening Brief at 8). The Court dismissed fraud claims due to "clashing factual assertions" in a pleading strategy that closely resembles what Plaintiff has done here. *Id.* at 1015. The plaintiff alleged fraud against a defendant medical device manufacturer, alleging it knew of product defects but failed to inform the co-defendant physician, but in a separate count against the physician alleged he knew of the product defect but failed to disclose this to the patient-plaintiff. The Court dismissed the claims as inconsistent with alternative pleading under Federal Rule 8(d)(3). *Id.* at 1016. In reasoning particularly applicable here, it stated "[p]laintiffs simultaneously allege that [the physician defendant] both did, and did not, have knowledge of those risks. These contradictory factual allegations made in support of the same fraud-based claims defeat those claims." *Id.* Federal Rule 8(d)(3), the Court held, does not stretch so far. *Id.* at 1015. The parallel to this case is inescapable because Plaintiff, as in *Aaron,* simultaneously alleged Mr. Paredes reasonably relied on the other Defendants' misrepresentations for purposes of claims against one set of Defendants, and did not reasonably rely on those same misrepresentations by those same people when it comes to asserting Count 21.

Plaintiff's pleading strategy fares no better even when measured under the cases he cites. Let's start with this judicial district. *North American Bullion Exchange, LLC v. CC Trading, LLC*, 412 F. Supp. 3d 1119 (D.N.D. 2019), without doubt, recognizes that Rule 8 allows a plaintiff to "explore alternative, mutually exclusive *theories*." *Id.* at 1128 (emphasis added).) That much is true and not controversial—Rule 8 allows competing theories, and there plaintiffs plead a breach of contract claim, and alternatively, equitable quasi-contract claims. *Id.* at 1124. But *CC Trading* does not support Plaintiff's outlier position that Rule 8 allows inconsistent *facts* (i.e., alleging that the traffic light was red and also alleging that it was green).

Similarly, neither of the Eighth Circuit cases Plaintiff relies upon hold that Rule 8 permits clashing factual allegations. Plaintiff starts by quoting an incomplete excerpt about "inconsistent facts"

from *Babcock & Wilcox Co. v. Parsons Corp.*, 430 F.2d 531, 536 (8th Cir. 1970). But this incomplete quotation is dicta untethered to the court's holding and the underlying lawsuit that gave rise to the insurance-coverage dispute, which did not involve an attempt to plead clashing factual allegations. There, an insurer denied defense coverage for a lawsuit where the plaintiff (Babcock) alleged the insured (Parsons) had damaged plaintiff's crane during a construction project. Unlike here, Babcock did not attempt to assert contradictory facts against different defendants by alleging, for example, that both alternatively damaged its crane. Rather, it asserted three claims against one defendant based on a consistent factual story: two counts that alleged Parsons "either borrowed or rented the crane . . . and had returned it in a damaged condition", and a third count that alleged the damage was caused by Parsons' negligence. *Id.* at 534. The insurer denied defense coverage based on an exclusion for damage to equipment in Parsons' possession. *Id.* Parsons eventually sued its insurer for denying coverage. *Id.* at 534–35.

In defending against that coverage lawsuit, the insurer argued that the first two counts of Babcock's complaint (alleging in part that the insured possessed the equipment) were incorporated and had to be read into the third count alleging negligence—meaning the insured's-possession-exclusion would exempt coverage on all claims. *Id.* at 536. The trial court disagreed and the Eighth Circuit affirmed, holding that the negligence claim triggered a duty to defend all claims because Federal Rule 8(a)(2) allowed generally pleading negligence without the specific Parsons-possessed-the-crane allegations in counts one and two, and thus the negligence claim did not on its face fall under the policy exclusion. *Id.* at 536–37. Nowhere did the Eighth Circuit hold—nor did Babcock argue—that a plaintiff could plausibly allege different defendants were liable based on directly contradictory factual allegations.

