# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>                        Debtor, | Chapter 7<br>Bky. No. 24-30167 |
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., and as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan,<br><br>                        Plaintiff,<br><br>    v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes,<br><br>                        Defendants. | Adv. No. 24-07014<br><br><br><br><br><br>**DEFENDANT MANDY GRANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Andrew D. Cook, ND ID #06278
Brian D. Larson, ND ID #08568
OHNSTAD TWICHELL, P.C.
444 Sheyenne Street, Suite 102
P.O. Box 458
West Fargo, ND 58078-0458
TEL (701) 282-3249
FAX (701) 282-0825
Email: acook@ohnstadlaw.com
E-mail: blarson@ohnstadlaw.com
*Attorneys for Defendant Mandy Grant*

-1-

4917-3590-8881, v. 2

## I. INTRODUCTION

[¶1] Defendant, Mandy Grant ("Grant"), by and through undersigned counsel, respectfully submits the instant Brief in Support of the Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b). On November 22, 2024, Defendant Chad DuBois ("DuBois") filed his Motion to Dismiss as to all claims made against him in the Amended Complaint. For the same reasons artfully articulated in Dubois's Motion to Dismiss, which Grant incorporates herein by reference, along with the additional reasons raised herein, Grant is also entitled to dismissal of all claims made against her in the Amended Complaint.

## II. ALLEGATIONS IN AMENDED COMPLAINT

[¶2] Defendant Grant incorporates herein DeBois's recitation of the Allegations in the Trustee's Amended Complaint but notes that the claims against Defendant Grant are even more limited than those alleged against Defendant DuBois.

[¶3] The extent of the factual allegations against Grant are limited to claims that she knew that the Debtor was enrolled in the WOSB Program, was enrolled in the 8(a) Program, was designated as a small business, and had applied for and received SBA Set-Aside Contracts. The Trustee also alleges that Grant knew the Debtor did not qualify for these programs. However, there are no allegations that Grant made any false or misleading representation to any person related to the ESOP transaction which is at the center of the Amended Complaint. In fact, there are no allegations that Grant made any representations to any person (whether true or false) related to the transaction. Nor are there allegations that Grant signed any contracts, statements, or other disclosures related to the transaction.

[¶4]   Only two claims for relief have made against Mandy Grant, in the Trustee's 100-plus page Complaint. In Count 5 of his Amended Complaint, the Trustee alleges that Grant breached fiduciary duties to the Debtor as Debtor's Secretary and Treasurer, and later Vice President and director. Doc. 11 at ¶ 272. The Trustee's basis for the alleged breach of fiduciary duties are allegations that Grant did not disclose fraudulent acts by the Bergs and/or did not prevent the Bergs from undertaking their fraudulent business practices. *Id.* at ¶¶ 271-275.

[¶5]   In Count 28 of the Amended Complaint, the Trustee makes the blanket allegation that Grant was associated with and materially aided Connie Berg in an allegedly fraudulent securities transaction. Doc. 11 at ¶ 492.

### III. LAW AND ARGUMENT

[¶6]   A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7012, provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing a motion pursuant to Rule 12(b)(6), the Court assumes all facts alleged in the complaint are true and makes reasonable inferences in favor of the nonmoving party." *Finstad v. Gord (In re Finstad)*, 2019 Bankr. LEXIS 4017, at *7 (Bankr. D.N.D. Oct. 21, 2019).

[¶7]   To survive a Motion to Dismiss under Rule 12(b)(6), "The Complaint 'must show the plaintiff is entitled to relief, by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Du Bois v. Bd. of Regents of the Univ. of Minn.*, 987 F.3d 1199, 1202 (8th Cir. 2021), *quoting*, *BNSF Ry. Co. v. Seats, Inc.*, 900 F.3d 545, 546 (8th Cir. 2018).

4917-3590-8881, v. 2

**A. The Amended Complaint Fails to Allege a Cognizable Claim for Breach of Fiduciary Duty Owed to the Debtor.**

[¶8]　Count 5 of the Amended Complaint, raised by the Trustee in his capacity as Chapter 7 Trustee, and not as ESOP Trustee, alleges Grant breached fiduciary duties owed to the Debtor. The allegations claim that Grant concealed and failed to disclose the fraudulently obtained set-aside contracts; permitted, caused, or allowed the Debtor to make pre-closing equity distributions to Connie Berg; permitted, caused, or allowed the ESOP transaction and share redemption to close; permitted, caused or allowed the Debtor to make the Redemption Note Payments and Seller Note Payments to Berg; and caused the Debtor to incur the CCU loan.

