United States Bankruptcy Court

District of North Dakota

Ahlgren,
    Plaintiff

Berg,
    Defendant

Adv. Proc. No. 24-07014-skh

# CERTIFICATE OF NOTICE

District/off: 0868-3     User: admin     Page 1 of 2
Date Rcvd: Apr 04, 2025     Form ID: pdf2some     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 06, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Miguel Paredes, Prudent Financial Services, LLC, 100 N Barranca St Suite 400, West Covina, CA 91791-1652 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2025      Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 4, 2025 at the address(es) listed below:

**Name**     **Email Address**

Aimee Furness
    on behalf of Defendant Kyle Berg aimee.furness@haynesboone.com

Aimee Furness
    on behalf of Defendant Kyle R. Berg Revocable Living Trust aimee.furness@haynesboone.com

Aimee Furness
    on behalf of Defendant Connie Berg aimee.furness@haynesboone.com

Aimee Furness
    on behalf of Defendant Connie Berg Revocable Living Trust aimee.furness@haynesboone.com

Andrew D. Cook
    on behalf of Defendant Mandy Grant acook@ohnstadlaw.com  kthompson@ohnstadlaw.com

Brenna Helene Scully
    on behalf of Defendant Connie Berg Revocable Living Trust brenna.scully@haynesboone.com

| District/off: 0868-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Apr 04, 2025 | Form ID: pdf2some | Total Noticed: 1 |

Brenna Helene Scully
    on behalf of Defendant Kyle Berg brenna.scully@haynesboone.com

Brenna Helene Scully
    on behalf of Defendant Kyle R. Berg Revocable Living Trust brenna.scully@haynesboone.com

Brenna Helene Scully
    on behalf of Defendant Connie Berg brenna.scully@haynesboone.com

Carlos A Alonso
    on behalf of Plaintiff Erik A. Ahlgren carlos.alonsogayon@gtlaw.com

ERIK A. AHLGREN
    on behalf of Plaintiff Erik A. Ahlgren erik@ahlgrenlawoffice.net
    lisa@ahlgrenlaw.net;michael@ahlgrenlaw.net;eaa@trustesolutions.net

Jacob D Rhode
    on behalf of Defendant Miguel Paredes jrhode@kmklaw.com

Jordan Elizabeth Chavez
    on behalf of Defendant Connie Berg Revocable Living Trust jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez
    on behalf of Defendant Connie Berg jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez
    on behalf of Defendant Kyle Berg jordan.chavez@haynesboone.com

Jordan Elizabeth Chavez
    on behalf of Defendant Kyle R. Berg Revocable Living Trust jordan.chavez@haynesboone.com

Maurice VerStandig
    on behalf of Defendant Chad Dubois mac@mbvesq.com
    mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Michael Fisco
    on behalf of Plaintiff Erik A. Ahlgren fiscom@gtlaw.com

Michael Gust
    on behalf of Defendant Miguel Paredes mlgfilings@andersonbottrell.com  jernst@abstlaw.net

Michael Lewis Scheier
    on behalf of Defendant Miguel Paredes mscheier@kmklaw.com

Peter Kieselbach
    on behalf of Plaintiff Erik A. Ahlgren kieselbachp@gtlaw.com  jonestr@gtlaw.com,denise.sodergren@gtlaw.com

Samuel Weaver
    on behalf of Defendant Miguel Paredes sweaver@kmklaw.com

Stephen M. Pezanosky
    on behalf of Defendant Connie Berg Revocable Living Trust stephen.pezanosky@haynesboone.com
    kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky
    on behalf of Defendant Connie Berg stephen.pezanosky@haynesboone.com
    kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky
    on behalf of Defendant Kyle R. Berg Revocable Living Trust stephen.pezanosky@haynesboone.com
    kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

Stephen M. Pezanosky
    on behalf of Defendant Kyle Berg stephen.pezanosky@haynesboone.com
    kim.morzak@haynesboone.com;jordan.chavez@haynesboone.com

TOTAL: 26

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re: | Bankruptcy No. 24-30167 |
| | Chapter 7 |
| Pro-Mark Services, Inc., | |
| Debtor. | |
| _____/ | |
| Erik A. Ahlgren, *as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., As Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,* | |
| Plaintiff, | |
| vs. | Adversary No. 24-07014 |
| Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad Dubois, Mandy Grant and Miguel Paredes, | |
| Defendants. | |
| _____/ | |

