# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>   Debtor.<br>_____<br><br>ERIK A. AHLGREN, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>   Plaintiff,<br><br>v.<br><br>CONNIE BERG, KYLE BERG, CONNIE BERG REVOCABLE LIVING TRUST, KYLE R. BERG REVOCABLE LIVING TRUST, CHAD DUBOIS, and MIGUEL PAREDES,<br><br>   Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Chapter 7<br>Case No. 24-30167<br><br><br><br><br>Adv. No. 24-07014 |

## BERG DEFENDANTS' MEMORANDUM IN
## SUPPORT OF MOTION FOR MISCELLANEOUS RELIEF

Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (collectively, "Berg Defendants") file this Memorandum in Support of Motion for Miscellaneous Relief pertaining to certain claims asserted against the Berg Defendants in the Second Amended Complaint

(Dkt. 120) filed by Plaintiff Erik A. Ahlgren ("Trustee"). In support of the Motion for Miscellaneous Relief, the Berg Defendants respectfully state as follows:

## I. FACTUAL BACKGROUND

The factual and procedural background of this case are detailed in the Berg Defendants' Brief in Support of Motion to Dismiss the Amended Complaint. (Dkt. 50.) The Berg Defendants briefly recount the key background facts here.

On September 25, 2024, the Trustee filed the Amended Complaint. (Dkt. 11.) Among other claims, the Amended Complaint asserted the following:

- Counts 1 and 2: Connie and Kyle Berg breached fiduciary duties owed to the Debtor by "(a) causing the Debtor to fraudulently enroll in the . . . 8(a) and WOSB Programs; (b) causing the Debtor to fraudulently obtain Set-Aside Contracts to which the Debtor was not entitled; and (c) conspiring with [each other] . . . to defraud the federal government." (*Id.* ¶¶ 252, 258.) Connie and Kyle Berg engaged in that conduct from December 6, 2007 to August 31, 2020. (*Id.* ¶¶ 27, 45-48, 56, 62, 100.)

- Count 6: The Debtor is entitled to damages for Connie Berg's breach of the ESOP Purchase Agreement. (*Id.* ¶¶ 276-82.)

- Count 25 and 28: Connie Berg committed actual fraud and Connie and Kyle Berg committed securities fraud by making a misrepresentation in § 3.3(h) of the ESOP Purchase Agreement. (*Id.* ¶¶ 465, 487.) Connie Berg falsely stated in § 3.3(h) that the Debtor "has complied in all respects with the eligibility and other requirements of any License or Permit" because the Debtor "was not a small business, and was not eligible for associated Set-Aside Contracts." (*Id.* ¶¶ 152-53.)

The Berg Defendants moved to dismiss the Amended Complaint for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6). (Dkt. 50, 54.) On May 1, 2025, the Court partially granted and partially denied that motion. (Dkt. 111.) As relevant here, the Court dismissed the following claims:

- Counts 1 and 2: Partially dismissed "[t]o the extent [the Trustee] seeks a stand-alone remedy for the Bergs' breach of fiduciary duty by allegedly

causing Debtor to fraudulently obtain Set-Aside Contracts predating April 22, 2018" or "from a conspiracy to defraud the government where the final act of the conspiracy predates April 22, 2018." (*Id.* at 11-12.)

- Count 6: Dismissed in full because "Article 6 of the purchase agreement does not provide a remedy for the Debtor in the event of a breach by Connie Berg." (*Id.* at 37.)

- Counts 25 and 28: Partially dismissed "[t]o the extent [the Trustee] alleges a violation of Section 3.3(h) of the purchase agreement based on Connie Berg's allegedly false certification regarding Debtor's eligibility for set-aside contracts based solely on Debtor's small business status." (*Id.* at 23.)

On May 20, 2025, the Trustee filed the Second Amended Complaint. (Dkt. 120.) The Second Amended Complaint repled several of the claims that the Court dismissed:

- Counts 1 and 2: Connie and Kyle Berg breached fiduciary duties by "(a) causing the Debtor to fraudulently enroll in the 8(a) and WOSB Programs; (b) causing the Debtor to fraudulently obtain Set-Aside Contracts to which the Debtor was not entitled; (c) conspiring with [each other] . . . to defraud the federal government." (*Id.* ¶¶ 244, 250.) Connie and Kyle Berg engaged in that conduct from December 6, 2007 to August 31, 2020. (*Id.* ¶¶ 27, 45-48, 56, 62, 100.)

- Count 6: The Debtor is entitled to damages for Connie Berg's breach of the ESOP Purchase Agreement. (*Id.* ¶¶ 263-69.)

- Counts 25 and 28: Connie Berg committed actual fraud and Connie and Kyle Berg committed securities fraud by making a misrepresentation in § 3.3(h) of the ESOP Purchase Agreement. (*Id.* at ¶¶ 455, 480.) Connie Berg falsely stated in § 3.3(h) that the Debtor "has complied in all respects with the eligibility and other requirements of any License or Permit" because, "for the active small-business set-aside contracts, the Debtor had not complied in all respects with the eligibility and other requirements of the applicable Licenses or Permits because, among reasons, the Debtor was not a qualifying small business." (*Id.* ¶¶ 152-53.)

In a footnote to Count 6, the Trustee recognized that "the Court dismissed Count 6" in the Order and stated that he "retains Count 6 in the Second Amended Complaint solely to preserve the issue for appeal." (*Id.* at 56 n.1.)

## II.  ARGUMENT

The Trustee's Second Amended Complaint repleads allegations that the Court dismissed on the merits in the Order. The Berg Defendants request that the Court grant relief with respect to those repleaded allegations either by dismissing the Second Amended Complaint, ordering the Trustee to file a Third Amended Complaint without those allegations, or striking those allegations from the Second Amended Complaint.

