# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re | § Chapter 7 |
| Pro-Mark Services, Inc.: | § Case No. 24-30167 |
| Debtors. | |
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, | § Adv. Proc. No. 24-07014 |
| Plaintiff, | |
| v. | |
| Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes | |
| Defendants. | |

## BERG DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDING

Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (collectively, "Berg Defendants" or the "Movants") hereby file this *Motion for Withdrawal of Reference of Adversary Proceeding* (the "Motion") regarding the above-captioned adversary proceeding (the "Adversary Proceeding") and respectfully submit as follows:

1

## PRELIMINARY STATEMENT[1]

1. The Movants hereby move to withdraw the reference of the Adversary Proceeding to the United States District Court for the District of North Dakota (the "District Court").[2] Withdrawal is warranted under 28 U.S.C. § 157(d) and the relative "good cause" standard. The factors that courts consider when determining whether to withdraw the reference weigh in favor of granting this Motion. Most notably, the Berg Defendants do not consent to entry of final orders of the Bankruptcy Court on the non-core matters in this Adversary Proceeding. Additionally, the Berg Defendants have a right to a jury trial and have filed a Jury Demand requesting a jury trial on all triable issues pursuant to Federal Rule of Bankruptcy Procedure 9015 and Federal Rule of Civil Procedure 38. The Berg Defendants do not consent to a jury trial conducted by the Bankruptcy Court.

## JURISDICTION

2. The Bankruptcy Court has jurisdiction over the Bankruptcy Case under 28 U.S.C. § 1334(a).

3. This Adversary Proceeding requires consideration of title 11 of the United States Code (the "Bankruptcy Code"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and North Dakota state law.

4. As stated above and in their Motion to Dismiss, the Movants do not consent to entry of final orders or judgment by the Bankruptcy Court in the Adversary

---

[1] Capitalized terms used but not immediately defined shall have the meanings ascribed to them below.

[2] Bankruptcy Rule 5011 requires that motions to withdraw the reference be filed with the bankruptcy clerk when, as here, one has been appointed by the district.

2

Proceeding. Further, the Movants do not consent to the Bankruptcy Court conducting a jury trial.[3]

## BACKGROUND

### A.   General Case Background

5.   On April 22, 2024 (the "Petition Date"), Pro-Mark Services, Inc. ("Pro-Mark" or the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned chapter 7 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of North Dakota, Southeastern Division (Fargo) (the "Bankruptcy Court"). Erik A. Ahlgren was appointed as the chapter 7 trustee (the "Trustee").

### B.   Adversary Proceeding

6.   On August 26, 2024, the Trustee filed this Adversary Proceeding against the Berg Defendants, DuBois, Grant, and Paredes. With respect to the Berg Defendants, the Trustee's allegations fall into three categories: state law claims, ERISA claims, and fraudulent transfer claims. *See* Trustee's Amended Complaint [Docket No. 11] (the "Amended Complaint") and Trustee's Second Amended Complaint [Docket No. 120] (the "Second Amended Complaint").

7.   On November 22, 2024, the Berg Defendants filed a Motion to Dismiss the Trustee's Amended Complaint, Memorandum in Support, and Declaration of Connie Berg in Support [Docket Nos. 50, 51, & 54] (the "Motion to Dismiss").

---

[3] On January 4, 1995, the District Court entered a standing order (the "Standing Order") granting the bankruptcy judge in the District of North Dakota the ability to conduct jury trials.

3

Additionally, the Berg Defendants filed a Demand for Jury Trial [Docket No. 52] (the "Jury Demand").

8. On April 3, 2025, the Court held a hearing on the Motion to Dismiss during which it heard oral arguments from counsel for the Trustee and Berg Defendants. On May 1, 2025, the Court issued an interlocutory order granting in part, and denying in part, the Motion to Dismiss [Docket No. 111] (the "Interlocutory MTD Order"). On May 20, 2025, the Trustee filed the Second Amended Complaint.

