UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Pro-Mark Services, Inc.,                                         Bky. Case No. 24-30167

Chapter 7

Debtor.

---

Erik A. Ahlgren, as Chapter 7 Trustee
of the Bankruptcy Estate of Pro-Mark Services, Inc.,
as Administrator of the Pro-Mark
Services, Inc. Employee Stock Ownership Plan, and
as Trustee of the Pro-Mark Services, Inc.
Employee Stock Ownership Trust,

                                   Plaintiff,

v.                                                            Adversary No. 24-07014

Connie Berg, Kyle Berg, Connie Berg Revocable
Living Trust, Kyle R. Berg Revocable Living Trust,
Chad DuBois, and Miguel Paredes,

                                   Defendants.

---

**STIPULATED MOTION TO RESOLVE BERG DEFENDANTS' MOTION FOR MISCELLANEOUS RELIEF**

1.     Plaintiff Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc. ("Debtor"), as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, filed his *First Amended Complaint* against the Defendants, including Defendants Connie Berg, Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"), on September 25, 2024 (the "First Amended Complaint") [Doc. 11].

2. On November 22, 2024, the Berg Defendants moved to dismiss the First Amended Complaint for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6) (the "Motion to Dismiss") [Doc. 50, 54].

3. On May 1, 2025, the Court entered the *Order Granting in Part and Denying in Part Berg Defendants' Motion to Dismiss* (the "Order") [Doc. 111].

4. On May 20, 2025, the Trustee filed his *Second Amended Complaint* against the Defendants, including the Berg Defendants (the "Second Amended Complaint") [ Doc. 120].

5. On June 18, 2025, the Berg Defendants filed their *Motion for Miscellaneous Relief* (the "Motion for Miscellaneous Relief") [Doc. 128].

6. Plaintiff and the Berg Defendants desire to resolve the Motion for Miscellaneous Relief via stipulation. Specifically, Plaintiff and the Berg Defendants stipulate and agree as follows:

   a. Counts 1 and 2 of the Second Amended Complaint are dismissed, in part, to the same extent as set forth in the Order [Doc. 111 at 11-12].

   b. Consistent with the Order [Doc. 111 at 36-37], Count 6 of the Second Amended Complaint is dismissed. Notwithstanding the foregoing, Plaintiff's right to appeal the dismissal of Count 6 is preserved.

   c. The text ", and small-business" in the first sentence of paragraph 153 and the entire last sentence of paragraph 153 of the Second Amended Complaint are fully struck from the Second Amended Complaint, for all purposes, pursuant to the Order [Doc. 111 at 23].

7. Plaintiff and the Berg Defendants hereby jointly move the Court to enter an order, in the form attached hereto, effectuating the stipulations set forth herein.

ACTIVE 712484020v5

| | |
|---|---|
| Dated: July 2, 2025 | */e/ Peter D. Kieselbach* <br> Michael B. Fisco (*pro hac vice*) <br> Peter D. Kieselbach (*pro hac vice*) <br> GREENBURG TRAURIG, LLP <br> 90 South Seventh St., Suite 3500 <br> Minneapolis, MN 55402 <br> Tel: (612) 259-9700 <br> fiscom@gtlaw.com <br> kieselbachp@gtlaw.com <br><br> and <br><br> Erik A. Ahlgren (ND #09561) <br> Ahlgren Law Office, PLLC <br> 220 W. Washington Ave., Ste. 105 <br> Fergus Falls, MN 56537 <br> (218) 998-2775 <br> erik@ahlgrenlawoffice.net <br><br> *Attorneys for Plaintiff* |
| Dated: July 2, 2025 | */e/ Stephen M. Pezanosky* <br> Stephen M. Pezanosky (*pro hac vice*) <br> Stephen.Pezanosky@haynesboone.com <br> Aimee M. Furness (*pro hac vice*) <br> Aimee.Furness@haynesboone.com <br> Jordan E. Chavez (*pro hac vice*) <br> Jordan.Chavez@haynesboone.com <br> Brenna H. Scully (*pro hac vice*) <br> Brenna.Scully@haynesboone.com <br> **HAYNES AND BOONE LLP** <br> 2801 N. Harwood St., Suite 2300 <br> Dallas, Texas 75201 <br> Telephone: (214) 651-5000 <br> Facsimile: (214) 651-5940 <br><br> *Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust* |

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Pro-Mark Services, Inc.,                                      Bky. Case No. 24-30167
                                                                              Chapter 7
              Debtor.

---

Erik A. Ahlgren, as Chapter 7 Trustee
of the Bankruptcy Estate of Pro-Mark Services, Inc.,
as Administrator of the Pro-Mark
Services, Inc. Employee Stock Ownership Plan, and
as Trustee of the Pro-Mark Services, Inc.
Employee Stock Ownership Trust,

              Plaintiff,

v.                                                                              Adversary No. 24-07014

Connie Berg, Kyle Berg, Connie Berg Revocable
Living Trust, Kyle R. Berg Revocable Living Trust,
Chad DuBois, and Miguel Paredes,

              Defendants.

---

### [PROPOSED] ORDER

Plaintiff Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc. ("Debtor"), as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, filed his *First Amended Complaint* against the Defendants, including Defendants Connie Berg, Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"), on September 25, 2024 (the "First Amended Complaint") [Doc. 11].

On November 22, 2024, the Berg Defendants moved to dismiss the First Amended Complaint for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6) (the "Motion to Dismiss") [Doc. 50, 54].

On May 1, 2025, the Court entered the Order Granting in Part and Denying in Part Berg Defendants' Motion to Dismiss (the "Order") [Doc. 111].

On May 20, 2025, the Trustee filed his Second Amended Complaint against the Defendants, including the Berg Defendants (the "Second Amended Complaint") [ Doc. 120].

On June 18, 2025, the Berg Defendants filed their *Motion for Miscellaneous Relief* (the "Motion for Miscellaneous Relief") [Doc. 128].

On _____, 2025, Plaintiff and the Berg Defendants filed a *Stipulated Motion to Resolve Berg Defendants' Motion for Miscellaneous Relief* (the "Stipulated Motion") [Doc. __], in which the parties jointly requested that the Court enter a stipulated order resolving the Motion for Miscellaneous Relief on the terms set forth therein.

IT IS HEREBY ORDERED THAT:

1. Counts 1 and 2 of the Second Amended Complaint are dismissed, in part, to the same extent as set forth in the Order [Doc. 111 at 11-12].

2. Consistent with the Order [Doc. 111 at 36-37], Count 6 of the Second Amended Complaint is dismissed.  Notwithstanding the foregoing, Plaintiff's right to appeal the dismissal of Count 6 is preserved.

3. The text ", and small-business" in the first sentence of paragraph 153 and the entire last sentence of paragraph 153 of the Second Amended Complaint are fully struck from the Second Amended Complaint, for all purposes, pursuant to the Order [Doc. 111 at 23].

2

Dated: _____

_____
Shon Hastings, Judge
United Stated Bankruptcy Judge

3