UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>      Debtor. | Chapter 7<br>Bky. No. 24-30167 |
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>      Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, Mandy Grant, and Miguel Paredes,<br><br>      Defendants. | Adv. No. 24-07014<br><br>**PLAINTIFF'S AND COUNTERCLAIM DEFENDANT'S ANSWER TO COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND OBJECTION TO COUNTERCLAIM** |

  Plaintiff and Counterclaim Defendant Erik Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, files this answer, affirmative defenses, and objection (the "Answer") to the counterclaim of defendant and counterclaim-plaintiff Connie Berg (the "Counterclaim") [Doc. 120]. Unless specifically admitted below, Counterclaim Defendant denies every allegation in the Counterclaim.

ACTIVE 712452178v2

## COUNTERCLAIM

The opening paragraph does not contain any allegations and, therefore, no response is required. To the extent a response is required, Counterclaim Defendant denies any allegations in the opening paragraph.

### NATURE OF THE ACTION

1. Paragraph 1 describes the type of relief requested in the Counterclaim, and therefore no response is required. To the extent a response is required, Counterclaim Defendant denies that Connie Berg is entitled to the relief requested.

### PARTIES

2. Counterclaim Defendant admits the allegations in paragraph 2 of the Counterclaim.

3. Counterclaim Defendant denies the allegations in paragraph 3 of the Counterclaim. Mr. Ahlgren was appointed chapter 7 trustee of Debtor's bankruptcy estate on April 22, 2024.

4. Counterclaim Defendant admits the allegations in paragraph 4 of the Counterclaim.

5. Counterclaim Defendant admits the allegations in paragraph 5 of the Counterclaim.

### JURISDICTION AND VENUE

6. Counterclaim Defendant admits the allegations in paragraph 6 of the Counterclaim.

7. Counterclaim Defendant admits the allegations in paragraph 7 of the Counterclaim.

8. Counterclaim Defendant admits the allegations in paragraph 8 of the Counterclaim.

9. Counterclaim Defendant denies the allegations in paragraph 9 of the Counterclaim. Connie Berg consented to this Court's authority to enter final orders and judgment on the Counterclaim and all other claims in the above-captioned adversary proceeding by filing the Counterclaim and denying any liability to the Debtor's estate.

## BACKGROUND

10. Counterclaim Defendant admits the allegations in paragraph 10 of the Counterclaim.

11. Counterclaim Defendant admits the allegations in paragraph 11 of the Counterclaim.

12. Paragraph 12 of the Counterclaim states legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the allegations in paragraph 12.

## CAUSE OF ACTION

13. Counterclaim Defendant incorporates his responses to paragraphs 1-12 as if fully stated herein.

14. Paragraph 14 of the Counterclaim states legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the allegations in paragraph 14.

15. Counterclaim Defendant admits that Connie Berg has retained counsel in the Adversary Proceeding. As to the remaining allegations in Paragraph 15, Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations and, therefore, denies such allegations.

16. Paragraph 16 of the Counterclaim states legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the allegations in paragraph 16.

ACTIVE 712452178v2

## PRAYER FOR RELIEF

The Prayer for Relief section asserts legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies the allegations in the Prayer for Relief section and denies that Connie Berg is entitled to any of the relief requested or any other relief for her Counterclaim.

## STATEMENT OF NONCONSENT TO FINAL ORDERS

Counterclaim Defendant denies the allegations in the Statement of Nonconsent to Final Orders section. Connie Berg consented to this Court's authority to enter final orders and judgment on the Counterclaim and all other claims in the above-captioned adversary proceeding by filing the Counterclaim and denying any liability to the Debtor's estate.

*   *   *

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to the Counterclaim, Counterclaim Defendant does not admit any allegations of the Counterclaim not previously admitted. Counterclaim Defendant does not concede that said defenses are necessarily affirmative defenses or that the assertion of such defenses imposes any burden on Counterclaim Defendant with respect thereto. Counterclaim Defendant expressly reserves and asserts all affirmative and other defenses available under any applicable federal or state law, including the Federal Rules of Civil Procedure, and reserves the right to assert other defenses and claims when and if they become appropriate in the action.

1. The Counterclaim fails to state a claim upon which relief can be granted.
2. The Counterclaim should be disallowed under 11 U.S.C. § 502(b)(1).
3. The Counterclaim is tardily filed under 11 U.S.C. § 502(b)(9).

ACTIVE 712452178v2

4. The Counterclaim should be disallowed under 11 U.S.C. § 502(d).

5. Connie Berg's legal fees were and are unreasonable.

6. Connie Berg is not (or will not be) the prevailing party and, therefore, is not (or will not be) entitled to attorney's fees.

## OBJECTION TO COUNTERCLAIM

This Answer also constitutes an objection to the Counterclaim under 11 U.S.C. § 502 and Fed. R. Bank. P. 3007. Without limitation, the Counterclaim should be disallowed pursuant to, without limitation, 11 U.S.C. §§ 502(b)(1), 502(b)(9), and 502(d). Any and all other grounds for objection are expressly reserved. Plaintiff, in his capacity as chapter 7 trustee, respectfully requests that the Court deny and disallow the Counterclaim and find that Connie Berg has no claim against the Debtor's estate.

*(Remainder of Page Blank)*

| | |
|---|---|
| Date: July 2, 2025 | /s/ *Peter D. Kieselbach* <br> Michael B. Fisco (Minnesota #0175341) <br> (*Admitted Pro Hac Vice*) <br> Peter D. Kieselbach (Minnesota #0397531) <br> (*Admitted Pro Hac Vice*) <br> GREENBERG TAURIG, LLP <br> 90 South Seventh Street, Suite 3500 <br> Minneapolis, MN 55402 <br> Telephone: (612) 259-9700 <br> Email: fiscom@gtlaw.com <br>           kieselbachp@gtlaw.com <br> <br> *and* <br> <br> Erik A. Ahlgren (North Dakota #09561) <br> Ahlgren Law Office, PLLC <br> 220 W. Washington Ave. Suite 105 <br> Fergus Falls, MN  56537 <br> Telephone: (218) 998-2775 <br> Email: erik@ahlgrenlawoffice.net <br> <br> *Attorneys for Plaintiff and Counterclaim Defendant* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 2nd day of July 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach

6

ACTIVE 712452178v2