UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Pro-Mark Services, Inc.,                                              Bky. Case No. 24-30167
                                                                                      Chapter 7
           Debtor.

---

Erik A. Ahlgren, as Chapter 7 Trustee
of the Bankruptcy Estate of Pro-Mark Services, Inc.,
as Administrator of the Pro-Mark
Services, Inc. Employee Stock Ownership Plan, and
as Trustee of the Pro-Mark Services, Inc.
Employee Stock Ownership Trust,

           Plaintiff,

v.                                                                                   Adversary No. 24-07014

Connie Berg, Kyle Berg, Connie Berg Revocable
Living Trust, Kyle R. Berg Revocable Living Trust,
Chad DuBois, and Miguel Paredes,

           Defendants.

---

## LIMITED OBJECTION TO BERG DEFENDANTS' DEMAND FOR JURY TRIAL

Plaintiff Erik A. Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, submits this limited objection to the *Berg Defendants' Demand for Jury Trial* (the "Jury Trial Demand") [Doc. 52] filed by Defendants Connie Berg, Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"), and respectfully states as follows:

ACTIVE 712488002v1

1. On November 22, 2024, the Berg Defendants filed their Jury Trial Demand with the Bankruptcy Court. In it, they demand a jury trial for all triable issues and indicate that they do not consent to a jury trial conducted by the Bankruptcy Court.

2. On May 20, 2025, Plaintiff filed his Second Amended Complaint. [Doc. 120.]

3. On June 18, 2025, the Berg Defendants filed their *Berg Defendants' Answer to Trustee's Second Amended Complaint, Affirmative Defenses, and Counterclaim* [Doc. 127]. In the Counterclaim, Connie Berg asserts a counterclaim against the bankruptcy estate, alleging that she is entitled attorneys' fees under the parties' contract if she "prevails" on Plaintiff's claims.

4. By filing her Counterclaim in the Bankruptcy Court, Mrs. Berg has consented to the Bankruptcy Court's equitable jurisdiction and waived her right to a jury trial on the Counterclaim and all of Plaintiff's claims against her.

5. A creditor who files a proof of claim in a bankruptcy case submits to the bankruptcy court's equitable jurisdiction and waives any right to a jury trial for both the claim itself and all other "matters affecting the allowance" of the claim. *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 694-95 (8th Cir. 2012) (quoting *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1249 (3d Cir. 1994)). Although Mrs. Berg has not filed a proof of claim, her Counterclaim seeks affirmative relief from the bankruptcy estate, which "is akin to filing a proof of claim." *DePaola v. Sleepy's LLC (In re Prof'l Facilities Mgmt.)*, 2015 Bankr. LEXIS 3643, at *16 (Bankr. M.D. Ala. Oct. 27, 2015). "When [a] counterclaim *exceeds* the trustee's claim, it becomes an affirmative claim against the bankruptcy estate. An action 'raised as a counterclaim seeking affirmative relief necessarily submits the claimant to the equitable jurisdiction of the bankruptcy court, thereby

2

waiving the *Seventh Amendment* right to a jury trial." *Id.* (internal quotations and citations omitted).[1]

6. That is exactly what has occurred here. Mrs. Berg's Counterclaim is an affirmative claim against the bankruptcy estate because she denies any liability to the estate and seeks payment of her attorneys' fees from the estate. If Mrs. Berg prevails, the estate would recover nothing, and she would have a claim against the estate for her attorneys' fees.[2] In addition, Mrs. Berg alleges that her Counterclaim cannot be adjudicated without also adjudicating *all* of Plaintiff's claims. Indeed, in the Counterclaim, she asserts a contractual right to attorney's fees from the Debtor if she prevails on *any* of Plaintiff's claims. (S*ee* Counterclaim ¶¶ 10-16).[3] Thus, Mrs. Berg has waived her right to a jury trial for all claims asserted against her. They are now part of the claim allowance process.

---

[1] *See also In re Harpole Constr.*, Inc., 565 B.R. 193, 199 (Bankr. D.N.M. 2017) ("[E]ven a party who has not filed a proof of claim may waive its right to a jury trial if it files a counterclaim seeking monetary relief from the estate, thereby invoking the claim allowance process."); *In re Schwinn Bicycle Co.*, 184 B.R. 945, 951 (Bankr. N.D. Ill. 1995) ([B]y filing her counterclaim, [defendant] submitted to [the bankruptcy court's] equitable jurisdiction and, under controlling Supreme Court precedent . . . lost her entitlement to a jury trial. . ."); *In re Kaiser Steel Corp.*, 95 B.R. 782, 789 (Bankr. D. Colo. 1989), *aff'd*, 109 B.R. 968 (D. Colo. 1989) ("[W]hen the defendant in such a case elects to pursue claims against the estate, whether through filing a proof of claim or by asserting a counterclaim . . . the resolution of those conflicting claims surely is the adjustment of the debtor-creditor relationship. . . the resolution of such disputes being a core proceeding, there is no right to a jury trial on the issues.").

