# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>Debtor.<br><br>———————————————<br><br>ERIK A. AHLGREN, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE BERG, KYLE BERG, CONNIE BERG REVOCABLE LIVING TRUST, KYLE R. BERG REVOCABLE LIVING TRUST, CHAD DUBOIS, and MIGUEL PAREDES,<br><br>Defendants. | Chapter 7<br>Case No. 24-30167<br><br><br><br><br><br>Adv. No. 24-07014 |

## BERG DEFENDANTS' RESPONSE TO TRUSTEE'S LIMITED OBJECTION TO BERG DEFENDANTS' DEMAND FOR JURY TRIAL

Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"), by and through their undersigned counsel of record, file this Response to Trustee's Limited Objection to Berg Defendants' Demand for Jury Trial (the "Limited Objection") (Dkt. 136) and request that the Court overrule the Trustee's Limited Objection.

On November 22, 2024, the Berg Defendants expressly and affirmatively demanded a jury trial. (Dkt. 52.) To preserve that right, Connie Berg did not file a proof of claim in this Chapter 7 case even though she is one of the Debtor's largest creditors. On June 18, 2025, the Berg Defendants filed their Answer to Trustee's Second Amended Complaint, Affirmative Defenses, and Counterclaim (the "Answer"). (Dkt. 127.) Connie Berg pled a counterclaim seeking to recoup her attorneys' fees from any amounts ultimately awarded to the Trustee pursuant to a provision in the Redemption and ESOP Stock Purchase Agreement (the "Counterclaim"). (*Id.* at 94-96.) On July 2, 2025, the Trustee filed the Limited Objection. (Dkt. 136.) The Trustee argues that Connie Berg "waived her right to a jury trial" by pleading the Counterclaim. (*Id.* at ¶ 4.)

Connie Berg's mere filing of a counterclaim for attorneys' fees did not operate as an implicit waiver of her Constitutional right to a jury trial. An abundant body of case law supports Connie Berg's assertion that her Seventh Amendment rights are preserved even with the filing of a counterclaim—something that the Trustee altogether fails to mention in his Limited Objection. *See, e.g., Beard v. Braunstein*, 914 F.2d 434, 441-42 (3d Cir. 1990) (citing Ninth and Tenth Circuit authorities and holding that filing of compulsory counterclaim does not result in a waiver of right to jury trial or consent to bankruptcy court's jurisdiction); *Busch-Provo, Ltd. v. Sloan (In re Larsen)*, 172 B.R. 988, 992-993 (D. Utah 1993) (holding that filing a counterclaim or cross-claim against a trustee in an adversary proceeding does not waive defendant's jury trial rights); *NDEP Corp. v. HANDL-IT, Inc. (In re NDEP*

*Corp.)*, 203 B.R. 905, 910-13 (D. Del. 1996) (acknowledging split of authority among bankruptcy and district courts and holding defendant in an adversary proceeding does not waive jury trial right or right to object to jurisdiction when it brings counterclaims arising out of the same transaction or occurrence—whether compulsory or permissive); *Johnson v. Williamson (In re British Am. Props.)*, 369 B.R. 322, 331–32 (Bankr. S.D. Tex. 2007) (holding defendant did not waive jury trial right by asserting counterclaim for attorneys' fees in response to trustee's fraudulent transfer claims).

The Court should overrule the Trustee's Limited Objection. Connie Berg expressly and affirmatively asserted her to a jury trial. (Dkt. 52.) While there is no controlling authority on the issue, the better-reasoned cases confirm that the filing of a counterclaim that is defensive in nature does not operate as an implicit waiver of a defendant's Constitutional right to a jury trial. *See, e.g.*, *Beard*, 914 F.2d at 441-42; *In re Larsen*, 172 B.R. at 992-93; *In re NDEP Corp.*, 203 B.R. at 910-13; *In re British Am. Props.*, 369 B.R. at 331–32.

The Court should also overrule the Trustee's Limited Objection because the other defendants—Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust—are indisputably entitled to a jury trial notwithstanding any purported waiver by Connie Berg.

Finally, as explained in the Berg Defendants' Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the Alternative, Dismiss the Counterclaim, filed concurrently herewith, the Court can address any disputes over

the Limited Objection by redesignating Connie Berg's Counterclaim as an affirmative defense or by dismissing the Counterclaim without finding that Connie Berg implicitly waived a Constitutional right.

For the foregoing reasons, the Berg Defendants request that the Court overrule the Trustee's Limited Objection. The Berg Defendants further request that the Court grant them all such other and further relief to which they are justly entitled.

## STATEMENT OF NONCONSENT TO FINAL ORDERS

As required by Federal Rule of Bankruptcy Procedure 7012(b), the Berg Defendants hereby state that they do not consent to entry of final orders or judgment by the Bankruptcy Court in the above-captioned Adversary Proceeding.

Dated: July 9, 2025

    /s/ *Stephen M. Pezanosky*
Stephen M. Pezanosky (*pro hac vice*)
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness (*pro hac vice*)
Aimee.Furness@haynesboone.com
Jordan E. Chavez (*pro hac vice*)
Jordan.Chavez@haynesboone.com
Brenna H. Scully (*pro hac vice*)
Brenna.Scully@haynesboone.com
**HAYNES AND BOONE LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of July, 2025, the above document was served on all counsel of record via CM/ECF, including the Trustee and his counsel.

                                           */s/ Stephen M. Pezanosky*
                                           Stephen M. Pezanosky