IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | § § § § § § | Chapter 7<br>Case No. 24-30167 |
| Pro-Mark Services, Inc., | | |
| Debtor. | § § § | |
| | § | Adv. No. 24-07014 |
| ERIK A. AHLGREN, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, | § § § § § § § § § § | |
| Plaintiff, | § § § | |
| v. | § § | |
| CONNIE BERG, KYLE BERG, CONNIE BERG REVOCABLE LIVING TRUST, KYLE R. BERG REVOCABLE LIVING TRUST, CHAD DUBOIS, and MIGUEL PAREDES, | § § § § § § § | |
| Defendants. | § | |

**BERG DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO REDESIGNATE THE
COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE,
OR, IN THE ALTERNATIVE, DISMISS THE COUNTERCLAIM**

Pursuant to Federal Rules of Civil Procedure 8, 15, and 41, made applicable by

Federal Rules of Bankruptcy Procedure 7008, 7015, and 7041, Connie Berg, Kyle

Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust

(collectively, the "Berg Defendants"), by and through their undersigned counsel of

record, file this Memorandum in Support of Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the Alternative, Dismiss the Counterclaim and would respectfully show the Court as follows.

## I.    FACTUAL BACKGROUND

On June 18, 2025, the Berg Defendants filed their Answer to Trustee's Second Amended Complaint, Affirmative Defenses, and Counterclaim (the "Answer"). (Dkt. 127.) In the Answer, the Berg Defendants "assert[ed] all affirmative and other defenses available under any applicable federal or state law" and "reserve[d] the right to assert other defenses." (*Id.* at 89.) The Berg Defendants did not expressly assert an affirmative defense of recoupment. (*Id.* at 89-93.) Connie Berg pled a counterclaim seeking to recoup attorneys' fees pursuant to a provision in the Redemption and ESOP Stock Purchase Agreement (the "Counterclaim"). (*Id.* at 94-96.) On July 2, 2025, the Trustee filed a Limited Objection to Berg Defendants' Demand for Jury Trial (the "Limited Objection"). (Dkt. 136.) The Trustee argues that Connie Berg "waived her right to a jury trial" by pleading the Counterclaim. (*Id.* at ¶ 4.)

## II.    ARGUMENTS AND AUTHORITIES

Connie Berg disputes the Trustee's assertion that her mere filing of a counterclaim for attorneys' fees operated as an implicit waiver of her Constitutional right to a jury trial. An abundant body of case law supports Connie Berg's assertion that her Seventh Amendment rights are preserved even with the filing of a counterclaim—something that the Trustee altogether fails to mention in his Limited Objection. *See, e.g.*, *Beard v. Braunstein*, 914 F.2d 434, 441-42 (3d Cir. 1990) (citing

Ninth and Tenth Circuit authorities and holding that filing of compulsory counterclaim does not result in a waiver of right to jury trial or consent to bankruptcy court's jurisdiction); *Busch-Provo, Ltd. v. Sloan (In re Larsen)*, 172 B.R. 988, 992-93 (D. Utah 1993) (holding that filing a counterclaim or cross-claim against a trustee in an adversary proceeding does not waive defendant's jury trial rights); *NDEP Corp. v. HANDL-IT, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 910-13 (D. Del. 1996) (acknowledging split of authority among bankruptcy and district courts and holding defendant in an adversary proceeding does not waive jury trial right or right to object to jurisdiction when it brings counterclaims arising out of the same transaction or occurrence—whether compulsory or permissive); *Johnson v. Williamson (In re British Am. Props.)*, 369 B.R. 322, 331–32 (Bankr. S.D. Tex. 2007) (holding defendant did not waive jury trial right by asserting counterclaim for attorneys' fees in response to trustee's fraudulent transfer claims).  Nevertheless, Connie Berg requests that the Court redesignate her Counterclaim as an affirmative defense of recoupment or, in the alternative, dismiss the Counterclaim to end all doubt in light of the absence of controlling authority on this issue.

### A. The Court should redesignate the Counterclaim as an affirmative defense of recoupment.

Federal Rule of Civil Procedure 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the [C]ourt must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." FED. R. CIV. P. 8(c)(2); *see also Reiter v. Cooper*,

507 U.S. 258, 263 (1993) ("[I]t makes no difference that [a party] may have mistakenly designated their counterclaims as defenses").