Same in regard to *Whitney v. Guys, Inc.*, 700 F.3d 1118 (8th Cir. 2012). There, the Plaintiff claimed he paid for equity in several corporate entities and that the defendants either did not transfer ownership to him or failed to provide him the benefits of ownership. Either way, the plaintiff asserted

3

ten claims based on the failure of the defendants to recognize plaintiff's ownership interests in the subject companies. *Id.* at 1122. Although the great weight of the opinion relates to substantive state corporate and other law, the court notes at the conclusion of the lengthy opinion that alternatively pleading either plaintiff's ownership interest was not formally transferred to him, or if it was transferred, plaintiff's ownership was not acknowledged through permitting him to enjoy the benefits of his ownership, was proper under Federal Rule 8(d). *Id.* at 1130.

Unlike the clashing factual allegations asserted in regard to Mr. Paredes, however, the facts asserted in *Whitney* do not clash. Whether or not the defendants formally transferred the shares to plaintiff was not material to the defendants' legal liability because either way, plaintiff stated "plausible shareholder claims." *Id.* Further unlike in *Whitney*, Plaintiff's allegations of reasonable reliance *undercut* his sole claim against Mr. Paredes in Count 21, but are *necessary* to support the general underlying story of wrongdoing in the Amended Complaint, and specifically several of the fraud claims against the primary defendants like the Bergs and Mr. DuBois. (*E.g.,* Counts 25-27.) Unlike in *Whitney*, Plaintiff wants it both ways—Mr. Paredes reasonably relied on the other Defendants' misrepresentations for purposes of the other Defendants' liability, but Mr. Paredes's reliance on those same misrepresentations was not reasonable when it comes to his liability. This is not allowed.[1]

Left without persuasive case law, and rather than grapple with any of the cases cited in the Opening Brief, Plaintiff attempts to parse the number of counts that he argues do not contradict Count 21 asserted against Mr. Paredes. (*See* Doc. 56 at 15-16.) But this exercise cannot erase the core factual contradictions that require dismissal of Count 21. The Amended Complaint fundamentally alleges that Mr. Paredes—along with nearly everyone else who did business with the debtor, including the United States government with its financial and personnel resources, "reasonably relied" on representations

---

[1] The unreported decision in *Prairie River Home Care, Inc. v. Procura*, 2018 U.S. District LEXIS 126551 (D. Minn. July 30, 2018) that the Opposition cites in a footnote relies on the same out-of-context dicta from *Babcock & Wilcox* addressed above, and thus does not help Plaintiff either. *Dillard v. O'Kelley*, 961 F.3d 1048, 1058 n.7 (8th Cir. 2020) (Grasz, J., concurring) ("dictum is not binding law").

and warranties from the other Defendants regarding the company's financial condition and business model. (*E.g.*, Doc. 11 at ¶¶ 467, 479.) Indeed, Plaintiff goes so far as to painstakingly identify the specific documents and facts that support the allegation of reasonable reliance by Mr. Paredes, the ESOP, and others, including a specific "Statement of Representation" from Mr. Dubois, the Vice President and Controller for Pro-Mark, who given his position, uniquely possessed knowledge about the Company's historical financial and other information. (*Id*. ¶¶ 143–60, 142, 144, 148–49, 150–51, 162; Doc. 30-1 at 4-5 (summarizing specific representations)); Doc. 30-3 (Statement of Representation.) This level of detail is not surprising because the reasonable reliance allegation is necessary to support the gravamen of the Amended Complaint—fraud and additional state and federal law claims against all other Defendants. Yet, just as in the cases cited in the Opening Brief, Plaintiff then makes impermissible factual allegations that directly clash with his principal assertion that Mr. Paredes and his advisors reasonably relied on the misrepresentations of other Defendants. (Doc. 11 at ¶¶ 165, 167 (Mr. Paredes and his financial advisors should have discovered the same misrepresentations that elsewhere plaintiff alleges were reasonably relied upon to support his overall story of liability against defendants other than Mr. Paredes).) This type of contradictory factual pleading is well outside even the most forgiving application of Rule 8(d).