[¶9]　Initially, the Amended Complaint does not delineate, and no law exists, which would have granted Grant, as Secretary and Treasurer, the authority to prevent the Debtor from taking any actions related to the ESOP transaction. There is no claim that Grant was a member of the Board of Directors prior to, or at the time of the ESOP transaction. The North Dakota Business Corporation Act delineates the duties of various officers and agents of a corporation. N.D.C.C. § 10-19.1-53. The Act further requires an officer to discharge the *duties of an office*, in good faith, in a manner the officer reasonably believes to be in the best interests of the corporation, and with the care an ordinarily prudent person in a like position would exercise under similar circumstances. N.D.C.C. § 10-19.1-60, *emphasis added*. Where the law and duties are declared by code, common law does not apply. *Lonesome Dove Petroleum, Inc. v. Nelson*, 611 N.W.2d 154, 161 (N.D. 2000), *citing* N.D.C.C. § 1-01-06.

[¶10]　As it relates to the offices held by Grant, the Act imposes the following duties:

　　3.　The treasurer shall:

　　　　a.　Keep accurate financial records for the corporation;

      b. Deposit all money, drafts, and checks in the name of and to the credit of the corporation in the banks and depositories designated by the board;

      c. Endorse for deposit all notes, checks, and drafts received by the corporation as ordered by the board, making proper vouchers;

      d. Disburse corporate funds and issue checks and drafts in the name of the corporation, as ordered by the board;

      e. Give to the president and the board, whenever requested, an account of all transactions by the treasurer and of the financial condition of the corporation; and

      f. Perform other duties prescribed by the board or by the president.

4. The secretary shall:

      a. Attend all meetings of the board, all meetings of the shareholder, and when required, all meetings of standing committees;

      b. Record all proceedings of the meetings;

      c. Give, or cause to be given, notice of all meetings of the shareholders and meetings of the board; and

      d. Perform other duties prescribed by the board.

N.D.C.C. § 10-19.1-53. Nothing therein imposes on Grant the ability, much less the duty, to prevent the shareholder of the organization from entering into a transaction to sell his or her shares. Nor does it impose upon the Secretary and/or Treasurer, the duty to voluntarily disclose, absent inquiry from the prospective purchaser, corporate activities. Because the North Dakota Century Code affirmatively declares the duties of Grant's offices, no additional common law duties may be imposed. *Lonesome Dove Petroleum, Inc*, 611 N.W.2d at 161.

    [¶11]    Following the ESOP transaction, Grant was appointed Vice President of the Debtor. A vice president has the duty:

  a. In the absence or disability of the president, perform the duties and exercise the powers of the president; and

  b. Shall perform other duties and shall have other powers as the board may from time to time prescribe.

N.D.C.C. § 10-19.1-53. Nothing in these duties explicitly or implicitly provides Grant with the duty or authority to default on corporate debt obligations. Nor does it provide the Vice President with the authority to void loans obtained by the President of the corporation, such as the CCU Loan in question.

[¶12] In addition, the North Dakota Business Corporation Act does not impose on a vice president, nor does the Amended Complaint allege, a duty Grant had to respond to the Greenstone size protest or sever the Debtor's ties to the Bergs.

[¶13] Moreover, the Trustee fails to allege any damages suffered by the Debtor as a result of the ESOP transaction at the heart of the claims. Damages are only alleged in in the threadbare fashion of stating, "As a direct and proximate cause of Grant's breaches of fiduciary duties, the Debtor has suffered damages in an amount to be determined at trial." Doc 11 at ¶ 275.