**ORDER DENYING IN PART AND GRANTING IN PART
MOTION TO DISMISS
FILED BY MIGUEL PAREDES**

I.  INTRODUCTION

Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark

Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock

Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock

Ownership Trust, initiated this adversary proceeding against Connie Berg, Kyle Berg,

Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad

Dubois, Mandy Grant and Miguel Paredes on August 26, 2024.  Ahlgren amended his

complaint on September 25, 2024, before any of the Defendants filed an answer or

1

other response. Ahlgren alleges 28 causes of action naming all or some of Defendants. Defendants filed Motions to Dismiss.

## II. FACTS

In the context of this motion, the Court considered the factual allegations in the Trustee's Amended Complaint, accepting them as true and construing all reasonable inferences in favor of the Trustee.

Additionally, the Court considered the following exhibits attached to the Complaint:

| | | |
|---|---|---|
| Ex. A | Redemption Note dated August 31, 2020 - $12,094,000 |
| Ex. B | Amended and Restated Seller Note dated August 31, 2020 - $10,985,754 |
| Ex. C | Search warrant dated March 1, 2022 (Kyle Berg person, belongings, containers) |
| Ex. D | Pro-Mark Services, Inc., Non-Prosecution Agreement |
| Ex. E | Pro-Mark's appeal of SBA's size determination finding Pro-Mark is not a small business. Determination affirmed. |

The following exhibits attached to Defendant Miguel Paredes' Motion:

Ex. 1    Unpublished cases

Ex. 2    Statement of Representation

The following exhibit attached to the Declaration of Connie Berg in Support of Berg Defendants' Motion.

Ex. 5    Confidential Information Memorandum

## III. ANALYSIS

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b), specifies that a party

2

may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true the factual allegations in the complaint and construes all reasonable inferences in favor of the nonmoving party. Par v. Wolfe Clinic, P.C., 70 F.4th 441, 445 (8th Cir. 2023). Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Norgren v. Minn. Dep't of Hum. Servs., 96 F.4th 1048, 1054 (8th Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (quoting Iqbal, 556 U.S. at 678). "'[C]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement'" are insufficient to satisfy this standard. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (citation omitted).

"Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Stringer v. St. James R–1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). As a practical matter, such dismissal "should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 565 (3d ed. 2004) (stating that "relatively few complaints fail to meet this liberal standard and thereby become subject to dismissal"

3

under Rule 12(b)(6)). Butts v. InterSecurities, Inc., 2008 WL 901822, at *3 (D.N.D. Mar. 31, 2008).

Although courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts may also consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017); see also Dittmer Props., L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013) ("Because these two documents are referred to either directly (the POA) or by inference (the amended partnership agreement) in the complaint and their authenticity is not questioned, we find that the district court appropriately considered them in ruling on the motion to dismiss.").

The Amended Complaint includes fraud allegations. Consequently, Ahlgren must satisfy the heightened pleading standard under Rule 9 of the Federal Rules of Civil Procedure for these fraud allegations. Although Rule 9(b) imposes a more exacting pleading standard, the "special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001). The plaintiff must allege "circumstances constituting fraud." Id.; Fed. R. Civ. P. 9(b). In other words, plaintiffs must "plead the 'who, what, where, when, and how.'" Ascente Bus. Consulting, LLC v. DR myCommerce, 9 F.4th 839, 845 (8th Cir. 2021) (quoting Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC, 949 F.3d 417, 421 (8th Cir. 2020)).

4

**B.     Motion to Dismiss filed by Paredes**

1.     For the reasons stated on the record at the April 2, 2025, hearing on Paredes's Motion to Dismiss, Ahlgren's careful approach to pleading in the alternative was sufficient to put the parties on notice of his conflicting theories. Additionally, Ahlgren alleged facts that support his alternative causes of action. In light of the liberal approach to pleading permitted under the federal rules and case law within the Eighth Circuit allowing alternative, mutually exclusive theories of recovery, the Court finds that the Trustee's allegations are consistent with the Rule 8 pleading standard. Paredes's Motion to Dismiss Count 21 because of the contradictory facts Ahlgren alleges about Paredes's conduct is denied.