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Where a plaintiff repleads claims in an amended complaint that were previously dismissed on the merits, courts have invoked the law of the case doctrine to dismiss the amended complaint or order the plaintiff to file a new amended complaint without the claims that were previously dismissed. *See, e.g.*, *Graven v. Fink (In re Graven)*, 196 B.R. 506, 509 (Bankr. W.D. Mo. 1996), *aff'd*, 186 F.3d 871 (8th Cir. 1999) (dismissing amended complaint); *Temple v. Roberts*, No. 15-cv-5062, 2018 WL 4120036, at *3-4, 6 (D.S.D. Aug. 29, 2018) (ordering plaintiff to file new amended complaint).

Alternatively, courts have granted motions to strike allegations in amended complaints that were previously dismissed as immaterial under Rule 12(f) of the

Federal Rules of Civil Procedure. *See, e.g.*, *Raineri Const., LLC v. Taylor*, No. 12-cv-2297, 2014 WL 7506853, at *2-3 (E.D. Mo. Jan. 9, 2014); *Mehner v. Furniture Design Studios, Inc.*, No. 22-cv-168, 2023 WL 3727701, at *2 (D. Neb. May 30, 2023). That's because a dismissed allegation "clearly can have no possible bearing on the subject matter of the litigation and its inclusion prejudices the defendants" by requiring defendants to "engag[e] in burdensome discovery, or otherwise expend[] time and resources litigating irrelevant issues that will not affect the case's outcome." *Raineri Const.*, 2014 WL 7506853, at *1 (citations omitted).

None of these approaches to repleaded allegations risks the plaintiff waiving his right to appeal their prior dismissal on the merits. While generally "a plaintiff who amends his complaint and dismisses certain claims waives his right to appeal them," that rule does not apply where the claims were dismissed on the merits. *Schlafly v. Eagle Forum*, 970 F.3d 933, 933 (8th Cir. 2020) (quoting *Acuity v. Rex, LLC*, 929 F.3d 995, 999 (8th Cir. 2019)). "[C]laims dismissed for a legal deficiency need not be re-pleaded to trigger preservation [for appeal]." *Id.* at 934 (citation omitted) (explaining that a claim is dismissed for a legal deficiency when the court's ruling "strike[s] a 'vital blow' to a substantial portion of [the] claim" (quoting 6 Charles Alan Wright et al, FED. PRAC. & PROC. § 1476 (3d ed. 2020))).

In short, an amended complaint should not replead claims that were previously dismissed on the merits, and courts have several tools to enforce that rule.

The Trustee violated that rule by repleading in the Second Amended Complaint claims that the Court dismissed on the merits, as shown in the chart below:

| Claims Dismissed on the Merits | Claims Repled in the Second Amended Complaint |
|---|---|
| Counts 1 and 2: Partially dismissed to the extent they assert claims based on alleged fraudulent conduct prior to April 22, 2018. (Dkt. 111 at 11-12.) | Repled at: Second Amended Complaint ¶¶ 244, 250. |
| Count 6: Dismissed in full. (Dkt. 111 at 37.) | Repled at: Second Amended Complaint ¶¶ 263-269. |
| Counts 25 and 28: Partially dismissed to the extent they assert that the ESOP Purchase Agreement § 3.3(h) contained a misrepresentation based solely on the Debtor's small business status and eligibility for associated set-aside contracts. (Dkt. 111 at 23.) | Repled at: Second Amended Complaint ¶¶ 153, 455, 480. |

The Trustee's assertion that repleading Count 6 was necessary to preserve it for appeal (Dkt. 120 at 56 n.1) is legally incorrect because the Court dismissed Count 6 on the merits, holding that the ESOP Purchase Agreement "does not provide a remedy for the Debtor in the event of a breach by Connie Berg." (Dkt. 111 at 37). *See Schlafly*, 970 F.3d at 934. The same is true for the allegations in support of Counts 1 and 2 because the Court partially dismissed those claims as time-barred to the extent they were based on conduct prior to April 22, 2018. (*Id.* at 11-12.) It is also true for the allegations raised in support of Counts 25 and 28 as the Court partially dismissed those claims because the term "License or Permit" in the ESOP Purchase Agreement did not include the Debtor's small-business status and associated Set-Aside Contracts. (*Id.* at 23.)

The allegations listed above at paragraphs 153, 244, 250, and 263-69 of the Second Amended Complaint should be dismissed, omitted, or stricken from the operative pleading.

### III. CONCLUSION

For the foregoing reasons, the Berg Defendants respectfully request that the Court grant their Motion for Miscellaneous Relief and either (1) dismiss the Second Amended Complaint, (2) order the Trustee to file a Third Amended Complaint without the allegations that were previously dismissed on the merits, or (3) strike from the Second Amended Complaint the allegations that were previously dismissed on the merits.

Dated: June 18, 2025

/s/ Stephen M. Pezanosky
Stephen M. Pezanosky (*admitted pro hac vice*)
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness (*admitted pro hac vice*)
Aimee.Furness@haynesboone.com
Jordan E. Chavez (*admitted pro hac vice*)
Jordan.Chavez@haynesboone.com
Brenna H. Scully (*admitted pro hac vice*)
Brenna.Scully@haynesboone.com
**HAYNES AND BOONE LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 18, 2025, the above document was served on all counsel of record via CM/ECF, including the Trustee and his counsel.

                                                               */s/ Stephen M. Pezanosky*
                                                             Stephen M. Pezanosky