9. The Trustee's state law claims allege that: the Bergs breached fiduciary duties owed to the Debtor (Counts 1 and 2, *id.* ¶¶ 242-52); Connie Berg committed breach of contract by making misrepresentations and omissions in the Purchase Agreement, Modification Agreement, and Initial Loan Agreement (Counts 6[4]-7, *id.* ¶¶ 263-80); Connie Berg committed actual fraud by fraudulently inducing the Debtor and ESOP Trustee to enter the ESOP Transaction (Counts 8 and 25, *id.* ¶¶ 281-95, 453-461); Connie Berg and Kyle Berg committed securities fraud by making misrepresentations and omissions and employing a scheme to defraud the ESOP Trust, the ESOP Plan, and the Debtor in connection with the ESOP Transaction (Count 28, *id.* ¶¶ 475-87); and Kyle Berg aided and abetted Connie Berg's breaches of fiduciary duty and actual fraud (Counts 3, 26, and 31, *id.* ¶¶ 253-58, 462-67, 507-11) and acted in concert with Connie Berg in connection with her breaches of fiduciary duty and actual fraud (Counts 29, 30, and 32, id. ¶¶ 488-506, 512-520).

---

[4] Count 6 was dismissed in the Bankruptcy Court's Interlocutory MTD Order; however, Plaintiff retained Count 6 in the Second Amended Complaint to "preserve the issue for appeal." Second Amended Complaint n. 1.

4

10. The Trustee's ERISA claims allege that the Bergs breached fiduciary duties owed to the ESOP Trust by allowing it to enter the ESOP Transaction and by failing to monitor Paredes (Count 22, *id.* ¶¶ 422-31). The Trustee also alleges that the Bergs are liable for Paredes's breach of fiduciary duty as co-fiduciaries and non-fiduciaries (Counts 23-24, *id.* ¶¶ 432-52).

11. Finally, the Trustee's fraudulent transfer claims allege that each component of the ESOP Transaction—an equity distribution to Connie Berg (the "Equity Distribution"), a $335,000 contribution to the ESOP Trust (the "2019 Contribution"), a $200,000 contribution to the ESOP Trust (the "2020 Contribution"), a loan from the Debtor to the ESOP Trust (the "Company Note"), a debt instrument from the Debtor payable to Connie Berg (the "Redemption Note"), a second debt instrument from the Debtor payable to Connie Berg (the "Seller Note"), and each payment made to Connie Berg on account of the foregoing debt instruments—is avoidable as an actual and constructive fraudulent transfer under Section 544(b)(1) of the Bankruptcy Code and North Dakota's version of the Uniform Voidable Transactions Act ("UVTA") (Counts 9-20, i*d.* ¶¶ 296-409).

## **RELIEF REQUESTED**

12. The Berg Defendants request that the District Court enter an order in the form substantially attached hereto withdrawing the reference in this Adversary

Proceeding. Withdrawal is warranted under 28 U.S.C. § 157(d) and the relative "good cause" standard.

## BASIS FOR RELIEF REQUESTED

13. "[D]istrict courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may, however, "provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

14. The referral to the Bankruptcy Court, however, is not irrevocable. Section 157(d) of Title 28 of the United States Code allows for permissive withdrawal "on [a] timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Pursuant to Bankruptcy Rule 5011(a), the District Court has exclusive jurisdiction over motions to withdraw. FED. R. BANKR. P. 5011(a). Section 157(d) does not define "good cause," but courts, including courts in the Eighth Circuit, consider a number of factors, including: (1) whether the claims are core or non-core; (2) delay and costs to the parties; (3) the efficient use of judicial resources; (4) uniformity of bankruptcy administration; (5) the prevention of forum shopping; and (6) the presence of a jury demand.[5] The motion must also of course be timely.[6]

---

[5] *See, e.g., In re Scott*, 2018 WL 5905068 (Bankr. W.D. Mo. Oct. 24, 2018) (explaining factors-based analysis for withdraw of reference); *Kelley v. Opportunity Fin., LLC*, 2015 WL 321536, at *2-3 (D. Minn. Jan. 26, 2011) (same).
[6] *U.S. v. Gurley*, 434 F.3d 1064, 1068 (8th Cir. 2006).

15. The moving party has the burden of proof on good cause, and whether the district court should withdraw the reference to the bankruptcy court is in the district court's discretion. Withdrawal of the reference is warranted here because "good cause" exists, and the Motion is timely.