[2] The Bankruptcy Court set September 3, 2025, as the proof of claim deadline. (Doc. 19, Bky No. 24-30167.) Although Mrs. Berg asserted her Counterclaim after this bar date, her claim could still be allowed as a tardily filed claim. *See* 11 U.S.C. § 502(b)(9).

[3] Plaintiff disputes that Mrs. Berg has a contractual "prevailing party" right to attorney's fees from the Debtor for all claims against her, and Plaintiff reserves all rights on that issue. (*See* Plaintiff's and Counterclaim Defendant's Answer to Counterclaim, Affirmative Defenses, and Objection to Counterclaim, Doc. 135, Adv. No. 24-07014.) However, Mrs. Berg has made that allegation in her Counterclaim, invoking the claim allowance process and thereby waiving her jury trial rights.

7.  Mrs. Berg may argue that her Counterclaim was not a waiver because it was compulsory, and she had no choice but to assert it. To the contrary, when a defendant has a right to recover attorney's fees under a contract as the "prevailing party," the issue is "to be decided at the conclusion of the action when the prevailing party [has] been identified" in accordance with Fed. R. Civ. P. 54(d)(2)(A). *Wiley v. Mitchell*, 106 F. App'x 517, 522-23 (8th Cir. 2004). It is not a compulsory counterclaim. *Id.* Mrs. Berg had no obligation to file her Counterclaim. Instead, in accordance with Fed. R. Civ. P. 54(d)(2)(A) (which is applicable in bankruptcy adversary proceedings pursuant to Fed. R. Bankr. P. 7054(b)(2)(A)) and D.N.D. Civ. L.R. 54.1, she could file a motion for attorney's fees within fourteen days after entry of judgment under which she is the "prevailing party." By choosing to seek attorney's fees via her Counterclaim filed in the Bankruptcy Court, Mrs. Berg has submitted to the Bankruptcy Court's equitable jurisdiction and waived her right to a jury trial for all claims.

8.  Mrs. Berg also cannot undo her consent and waiver by withdrawing or dismissing her Counterclaim. Plaintiff has already filed an answer and objection to the Counterclaim. (*See* Plaintiff's and Counterclaim Defendant's Answer to Counterclaim, Affirmative Defenses, and Objection to Counterclaim, Doc. 135, Adv. No. 24-07014.) For this reason, voluntary dismissal is not an option. *See* Fed. R. Civ. P. 41(c) (applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7041) (voluntary dismissal only available "before a responsive pleading is served"); Fed. R. Bankr. P. 3006 (voluntary withdrawal of proof of claim only available before "an objection is filed"). Further, as the Eighth Circuit in recognized *Smith v. Dowden*, the bankruptcy court will "retain jurisdiction over a claim" if it is not withdrawn or dismissed before the trustee "file[s] an adversarial claim"—which Plaintiff has done. 47 F.3d 940, 943-44 (8th Cir. 1995); *see also In re Bernard L. Madoff Inv. Sec. LLC*, 612 B.R. 257, 271 (S.D.N.Y. 2020) (allowing withdrawal of

4

proof of claim to undo jury trial waiver would "permit gamesmanship and the sandbagging of a bankruptcy Trustee"); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, 597 B.R. 466, 484 (Bankr. S.D.N.Y. 2019) ("If equitable jurisdiction depended on the status of the defendant-creditor's claim, the defendant-creditor could manipulate the bankruptcy jurisdiction at any time simply by withdrawing the claim."). It is too late for withdrawal or dismissal.

9. Accordingly, Plaintiff submits this limited objection to the Berg Defendants' Jury Trial Demand. Mrs. Berg is not entitled to a jury trial on any issue or claim due to waiver.

10. Plaintiff could not have filed his limited objection sooner, as Mrs. Berg did not consent to the Bankruptcy Court's equitable jurisdiction and waive her jury trial rights until she filed her Counterclaim on June 18, 2025.

11. Plaintiff reserves the right to raise further objections to the Jury Trial Demand, if and when appropriate.

Date: July 2, 2025

/e/ *Peter D. Kieselbach*
Michael B. Fisco (Minnesota #0175341)
(*Admitted Pro Hac Vice*)
Peter D. Kieselbach (Minnesota #0397531)
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
Email: fiscom@gtlaw.com
         kieselbachp@gtlaw.com

5

 *and*

 Erik A. Ahlgren (North Dakota #09561)
 Ahlgren Law Office, PLLC
 220 W. Washington Ave. Suite 105
 Fergus Falls, MN  56537
 Telephone: (218) 998-2775
 Email: erik@ahlgrenlawoffice.net

 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

 The undersigned certifies that on the 2nd day of July 2025, the above document was served on all counsel of record via CM/ECF.

 /e/ *Peter D. Kieselbach*
 Peter D. Kieselbach