Rule 8(c)(2) applies with particular force when the pleaded counterclaim can "be asserted as a defense under the name . . . 'recoupment' to the extent that it diminishes or nullifies the plaintiff's claim." C. Wright & A. Miller, 5 FED. PRAC. & PROC. CIV. § 1275 (4th ed. 2025). "[R]ecoupment is a doctrine of an intrinsically defensive nature" because it "allows a defendant to defend against a claim by asserting, up to the amount of the claim, the defendant's own claim against the plaintiff growing out of the same transaction." Glenda K. Harnad, 20 Am. Jur. 2d Counterclaim, Recoupment, Etc., § 5 (May 2025). Under North Dakota law, "[r]ecoupment differs from a counterclaim." *Minex Res., Inc. v. Morland*, 467 N.W.2d 691, 699 (N.D. 1991). A counterclaim "allows for affirmative relief and recovery in excess of that sought by the plaintiff." *Id.* Recoupment "must arise out of the same transaction that is the subject matter of the plaintiff's action," "be used to reduce or avoid the plaintiff's recovery," and "cannot be used to obtain affirmative relief." *Id.*

"Inasmuch as it is not clear whether . . . recoupments should be viewed as defenses or counterclaims, the [C]ourt, by invoking the misdesignation provision in Rule 8(c), should treat matter of this type as if it had been properly designated by defendant, and should not penalize improper labelling." *Reiter*, 507 U.S. at 263 (quoting C. Wright & A. Miller, 5 FED. PRAC. & PROC. CIV. § 1275 (2d ed. 1990)). For example, courts have redesignated counterclaims that would be barred by the applicable statute of limitations as affirmative defenses of recoupment. *See, e.g.*,

*Great S. Bank v. Mann*, No. 13-cv-3167, 2013 WL 12145013, at *3 (W.D. Mo. Oct. 15, 2013).

Connie Berg's request for attorneys' fees was mistakenly designated as a counterclaim, instead of as an affirmative defense of recoupment. Connie Berg's affirmative defense of recoupment "arise[s] out of the same transaction" as the Trustee's claims—the ESOP Transaction—and seeks only "to reduce or avoid the [Trustee's] recovery," not "to obtain affirmative relief" from the Debtor's estate. *Minex Res.*, 467 N.W.2d at 699. To be clear, Connie Berg intended to assert the request for attorneys' fees defensively to reduce dollar-for-dollar any damages awarded to the Trustee in this adversary proceeding. *See Safeway Transit LLC v. Discount Party Bus, Inc.*, 954 F.3d 1171, 1182 (8th Cir. 2020) ("An affirmative defense is a defendant's assertion of facts and arguments that, if true, will *defeat* the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." (cleaned up)). As the Trustee recognized in the Limited Objection, the Counterclaim sought "attorney's fees from the Debtor if [Connie Berg] prevails on *any* of Plaintiff's claims." (Dkt. 136 at ¶ 6.) If Connie Berg prevails on any claim in the adversary proceeding, therefore, the corresponding attorneys' fees award—pursuant to Article 8 of the Redemption and ESOP Stock Purchase Agreement—should be recouped against any damages that may be awarded to the Trustee. For the avoidance of doubt, Connie Berg does not seek to affirmatively recover money from the Debtor's estate, even if she prevails on all claims asserted against her.

Such "improper labelling" is grounds for redesignation. *Reiter*, 507 U.S. at 263; *see also Moore v. Irving Materials Inc.*, No. 05-cv-184, 2007 WL 3024058, at *3 (W.D. Ky. Oct. 15, 2007) (redesignating counterclaim for "the costs of defense, including attorneys' fees and court costs, incurred in the defense of this case" as an affirmative defense because it "is purely defensive and not offensive").

Justice also requires redesignation because, otherwise, according to the Trustee, construing Connie Berg's request for recoupment of attorneys' fees as a counterclaim could result in an implicit waiver of her Constitutional right to a jury trial. Connie Berg expressly and affirmatively demanded a jury trial on November 22, 2024. (Dkt. 52.) To preserve that right, Connie Berg did not file a proof of claim in this Chapter 7 case even though she is one of the Debtor's largest creditors. Construing her request as an affirmative defense is in the interests of justice.[1]

Finally, the Trustee will not be prejudiced by redesignation for three reasons: (1) discovery has not begun; (2) the Berg Defendants expressly "assert[ed] all affirmative and other defenses available under any applicable federal or state law" and "reserve[d] the right to assert other defenses" in the Answer (Dkt. 127 at 89); and (3) the other defendants—Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust—are indisputably entitled to a jury trial notwithstanding any purported waiver by Connie Berg.