## II.    <u>Alternative grounds require dismissal of Count 21 against Mr. Paredes.</u>

### A.    **Plaintiff's admission that Mr. Paredes did not have subjective intent to benefit a party in interest requires dismissal of his ERISA section 406(a)(1)(D) claim.**

Plaintiff concedes that the portion of Count 21 alleging a violation of ERISA section 406(a)(1)(D) must be dismissed if subjective intent is an element of that claim. (Doc. 56 at 22 n.7.) Since the persuasive case law from federal courts of appeal, followed by district courts within the Eighth Circuit, requires allegations of "subjective intent" to survive a motion to dismiss, this aspect of Count 21 should be dismissed.

Although the Eighth Circuit has not weighed in on the subjective intent to benefit a party in

interest component of a section 406(a)(1)(D) claim, the Opening Brief cites two federal appellate courts that have made this an element of the claim. (Doc. 30-1 at 12 (citing *Jordan v. Michigan Conf. of Teamsters Welfare Fund,* 207 F.3d 854, 861 (6th Cir. 2000) and *Reich v. Compton,* 57 F.3d 270, 279 (3d Cir. 1995)).) Also cited was a North Dakota District Court case adopting and applying the subjective intent element. (*Id.*, citing *Hans v. Tharaldson,* 2011 U.S. Dist. LEXIS 153504, at *24–25 (D.N.D. Oct. 31, 2011).)[2]

Plaintiff offers no substantive response to these cases other than arguing that the Court should ignore the persuasive authority applying subjective intent because those precise words are not in the statute. (Doc. 56 at 22.) But Plaintiff's argument is not applicable, and is in fact contradicted by the Eighth Circuit case he cites. In *Argus Leader Media v. USDA,* 740 F.3d 1172, 1176 (8th Cir. 2014), the court specifically states that it is the duty of the courts to "ascertain" the meaning of a statute. Ascertain is to discover, decide, find out or establish statutory meaning, precisely what the *Jordan, Compton* and *Tharaldson* courts did in their careful statutory analyses of ERISA section 406(a)(1)(D). (Definition of "ascertain" from Oxford Languages, via Google Dictionary, last visited Dec. 7, 2024.)

Because Plaintiff has admitted that he cannot plead or prove Mr. Paredes subjectively intended to benefit a party in interest, the Court must dismiss his section 406(a)(1)(D) claim.

## B.    Plaintiff's prudence claim under ERISA section 404(a)(1)(B) fails.

Plaintiff's argument that he has plausibly plead an ERISA prudence claim against Mr. Paredes misses the mark in citing several paragraphs from the Amended Complaint addressing the due diligence investigation of Mr. Paredes and his professional advisors. (Doc. 56 at 18-19.) This is because, as argued in the Opening Brief, he ignores the most relevant allegations. Clearly and unequivocally, Plaintiff correctly pleads that "the ESOP Plan and the ESOP Trust *reasonably relied* on [the other Defendants'] representations in agreeing to and consummating the ESOP transaction."

---

[2] Plaintiff cites one district court case that did not require pleading subjective intent, but unlike the cases cited in the Opening Brief, that conclusion is not supported by any rationale or explanation, detracting from its persuasiveness.

(Doc. at ¶ 467.) Likewise, Plaintiff cannot escape, or end run, his equally clear allegations that Mr. Paredes' and his financial advisor Stout both "reasonably relied" on these misrepresentations. (*Id.* at ¶ 479.) These allegations are weighty because they constitute Plaintiff's "judicial admission" of Mr. Paredes' and his advisor's prudence. *Baumann v. Zhukov,* 802 F.3d 950, 953 n.2 (8th Cir. 2015) (citing *LL Nelson Enters. v. Cnty of St. Louis,* 673 F.3d 799, 806 (8th Cir. 2012)). That should be the end of the inquiry. A plaintiff who is bound to a pleading admission that a defendant acted prudently cannot assert a claim against that same defendant for acting imprudently.[3]

Those binding admissions aside, the allegations Plaintiff points to still do not support a plausible inference that Mr. Paredes acted imprudently when considered with the other allegations in the Amended Complaint and Mr. Paredes' role as transactional ESOP trustee. Specifically, the Opposition cites allegations that fault Mr. Paredes and his advisors for failing to discover that Pro-Mark purportedly did not historically qualify for 8(a) and WOSB programs, and for failing to discover that Pro-Mark was historically "not a small business" based on affiliations with certain Berg entities. (Doc. 56 at 5, 9-10, 18-19.)