[¶14] A claim for breach of fiduciary duties under North Dakota law requires (1) the existence of a fiduciary relationship; (2) a resulting duty; (3) a breach thereof; and (4) the subject breach being the proximate causation of damages to the plaintiff. *Meyer v. Maus,* 626 N.W.2d 281, 286 (N.D. 2001); *see also, 25th St. Grp. Apartments #1, LLC v. Bremer Bank, Nat'l Ass'n,* 2022 U.S. Dist. LEXIS 125090, at *41-42 (D.N.D. July 14, 2022). However, merely stating that damages exist is not sufficient. *Vendsel v. Vendsel (In re Estate of Vendsel*, 891 N.W.2d 750, 756 (N.D. 2017), *citing*, *Livinggood v. Balsdon*, 709 N.W.2d 723 (N.D. 2006).

[¶15] The Trustee has not alleged damages sustained by the Debtor with any specificity because no such damages exist. Read as a whole, the Amended Complaint alleges that the ESOP

paid an inflated price for the Debtor's stock due to the illegal nature of the Bergs obtaining SBA set-aside contracts. *See*, Doc 11. If accepted as true, the ESOP may have suffered damages by over-paying for the Debtor's stock and the Bergs may have benefitted by receiving the inflated sales price. However, as the entity at the center of the transaction, the Debtor suffered no damages in the transaction.

[¶16] Notably, there is no allegation in the Amended Complaint that Grant benefitted in any way from the transaction. It is not claimed that Grant was a shareholder or other equity owner of the Debtor prior to the transaction. In fact, Grant was an employee of the Debtor and became an ESOP participant as a result of the transaction. Therefore, if the Trustee's allegations are true, Grant was a victim of the Bergs' illicit activities, not a perpetrator.

[¶17] Because the Trustee has failed to allege that Grant has breached any duty she owed to the Debtor and because the Trustee has failed to allege damages actually suffered by the Debtor, Count five of the Amended Complaint, as it applies to Grant, must be dismissed.

### B. The Trustee Has Failed to Join Indispensable Parties.

[¶18] As noted in Dubois's Motion to Dismiss, the Trustee has alleged that four executives, Grant, DuBois, Jack Carroll, and Mark Kragnes, failed to fully respond to the SBA's information requests related to a size protest. Doc. 11 at ¶ 236. However, the Trustee has not named Carroll or Kragnes as Defendants.

[¶19] A party must be joined in litigation if "in the person's absence, the court cannot accord complete relief among existing parties. . ." Fed. R. Civ. P. 19. A party must be joined when failing to do so would reject a defendant to the potential for inconsistent rulings or multiple findings of liability by way of subsequent actions for indemnity and/or contribution. *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 561 (M.D. Pa. 1982); *Kern v. Jeppesen Sanderson, Inc.*, 867 F. Supp. 525, 537 (S.D. Tex. 1994).

[¶20] The Trustee does not allege which of the four executives had the duty to respond to the request from the SBA but simply claims that all four failed to respond. As a result, Grant faces the risk of a later claim from contribution or indemnification from Carroll and/or Kragnes. Therefore, Grant joins Dubois's request for this matter to be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(7).

### C. Grant Cannot Be Held Jointly and Severely Liable for Connie Berg's Alleged Securities Fraud.

[¶21] In Count 28 of the Amended Complaint, the Trustee, in his capacity as Administrator of the ESOP Plan and Trustees of the ESOP Trust, alleges that Grant is jointly and severally liable with Connie Berg, because she was associated with Connie Berg and materially aided Connie Berg in her alleged securities fraud. Doc 11 at ¶ 492. However, the Amended Complaint fails to make any allegations suggesting that Grant materially aided Connie Berg in the alleged securities fraud.

[¶22] The North Dakota Business Corporation Act imposes joint and several liability for securities fraud upon three classes of persons:

> a. A person who controls, supervises, or serves as an officer, director, or managing partner of a person liable under this section, unless the person did not know, and in the exercise of reasonable care could not have known, of the conduct by reason of which the liability is alleged to exist.
>
> b. An individual who is an employee of or associated with a person liable under this section and who materially aids the conduct giving rise to the liability, unless the individual did not know, and in the exercise of reasonable care could not have known, of the conduct by reason of which the liability is alleged to exist.
>
> c. A person who is a broker-dealer, agent, investment adviser, or investment adviser representative that materially aids the conduct giving rise to the liability under this section, unless the individual did not know, and in the exercise of reasonable care could not have known, of the conduct by reason of which the liability is alleged to exist.

N.D.C.C. § 10-04-17(6).