2.     For the reasons stated on the record at the April 2, 2025, hearing on Paredes's Motion to Dismiss, Ahlgren met the requisite pleading standard. Accepting the factual allegations as true and construing all reasonable inferences in favor of the Trustee, the Court finds that the Trustee plausibly alleges sufficient factual allegations in his Amended Complaint to support his claim that Paredes acted as a fiduciary, breached his fiduciary duties and caused a loss to the ESOP. Paredes's Motion to Dismiss Ahlgren's ERISA section 404(a)(1)(B) cause of action is denied.

3.     Paredes asserts that the ERISA section 406(a)(1)(D) claim should be dismissed because the Trustee does not and cannot plead that Paredes acted with a subjective intent to benefit Connie Berg (the alleged party in interest). Ahlgren argues that subjective intent to benefit the party in interest is not a required element for a claim under section 1106(a)(1)(D). Although the Eighth Circuit Court of Appeals has not directly addressed the question, the North Dakota District Court concluded that "a violation of § 406(a)(1)(D) requires proof of a subjective intent to benefit a party in interest." Hans v. Tharaldson, 2011 WL 7179644, at * (D.N.D. Oct. 31, 2011) (citing

5

Reich v. Compton, 57 F.3d 270, 280 (3d Cir. 1995), amended (Sept. 8, 1995)); see also Reich v. Constr. Laborers Local No. 1140, 908 F. Supp. 697, 706 (D. Neb. 1995) (finding that the plaintiff did not present any evidence of a subjective intent to confer a benefit). Like the District Court, this Court finds Reich persuasive. See Reich v. Compton, 57 F.3d at 279 ("We conclude that element four requires proof of a subjective intent to benefit a party in interest."). Accordingly, the Court concludes that evidence of subjective intent to benefit is required under section 406(a)(1)(D). Ahlgren does not allege that Paredes subjectively intended to benefit the Bergs, and he concedes that dismissal of this claim is appropriate if the Court finds subjective intent is required. For the reasons stated above and on the record at the April 2, 2025, hearing on Paredes's Motion to Dismiss, Ahlgren's claim and cause of action under ERISA section 406(a)(1)(D) is dismissed.

4. Paredes asserts the section 1106(a)(1)(A) claim should be dismissed because the amended complaint establishes that the ESOP paid no more than "adequate consideration" to Connie Berg for her shares, meaning no prohibited transaction occurred. He argues that the Trustee did not plead any facts that explain how the alleged historical fraud purportedly lowered the company's value of the ESOP transaction. Whether the ESOP paid adequate consideration is an affirmative defense. Paredes carries the burden of proving this issue. Consequently, the Court is reluctant to dismiss this claim at the pleading stage for this reason alone. See Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised" and does not "assume[] the burden of proof on the issue" by alleging facts relating to the affirmative defense). Additionally, Ahlgren alleges facts from which a reasonable inference may be drawn that the ESOP did not receive adequate consideration. He alleges Paredes ignored red

6

flags, retained unqualified advisors and failed to conduct due diligence. In addition, Ahlgren alleges and argues that Paredes caused the ESOP to pay a grossly inflated price because Paredes failed to account for the Debtor's "substantial undisclosed liabilities" relating to the Bergs' fraud, including potential contract terminations, disgorgement, price reductions, contract protests, suspension or debarment from federal contracting, criminal and civil liability, loss of bonding, loss of financing, harm to business reputation, and legal and professional fees. Accepting the factual allegations as true and construing all reasonable inferences in favor of the Trustee, the Court finds that the Trustee plausibly alleges sufficient factual allegations in his Amended Complaint to support his claim under ERISA section 406(a)(1)(A). For these reasons and for the reasons stated on the record at the April 2, 2025, hearing, Paredes's Motion to Dismiss this claim and cause of action is denied.

IT IS ORDERED that Miguel Paredes's Motion to Dismiss [Doc. 30] is granted in part and denied in part. The authorities on which the Court relied will be listed in a separate document and filed on the docket.

Dated: April 4, 2025.

Shon Hastings, Judge
United States Bankruptcy Court