**A.     Good Cause Exists for Permissive Withdrawal**

    **i.     The Trustee's Claims are Predominantly Non-Core**

16. "Whether a matter is core or non-core depends on the nature of the proceeding."[7] A proceeding is considered "core" if it involves "rights created by bankruptcy law, or [it] could arise only in a bankruptcy case," while a claim is non-core if it "does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction."[8]

17. The Trustee's Second Amended Complaint includes the following causes of action: (1) breach of fiduciary duty under North Dakota law; (2) actual fraud under North Dakota law; (3) securities fraud under North Dakota law; (4) breach of contract under North Dakota law; (5) aiding and abetting breach of fiduciary duty and actual fraud under North Dakota law; (6) acting in concert in connection with breach of fiduciary duty and actual fraud under North Dakota law; (7) fraudulent transfer pursuant to 11 U.S.C. § 544(b) and N.D. Cent. Code § 13-02.1-04(1)(a), (b); (8) breach of fiduciary duty under ERISA; (9) liability for co-fiduciaries breach of fiduciary duty

---

[7] *DeWiitt Rehabilitation and Nursing Ctr, Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591 (S.D.N.Y. 2012) (*citing In re Best Prods. Co.*, 68 F.3d 26, 31 (2d Cir. 1995)).
[8] *Id*.

7

under ERISA; and (10) liability for participation in a prohibited transaction under ERISA.

18.　　The bases for the majority of the Trustee's allegations are state law and federal non-bankruptcy law. The only claims that could arguably be considered "core" are the Section 544 claims. But state-law fraudulent transfer claims, even when brought under section 544 of the Bankruptcy Code, are not automatically considered "core" matters.[9] When a trustee invokes its strong-arm powers to bring claims under Section 544, some courts have held that "such claims do not invoke substantive rights created by federal bankruptcy law and could exist outside of the bankruptcy context."[10] The Trustee's fraudulent transfer claims are based on the North Dakota UVTA, and, as such, do not invoke substantive rights created by federal bankruptcy law and should be considered "non-core" claims. Even if such fraudulent transfer claims are considered "core," the vast majority of the Trustee's claims are predominantly non-core, which supports the withdrawal of the reference and subsequent litigation of the suit in the District Court.

### ii.　Judicial Economy

19.　　Even if some of the Trustee's claims could be considered core, when a suit "encompasses both core and non-core claims, withdrawal of the reference is appropriate because it promotes judicial efficiency."[11]

---

[9] *In re Brown Med. Ctr., Inc.*, 578 B.R. 590, 597 (Bankr. S.D. Tex. 2016).
[10] *See id.* at 596-97 (noting a split of authority on this issue and siding with the courts that hold section 544 claims are non-core claims related to the bankruptcy).
[11] *Id.*

8

20. Furthermore, the existence of non-core matters coupled with the Movant's nonconsent to entry of final orders by the Bankruptcy Court in this Adversary Proceeding requires the District Court to review the Bankruptcy Court's proposed findings of facts and conclusions of law in all events. During such a review, the District Court must review the non-core matters on a de novo basis. Because the claims in the Second Amended Complaint are non-core matters, the parties and the judiciary will avoid "unnecessary costs . . . if the district court simply tries the suit under its original jurisdiction rather than having the facts adduced first in the bankruptcy court and later reviewed de novo by the district court."[12] The Adversary Proceeding has not yet been litigated and is still in its early stages, so there will be no waste of judicial or estate resources if the reference is withdrawn.

### iii.  Uniformity in Bankruptcy Administration

21. When considering whether to withdraw the reference of a case, courts consider whether a bankruptcy court's familiarity with the underlying facts will "promote uniformity in the bankruptcy administration."[13]

22. The facts underlying the Second Amended Complaint are largely focused on the alleged acts by the Movants and other named defendants in years preceding the Bankruptcy Case. At this stage of the Adversary Proceeding, the Bankruptcy Court has not developed unique expertise with respect to the Trustee's allegations. While the Bankruptcy Court is familiar with the main Bankruptcy Case,

---

[12] *Tow v. Speer (In re Royce Homes, LP)*, No. 09-32467-H4-7, 2011 WL 13340482, at *4 (Bankr. S.D. Tex. Oct. 13, 2011).

[13] *In re British American Properties III, Ltd.*, 269 B.R. 322 (Bankr. S.D. Tex. 2007) (citing *Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992)).

9

it is not yet familiar with the facts of the Adversary Proceeding except as stated in the Second Amended Complaint. As such, this uniformity factor is either neutral or weighs in favor of withdrawing the reference.

### iv. Reduction of Forum Shopping

23. Withdrawing the reference so that the District Court may conduct a jury trial and constitutionally issue a final order and judgment does not promote forum shopping. Furthermore, the Trustee's claims stem from alleged pre-petition acts and occurrences unrelated to the Movants' involvement in the underlying Bankruptcy Case. There is no threat of forum shopping, and this factor weighs in favor of withdrawal.