---

[1] The defensive nature of Connie Berg's assertion of her right to recover attorneys' fees is made clearer by the fact that any recovery for unsecured creditors in this Chapter 7 case is unlikely (including creditors with administrative expense claims).

**BERG DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO REDESIGNATE THE
COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE,
OR, IN THE ALTERNATIVE, DISMISS THE COUNTERCLAIM**                    **Page 6**

The Court should redesignate the Counterclaim as the affirmative defense of recoupment.

### B. Alternatively, the Court should dismiss the Counterclaim, and the Berg Defendants will amend the Answer to specifically include an affirmative defense of recoupment.

Under Federal Rule of Civil Procedure 41(a)(2), a counterclaim may be dismissed at the defendant's request by court order. FED. R. CIV. P. 41(a)(2); *see also Strategic Energy Concepts, LLC v. Otoka Energy, LLC*, No. 16-cv-463, 2023 WL 5759352, at *1-3 (D. Minn. Sept. 6, 2023). "When ruling on a Rule 41(a)(2) motion, . . . courts must consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the [non-movant]." *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citation and quotation marks omitted).

All of those factors support dismissal of the Counterclaim. First, Connie Berg has presented a proper explanation: she intended to assert a request for attorneys' fees defensively as recoupment against any damages awarded to the Trustee, and that request was mistakenly designated as a counterclaim instead of as an affirmative defense. Second, dismissal will not result in a waste of judicial time and effort because this case is at the very early stages and dismissing the Counterclaim will save judicial resources by obviating the need to litigate a separate claim. Third, dismissal will not prejudice the Trustee because discovery has not yet begun. *See Ginter v. Whirlpool Corp.*, 671 F. Supp. 2d 1040, 1045 (S.D. Iowa 2009) (granting request for voluntarily dismissal where no "substantive work in actual preparation for trial" had been done because discovery had been stayed). The Trustee will also

not be prejudiced because the request for recoupment of attorneys' fees will be preserved as an affirmative defense. The Court should dismiss the Counterclaim.

Were the Court to do so, the Berg Defendants would amend the Answer to include an affirmative defense of recoupment. Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." FED. R. CIV. P. 15(a)(1). Under Rule 15(a)(1), the Berg Defendants may amend the Answer as a matter of course to add an affirmative defense of recoupment because they have not previously amended the Answer, they served the Answer on June 18, and the Trustee filed his responsive pleading to the Counterclaim on July 2.

The result of the Court dismissing the Counterclaim and the Berg Defendants amending the Answer is equivalent to the Court redesignating the Counterclaim as an affirmative defense of recoupment. Under either approach, the substantive result is the same: the Berg Defendants assert an affirmative defense of recoupment, and Connie Berg does not assert a Counterclaim.[2]

### III.  PRAYER

For the foregoing reasons, the Berg Defendants request that the Court grant their Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the Alternative, Dismiss the Counterclaim. The Berg Defendants further request that

---

[2] An amended Answer reflecting this result is attached hereto as <u>Exhibit A</u>.

the Court grant them all such other and further relief to which they are justly entitled.

STATEMENT OF NONCONSENT TO FINAL ORDERS

As required by Federal Rule of Bankruptcy Procedure 7012(b), the Berg Defendants hereby state that they do not consent to entry of final orders or judgment by the Bankruptcy Court in the above-captioned Adversary Proceeding.

Dated: July 9, 2025

                                         */s/ Stephen M. Pezanosky*
                                         Stephen M. Pezanosky (*pro hac vice*)
                                         Stephen.Pezanosky@haynesboone.com
                                         Aimee M. Furness (*pro hac vice*)
                                         Aimee.Furness@haynesboone.com
                                         Jordan E. Chavez (*pro hac vice*)
                                         Jordan.Chavez@haynesboone.com
                                         Brenna H. Scully (*pro hac vice*)
                                         Brenna.Scully@haynesboone.com
                                         **Haynes and Boone LLP**
                                         2801 N. Harwood St., Suite 2300
                                         Dallas, Texas 75201
                                         Telephone: (214) 651-5000
                                         Facsimile: (214) 651-5940

                                         *Attorneys for Defendants Connie Berg, Kyle*
                                         *Berg, Connie Berg Revocable Living Trust,*
                                         *Kyle R. Berg Revocable Living Trust*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of July, 2025, the above document was served on all counsel of record via CM/ECF, including the Trustee and his counsel.

*/s/ Stephen M. Pezanosky*
Stephen M. Pezanosky