Consider these allegations both in light of what Mr. Paredes was actually engaged to do, as well as the related allegations about the company the ESOP was purchasing (which Plaintiff conspicuously omits from the Opposition). Recall that Mr. Paredes was not engaged as a fraud investigator or auditor of historical sources of revenue that were represented and warranted to be accurate (and approved by the government as legitimate), but rather to diligence, analyze, and negotiate the value and other terms of a proposed transaction based on what Pro-Mark would look like going forward as a 100% employee-owned company. Put simply, Mr. Paredes represented a would-be purchaser of Pro-Mark. And the Amended Complaint alleges that the company the ESOP was

---

[3] Indeed, Plaintiff himself acknowledges that "[i]f Mr. Paredes reasonably relied on the false representations and omissions by the Bergs and Mr. Dubois in closing the ESOP transaction—which Plaintiff must establish to prove fraud against them—then Plaintiff may not be able to simultaneously prove that Mr. Paredes breaches his ERISA duties of care, skill, prudence, and diligence in closing the ESOP transaction." (Doc. 56 at 13-14.)

purchasing would not qualify for the 8(a) program because it had graduated in 2017—three years prior to the ESOP transaction (Doc. 11 at ¶ 29, 45; Doc. 11-1, pg. 115 ¶ 6). The Amended Complaint also alleges that as a result of the formation of the ESOP and its 100% ownership of Pro-Mark, the company would lose its status under the WOSB Program. (Doc. 11 at ¶¶ 36, 48, 105-06, 127-28; *see also* Doc. 51-5, Confidential Information Memorandum ("CIM"), at pg. 26 (noting "loss of the WBE status as an ESOP")). Moreover, while Plaintiff points to a Confidential Information Memorandum ("CIM") excerpt that notes Ms. Berg's historical role was "de minimis" in an attempt to identify some sort of "red flag" regarding the debtor's historical WOSB status, he fails to mention that the sentence before the one he quotes states that in 2019 "less than 5%" of the company's revenue came from women-owned business awards. (*Compare* Doc. 11 at ¶ 169 *with* Doc. 51-5 at pg. 13.) Moreover—like the 8(a) and WOSB programs—Plaintiff also explicitly alleges that "after the ESOP Transaction" Pro-Mark was "no longer affiliated" with any of the Bergs' associated entities that purportedly may have compromised its small business status in the past. (Doc. 11 at ¶ 233.)

Considered in light of his role as transactional trustee and the Amended Complaint's allegations that the ESOP-owned Company would no longer qualify for 8(a) or WOSB contracts, and no longer faced problematic affiliations with certain of the Bergs' entities, Mr. Paredes' and his advisors' reliance on the explicit representations from Pro-Mark and its officers about historical financial and other factual information was particularly "*reasonable*"—exactly as Plaintiff alleges. To be sure, the Amended Complaint shows these representations and warranties were made only after diligence and involvement by the debtor's *own* sophisticated financial (Lazear Capital Securities) and legal (Levenfeld Pearlstein, LLC) advisors. (*See* Stock Purchase Agreement, Doc. 51-2 at pg. 36 (Levenfeld); CIM, Doc. 51-5 at pg. 2 (Lazear).) That Mr. Paredes *alone* should have disregarded representations and warranties about historical items that Plaintiff says would not be material post-ESOP transaction, and then *alone* uncovered the purported historical fraud—when neither the federal government nor the debtor's own sophisticated advisors (nor anyone else) did—is not a reasonable

inference the Court can draw from the Amended Complaint. All told, the only inference that the Court can draw is that Mr. Paredes acted "reasonably", just as Plaintiff himself alleges, not imprudently. Count 21 should be dismissed for this reason, too.