[¶23]   The Code also imposes liability on every director, officer, or agent of a seller who participated or aided in any way in making such sale of securities in violation of Section 10-04-15. N.D.C.C. § 10-04-17(1).

[¶24]   The Trustee alleges that Connie Berg violated Section 10-04-15 by making numerous untrue statements of material fact and omitting to state material facts necessary to make her statements not misleading. Doc. 11 at ¶ 486. The Trustee proceeds to attempt and impose joint and several liability upon Grant for materially aiding Connie Berg in her violations. *Id*. at ¶ 492.

[¶25]   There are no allegations in the Complaint that Grant was a director, officer, agent or employee of Connie Berg. Nor is there any allegation that Grant controlled or supervised Connie Berg. Instead, the Trustee solely relies upon the conclusory allegation that Grant was "associated" with Connie Berg. However, Grant's "association" with Ms. Berg is limited to her employment with the Debtor, of which Ms. Berg was the shareholder. In his Complaint, the Trustee claims that "Connie Berg had only a nominal role in the business to facilitate the fraudulent representations to SBA and the federal government." Doc. 11 at ¶ 20.

[¶26]   Moreover, there is no claim that Grant aided in any misrepresentations in the sale of securities to the ESOP. Unlike Dubois, there is no claim that Grant executed any Statement of Representation or made any other statements which the ESOP Trustee relied upon in the transaction. The claims against Grant in the Amended Complaint are limited to allegations that she knew about Connie Berg's fraudulent activities. Knowledge, however, is not enough. The statute explicitly requires that she "**materially** aided" in the fraud. N.D.C.C. § 10-04-17(6)(b), **emphasis** added. It is an incredible stretch to claim that knowledge of a misrepresentation equates to material aid in the misrepresentation.

4917-3590-8881, v. 2

[¶27] Because the Trustee has failed to allege that Grant was associated with Connie Berg or that Grant materially aided Connie Berg in securities fraud, Count 28, as it applies to Grant, must be dismissed.

### D. The Trustee Lacks Standing to Pursue Claims on Behalf of the ESOP.

[¶28] Grant joins Dubois's arguments that the Trustee lacks standing to pursue claims on behalf of the ESOP and, as a consequence, Count 28, as it applies to Grant, must be dismissed.

### E. The Claims Against Grant are Barred by the Statute of Limitations and Failure to Plead with Particularity

[¶29] Finally, Grant joins in and incorporates by reference the arguments made by the other defendants with respect to the statute of limitations defects, the Complaint's failure to plead with particularity, and the invalidity as a matter of law of the breach of duty claim in light of Connie Berg's alleged participation and ratification of any alleged breach. Once again, these arguments are even stronger when applied to Grant given the extremely limited involvement the Complaint alleges she had in this matter.

[¶30] For instance, the Complaint alleges Grant did not become Secretary and Treasurer until June 2019, but it purports to cover a host of Set-Aside Contracts and other activity occurring prior to that date. Grant owed no fiduciary duties as a matter of law when she served as an Office Manager for the Debtor. Thus, none of the activity alleged in the Complaint prior to 2019 may form the basis of a breach of duty claim against her. Even if it could, much of this activity occurred outside the statute of limitations period. At the very least, the Complaint fails to plead the fraudulent conduct with particularity against Grant, which warrants dismissal of the claims.

## IV. CONCLUSION

[¶31] WHEREFORE, Mandy Grant respectfully requests the Plaintiff's Amended Complaint be dismissed as against Mandy Grant and for all other relief just and proper on the premises.

Dated: January 20, 2025.

                                    */s/ Andrew D. Cook*
                                    Andrew D. Cook, ND ID #06278
                                    Brian D. Larson, ND ID #08568
                                    OHNSTAD TWICHELL, P.C.
                                    444 Sheyenne Street, Suite 102
                                    P.O. Box 458
                                    West Fargo, ND 58078-0458
                                    TEL (701) 282-3249
                                    FAX (701) 282-0825
                                    Email: acook@ohnstadlaw.com
                                    E-mail:  blarson@ohnstadlaw.com
                                    *Attorneys for Defendant Mandy Grant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of January, 2025, above document was served on all counsel of record via CM/ECF.

                                    */s/ Andrew D. Cook*
                                    Andrew D. Cook

4917-3590-8881, v. 2