### v. Expediting the Bankruptcy Process

24. The underlying Bankruptcy Case is a Chapter 7 case, not a Chapter 11 case that requires the Debtor to seek confirmation of a plan. Resolution of the Adversary Proceeding in the District Court will not delay administration of the Bankruptcy Case. This factor is either neutral or weighs in favor of withdrawal.

### vi. Movant's Right to Jury Trial

25. Courts give substantial weight to the sixth factor – the right to a jury trial – compared to any one of the other factors because of the importance of a defendants' right to a jury trial.[14] "A party against whom legal action has been brought to recover monetary damages and who has never filed a claim against the estate is entitled to a jury trial under the constitutional mandates of the Seventh

---

[14] *See, e.g., In re Brown Med. Ctr., Inc.*, 578 B.R. at 600 (giving the most weight to the fact that a jury demand was made by the defendants).

10

Amendment to the United States Constitution, notwithstanding Congress' characterization of the action as a core proceeding."[15] The Seventh Amendment "provides the right to a jury trial in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce" certain "statutory rights."[16] The Trustee's claims in the Second Amended Complaint create unequivocal rights to a jury trial.[17] While the Second Amended Complaint contains both legal and equitable claims, the Movants still have a right to a jury trial, which they have appropriately demanded.[18]

26. Movants have filed a Jury Demand in this Adversary Proceeding pursuant to Bankruptcy Rule 9015.[19] The Movants have a right to a jury trial and do not consent to the Bankruptcy Court conducting the jury trial.[20] As such, this sixth factor – which should be given substantial weight – weighs heavily in favor of withdrawing the reference.

C. The Motion is Timely

27. Pursuant to 28 U.S.C. § 157(d), a district court may grant a withdrawal of reference "for cause" either "on its own motion or on the timely motion of any party. . . ."[21] Section § 157(d) does not dictate a specific deadline before which parties must

---

[15] *Nu Van Tech., Inc. v. Cottrell, Inc. (In re Nu Van Tech., Inc.)*, No. 01-49589-DML-11, 2003 WL 23785355, at *2 (Bankr. N.D. Tex. Oct. 14, 2003).
[16] *Arena Energy, L.P. v. W&T Offshore, Inc. (In re Arena Energy, L.P.)*, 2021 WL 8016713, at *4 (Bankr. S.D. Tex. Apr. 27, 2021).
[17] *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990).
[18] *See Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974) ("[I]f [a] legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.").
[19] *See* FED. R. BANKR. P. 9015.
[20] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989).
[21] *See Vreugdenhil v. Hoekstra*, 773 F.2d 213 (8th Cir. 1985).

11

file a motion for withdrawal of reference. Courts within the Eight Circuit, however, have held that the "test for timeliness is ultimately one of reasonableness under the circumstances."[22]

28. The Trustee filed a Complaint on August 26, 2024, the Amended Complaint on September 25, 2024, and now the Second Amended Complaint on May 20, 2025. Aside from the Court's Interlocutory MTD Order dismissing in part certain claims in the Amended Complaint, there has been no adjudication of any of the Trustee's claims. There has likewise been no discovery conducted yet, and the Adversary Proceeding is in its very early stages. This Motion is timely.[23]

## Conclusion

**WHEREFORE**, the Movants respectfully request that the Court (i) grant the Motion withdrawing the reference and (ii) grant such other and further relief as is just and proper.

---

[22] *In re H&W Motor Express Co.*, 343 B.R. 208, 213 (N.D. Iowa 2006).
[23] *See Sinn v. Bank of America (In re Lee Sinn)*, No. 10-43746, 2014 WL 7689811, at *7-8 (Bankr. W.D. Mo. Oct. 7, 2014); *see also Compare Burger King Corp. v. B-K of Kan, Inc.*, 64 B.R. 728, 730 (D. Kan. 1986) (ten-month delay in filing a motion to withdrew reference was considered timely).

RESPECTFULLY SUBMITTED this 18th day of June 2025

**HAYNES AND BOONE, LLP**

 /s/ Stephen M. Pezanosky
Stephen M. Pezanosky (*admitted pro hac vice*)
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness (*admitted pro hac vice*)
Aimee.Furness@haynesboone.com
Jordan E. Chavez (*admitted pro hac vice*)
Jordan.Chavez@haynesboone.com
Brenna H. Scully (*admitted pro hac vice*)
Brenna.Scully@haynesboone.com
**Haynes and Boone LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of June 2025, the above document was served on all counsel of record via CM/ECF.

*/s/ Stephen M. Pezanosky*
Stephen M. Pezanosky