    **C.**    **Plaintiff failed to plead sufficient facts supporting a prohibited transaction claim under ERISA section 406(a)(1)(A) and (D).**

Plaintiff's argument that he does not need to plead around the ERISA section 408(e) affirmative defense of "adequate consideration" is correct insofar as it goes, but it does not go very far in the context of the Motion. This is because, contrary to Plaintiff's argument (Doc. 56 at 22), the basis for dismissal of the section 406 claim is not that the Plaintiff failed to plead around a section 408 affirmative defense, but rather, that Plaintiff specifically invoked the Section 408 exemption and "the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents incorporated therein, matters of public record and other matters of which the court may take judicial notice." *Rabo Agrifinance, Inc. v. Wachovia Capital Fin. Corp.,* 2011 U.S. Dist. LEXIS 13986, at *5 (D. Minn. Feb. 11, 2011); *see also Burlison v. United States,* 627 F.2d 119, 122 (8th Cir. 1980). And when, as here, Plaintiff "specifically anticipated that Defendants would raise [a] statutory exemption set forth in § 408" and alleged it was not met (*e.g.*, Doc. 11 at ¶¶ 423, 428), the *Twombly-Iqbal* plausibility standard applies. *Scott v. Aon Hewitt Fin. Advisors*, *LLC*, 2018 U.S. Dist. LEXIS 44606, at *32-33 (N.D. Ill. Mar. 19, 2018) (dismissing section 406 claim where plaintiff specifically anticipated and invoked a section 408 exemption but then made only conclusory allegations it was not satisfied).

In the Opening Brief, Mr. Paredes cited Amended Complaint allegations that establish a qualified third-party valuation firm (Stout) determined that the consideration paid by the ESOP was not greater than fair market value, and pointed out that Plaintiff pleads no plausible facts that there was any flaw in that valuation or that Mr. Paredes and his financial advisor did not reach it in good faith— meeting both prongs of the Rule 408(e) exemption. (Doc. 30-1 at 13-14.) In Opposition, Plaintiff

effectively concedes the valuation point, marshalling no plausible facts that explain why Stout's valuation was deficient, and arguing only that "Mr. Paredes did not make a good faith effort to determine the fair market value" by citing the same alleged failures of diligence addressed above. (Doc. 56 at 23-24.) This "good faith effort" argument fails because Plaintiff does not connect any of the purported diligence failings he cites to the specific *determination of fair market value*. And as addressed above, those purported diligence failings cannot overcome Plaintiff's judicial admission that Mr. Paredes acted *reasonably*, nor are they plausible in any event when considered in light of Mr. Paredes' role and the Amended Complaint's other allegations. *See* Section II(B), *supra*.

## II.    <u>Conclusion</u>

The Court should dismiss Count 21 against Mr. Paredes.[4]

Dated: December 10, 2024

Michael L. Scheier
Michael L. Scheier (*Admitted Pro Hac Vice*)
Jacob D. Rhode (*Admitted Pro Hac Vice*)
Joseph E. Lehnert (*Admitted Pro Hac Vice*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
jrhode@kmklaw.com
jlehnert@kmklaw.com

*and*
Michael Gust (ND #06468)
ABST Law, P.C.
4132 30th Ave. SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
Tel: (701) 235-3300
Fax: (701) 237-3154
mgust@abstlaw.net
Counsel for Defendant Miguel Paredes

---

[4] To the extent the Court finds at this pleadings stage that Plaintiff lacks standing to bring claims on behalf of the ESOP against Mr. Dubois (*See* Doc. 55 at 9-15), then he obviously cannot bring such claims against Mr. Paredes, and Count 21 should also be dismissed on that basis. (*See* Doc. 30-1 at n.3) (noting Mr. Paredes reserves right to challenge Plaintiffs standing).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of December, 2024, a copy of the foregoing was served electronically via the ECF system.


_____/s/ Jennifer A. Ernst_____
Jennifer A. Ernst