# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | § § § | Chapter 7<br>Case No. 24-30167 |
| Pro-Mark Services, Inc., | § § | |
| Debtor. | § § § | |
| ———————————————— | § § | Adv. No. 24-07014 |
| ERIK A. AHLGREN, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, | § § § § § § § § | |
| Plaintiff, | § § § | |
| v. | § § | |
| CONNIE BERG, KYLE BERG, CONNIE BERG REVOCABLE LIVING TRUST, KYLE R. BERG REVOCABLE LIVING TRUST, CHAD DUBOIS, and MIGUEL PAREDES, | § § § § § § | |
| Defendants. | § § | |

## BERG DEFENDANTS' AMENDED ANSWER TO TRUSTEE'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

## ANSWER

Connie Berg, Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"), by and through their undersigned counsel of record, file this Answer to the Second Amended Complaint (Dkt. 120) filed by Erik A. Ahlgren in his official capacity as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Trustee") and state as follows:

The opening paragraph does not contain any allegations.

1.      The Berg Defendants deny the allegations in Paragraph 1.

2.      Paragraph 2 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 2.

3.      The Berg Defendants deny the allegations in Sentence 1. The Berg Defendants admit that the Non-Prosecution Agreement attached to the Second Amended Complaint as Exhibit D (hereinafter, "Exhibit D") states that the Debtor agreed to pay a $949,000 criminal penalty to the federal government and that the $949,000 criminal penalty represented "profits the Company realized from the relevant set-side contracts that were illegally awarded during the period prior to 2020 . . . and that the Company continued performance on following the ESOP [Transaction]." The Berg Defendants admit that Exhibit D reflects the allegation that "the Debtor admitted that the Bergs' misconduct violated federal law." The Berg Defendants lack knowledge or information sufficient to form a belief about the

truth of Sentences 3, 4, and 5; therefore, the allegations in Sentences 3, 4, and 5 are denied.

4.      Paragraph 4 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that they breached fiduciary duties or engaged in any misconduct or fraud. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Mr. Ahlgren's legal capacities or intent in filing this action; therefore, those allegations are denied.

5.      Admitted.

6.      Admitted.

7.      The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied. Sentence 3 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied.

8.      Paragraph 8 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 8;
therefore, the allegations in Paragraph 8 are denied.

9.      Paragraph 9 contains allegations that are not directed at the Berg
Defendants and asserts legal conclusions; therefore, no response is required.  To the
extent a response is required, the Berg Defendants lack knowledge or information
sufficient to form a belief about the truth of the allegations regarding Mr. Ahlgren's
actions and authority; therefore, those allegations are denied.

10.      Paragraph 10 contains allegations that are not directed at the Berg
Defendants. To the extent a response is required, the Berg Defendants lack
knowledge or information sufficient to form a belief about the truth of the
allegations in Paragraph 10; therefore, the allegations in Paragraph 10 are denied.

11.      Paragraph 11 asserts legal conclusions; therefore, no response is
required. To the extent a response is required, the Berg Defendants admit the
allegations in Paragraph 11.

12.      Paragraph 12 asserts legal conclusions; therefore, no response is
required. To the extent a response is required, the Berg Defendants respond as
follows. The Berg Defendants lack knowledge or information sufficient to form a
belief about the truth of the allegations pertaining to 28 U.S.C. § 157(b) and 29
U.S.C. § 1132(e); therefore, those allegations are denied. The Berg Defendants
admit all other allegations in Paragraph 12.

13.      Paragraph 13 asserts legal conclusions; therefore, no response is
required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 13.

14.     Paragraph 14 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Trustee makes allegations concerning the ESOP Plan and ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 14.

15.     Paragraph 15 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants admit the allegations in Paragraph 15.

16.     Paragraph 16 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants admit the allegations in Paragraph 16.

17.     Paragraph 17 does not contain any allegations. Other than this statement, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the statement in Paragraph 17; therefore, the allegations in Paragraph 17 are denied.

18.     The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

19.     Paragraph 19 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg

Defendants admit the allegation that Mr. Ahlgren has been appointed as Trustee of the Debtor's bankruptcy estate. The Berg Defendants deny the allegation that Mr. Ahlgren is the Administrator of the ESOP Plan. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Mr. Ahlgren is the ESOP Trustee of the ESOP Trust; therefore, that allegation is denied.

20.     The Berg Defendants admit the allegations in Sentences 1 and 2. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied. Sentence 4 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 4.

21.     Denied.

22.     Denied.

23.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants admit the allegations in Sentences 2, 3, and 4.

24.     Admitted.

25.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants admit the allegations in Sentences 2,

3, and 4.

26.     The Berg Defendants admit the allegations in Sentences 1 and 2. The Berg Defendants deny the allegations in Sentences 3 and 4.

27.     Paragraph 27 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 27.

**A.     Heading A does not contain any allegations.**

28.     Paragraph 28 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28; therefore, the allegations in Paragraph 28 are denied.

29.     Paragraph 29 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29; therefore, the allegations in Paragraph 29 are denied.

30.     Paragraph 30 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30; therefore, the allegations in Paragraph 30 are denied.

31.     Paragraph 31 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in

Paragraph 31; therefore, the allegations in Paragraph 31 are denied.

32.     Paragraph 32 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32; therefore, the allegations in Paragraph 32 are denied.

33.     Paragraph 33 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33; therefore, the allegations in Paragraph 33 are denied.

34.     Paragraph 34 asserts legal conclusions; therefore, no response is required. To the extent a response is required the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34; therefore, the allegations in Paragraph 34 are denied.

**B.     Heading B does not contain any allegations.**

35.     Paragraph 35 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35; therefore, the allegations in Paragraph 35 are denied.

36.     Paragraph 36 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36; therefore, the allegations in Paragraph 36 are denied.

37.    Paragraph 37 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37; therefore, the allegations in Paragraph 37 are denied.

38.    Paragraph 38 asserts legal conclusions; therefore, no response is required. To the extent a response is required the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38; therefore, the allegations in Paragraph 38 are denied.

39.    Paragraph 39 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39; therefore, the allegations in Paragraph 39 are denied.

40.    Paragraph 40 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40; therefore, the allegations in Paragraph 40 are denied.

**C.    Heading C does not contain any allegations.**

41.    Paragraph 41 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41; therefore, the allegations in Paragraph 41 are denied.

42.    Paragraph 42 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42; therefore, the allegations in Paragraph 42 are denied.

43.     Paragraph 43 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43; therefore, the allegations in Paragraph 43 are denied.

**D.     Heading D asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Heading D.**

44.     Paragraph 44 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 44.

45.     Admitted.

46.     Denied.

47.     The Berg Defendants admit the allegations in Sentences 1 and 2. The Berg Defendants deny the allegations in Sentence 3.

48.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 2; therefore, the allegations in Sentences 1 and 2 are denied. The Berg Defendants deny the allegations in Sentence 3.

49.     The Berg Defendants deny the allegation that the Debtor's original

8(a) Program application certified the Debtor's primary industry as "specialty retail clothes." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 49; therefore, all other allegations in Paragraph 49 are denied.

50.    Paragraph 50 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 50.

51.    Paragraph 51 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 51.

52.    Paragraph 52 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 52.

53.    Paragraph 53 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 53.

54.    Paragraph 54 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 54.

**E.    Heading E asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Heading E.**

55.     Paragraph 55 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55; therefore, the allegations in Paragraph 55 are denied.

56.     The Berg Defendants lack knowledge or information sufficient to form a belief as about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. Sentence 2 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 2.

57.     The Berg Defendants admit the allegations in Sentence 1 and the allegation that "[t]he Debtor never (or rarely) received any Set-Aside Contracts relating to clothing, screen printing, or retail sales." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "by 2014, less than 1% of the Debtor's annual revenue was attributable to clothing and related retail sales"; therefore, that allegation is denied. The Berg Defendants deny all other allegations in Paragraph 57.

58.     Admitted.

59.     Paragraph 59 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 59.

**F.      Heading F asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny**

**the allegations in Heading F.**

60.     Denied.

61.     Denied.

62.     Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 62.

63.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63; therefore, the allegations in Paragraph 63 are denied.

64.     The Berg Defendants deny the allegations in Sentences 1 and 2. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied.

65.     Paragraph 65 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 65.

66.     Paragraph 66 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 66.

**G.     Heading G asserts legal conclusions; therefore, no response is required.**

67.     Paragraph 67 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 67.

68.     The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 68; therefore, all other allegations in Paragraph 68 are denied.

69.     Paragraph 69 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "Razor did not qualify for the 8(a) or WOSB Programs because . . . Schwartzenberger did not 'control' Razor, as required by SBA eligibility regulations"; therefore, that allegation is denied. The Berg Defendants deny the allegation that Connie Berg did not control the Debtor. The Berg Defendants deny the allegations in Sentence 2.

70.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70; therefore, the allegations in Paragraph 70 are denied.

71.     The Berg Defendants deny the allegation that Connie Berg was not meaningfully involved in the day-to-day management of the Debtor. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 71; therefore, all other allegations in Paragraph 71 are denied.

72.     Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient form a belief about the truth of all other allegations in Paragraph 72; therefore, all other allegations in Paragraph 72 are denied.

73.     Paragraph 73 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 73.

74.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74; therefore, the allegations in Paragraph 74 are denied.

75.     Admitted.

76.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76; therefore, the allegations in Paragraph 76 are denied.

77.     Paragraph 77 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77; therefore, the allegations in Paragraph 77 are denied.

78.     The Berg Defendants deny the allegations in Sentence 1. Sentences 2, 3, and 4 assert legal conclusions; therefore, no response is required.  To the extent a response is required, the Berg Defendants deny the allegations in Sentence 4.

79.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 4; therefore, the allegations in Sentences 1 and 4 are denied. The Berg Defendants deny the allegations in Sentences 2, 3, and 5.

80.    The Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

81.    Paragraph 81 asserts legal conclusions; therefore, no response is required.

82.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 2 and 3; therefore, the allegations in Sentences 2 and 3 are denied.

83.    Paragraph 83 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83; therefore, the allegations in Paragraph 83 are denied.

84.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

85.     Admitted.

86.     The Berg Defendants admit the allegations in Sentence 1 and the allegation that Kyle Berg and Walters co-owned Marlin Creek Holdings LLC, 1776 Investments, and TRM. The Berg Defendants deny all other allegations in Paragraph 86.

87.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87; therefore, the allegations in Paragraph 87 are denied.

88.     Paragraph 88 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 88.

89.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. Sentence 2 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

90.     Paragraph 90 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90; therefore, the allegations in Paragraph 90 are denied.

91.     Paragraph 91 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 3; therefore, the allegations in Sentences 1 and 3 are denied. The Berg Defendants deny the allegations in Sentences 2 and 4.

92.     Denied.

93.     Paragraph 93 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93; therefore, the allegations in Paragraph 93 are denied.

94.     Admitted.

95.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 2; therefore, the allegations in Sentences 1 and 2 are denied. Sentences 3 and 4 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentences 3 and 4.

96.     Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants deny all other allegations in Paragraph 96.

97.     Sentence 1 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 2, 3, and 4; therefore, the allegations in Sentences 2, 3, and 4 are denied.

98. Paragraph 98 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 98.

**H.    The Berg Defendants deny the allegations in Heading H that the Bergs engaged in fraud and that any fraud inflated the Debtor's value and placed the Company at risk.**

99. Paragraph 99 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny Paragraph 99.

100. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 2; therefore, the allegations in Sentences 1 and 2 are denied. Sentence 3 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 3.

101. Paragraph 101 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in

Sentence 1 are denied. The Berg Defendants deny all other allegations in Paragraph 101.

102.    Paragraph 102 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 102.

103.    Paragraph 103 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 103.

**I.      Heading I asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Heading I.**

104.    Denied.

105.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105; therefore, the allegations in Paragraph 105 are denied.

106.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106; therefore, the allegations in Paragraph 106 are denied.

107.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants deny the allegations in Sentence 2.

108.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants admit the

allegations in Sentence 1. The Berg Defendants admit the allegations in Sentence 2. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied.

109.   Admitted.

110.   Admitted.

**J.      The Berg Defendants admit the allegation that Connie Berg, in her capacity as President of the Debtor, retained Miguel Paredes to serve as ESOP Trustee. The Berg Defendants deny all other allegations in Heading J.**

111.   Admitted.

112.   Admitted.

113.   The Berg Defendants admit the allegation that the Engagement Letter contained the quoted statement. The Berg Defendants deny all other allegations in Paragraph 113.

114.   The Berg Defendants admit the allegation that the Engagement Letter contained the quoted statement. The Berg Defendants deny all other allegations in Paragraph 114.

115.   The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 2; therefore, the allegations in Sentences 1 and 2 are denied. Sentence 3 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied.

116.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116; therefore, the allegations in Paragraph 116 are denied.

117.    Admitted.

118.    Admitted.

**K.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "the parties negotiate the ESOP Transaction"; therefore, that allegation is denied. The Berg Defendants deny the allegation that Connie Berg received a "$6.2 million equity distribution before closing the ESOP Transaction."**

119.    Admitted.

120.    Denied.

121.    The Berg Defendants admit the allegation that the ESOP Term Sheet provided that Connie Berg would sell all of her equity in the Debtor to the ESOP Trust and the Debtor for $31,000,000 plus cash on the balance sheet as of the closing of the ESOP transaction less the Debtor's existing debt. The Berg Defendants deny all other allegations in Sentence 1. The Berg Defendants deny the allegations in Sentence 2.

122.    The Berg Defendants admit the allegation that under the ESOP Term Sheet, Connie Berg and Mr. Paredes agreed that before the Debtor revoked its S-

Corporation election and the close of the ESOP Transaction, the Debtor would make a distribution of the accumulated adjustments account balance to Connie Berg. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 122; therefore, all other allegations in Paragraph 122 are denied.

123. The Berg Defendants deny the allegations in Sentences 1 and 4. The Berg Defendants admit the allegations in Sentence 2. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 3 and 5; therefore, the allegations in Sentences 3 and 5 are denied.

124. Admitted.

**L.      Admitted.**

125. Admitted.

126. The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants deny the allegations in Sentence 2. In response to Sentence 3, the Berg Defendants incorporate by reference their responses in Paragraphs 127-140.

127. Admitted.

128. Denied.

129. Admitted.

130. The Berg Defendants deny the characterization of "the $9,014,246" as a "cash purchase price" and the allegation that "[t]he Debtor obtained most of the funds with an $8,479,246 term loan from Bankers Trust." The Berg Defendants

admit all other allegations in Sentences 1, 2, and 4. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied.

131.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131; therefore, the allegations in Paragraph 131 are denied.

132.    Admitted.

133.    Admitted.

134.    Admitted.

135.    Admitted.

136.    Admitted.

137.    The Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

138.    The Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

139.    Admitted.

140.    Admitted.

**M.    Heading M asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Heading M that the Bergs engaged in fraud and that the**

**Bergs concealed any fraud from Paredes and the ESOP Plan.**

141.     Paragraph 141 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 141.

142.     Paragraph 142 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 142.

143.     Denied.

144.     Admitted.

145.     Denied.

146.     The Berg Defendants admit the allegation that Connie Berg represented to the ESOP Trust in Section 3.3(g)(i) that the Debtor's reviewed financial statements for the years ended December 31, 2017, 2018 and 2019 and for the Debtor's internally-prepared balance sheet and income statement for the seven-month period ending July 31, 2020 "present fairly the financial position of the Company of such date and the results of the operations of the Company for such period in all material respects" and "contain no untrue statements of material fact, do not omit any material fact necessary to make such Financial Statements not misleading." The Berg Defendants deny all other allegations in Paragraph 146.

147.     Denied.

148.     The Berg Defendants admit the allegation that Connie Berg represented to the ESOP Trust in Section 3.3(g)(ii) that the Debtor had no "material

liabilities or obligations" other than those disclosed in the Disclosure Schedule.  The Berg Defendants admit the allegation that Connie Berg represented to the ESOP Trust in Section 3.3(g)(v) that the Debtor had not incurred any liability or obligation that was "not included in the Interim Financials, except for ordinary trade obligations that may have been incurred after the date of the balance sheet in the normal course of business." The Berg Defendants deny all other allegations in Paragraph 148.

149.    Denied.

150.    The Berg Defendants admit the allegation in Sentence 1. Sentence 2 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 2.

151.    Denied.

152.    Admitted.

153.    In its Order Granting in Part and Denying in Part Berg Defendants' Motion to Dismiss (the "Order"), the Court dismissed the allegation that the "Debtor's eligibility for set-aside contracts based solely on Debtor's small business status" was a "License or Permit" under the ESOP Stock Purchase Agreement. (Dkt. 111 at 23.)  Therefore, no response to that allegation is required. The Berg Defendants deny all other allegations in Paragraph 153.

154.    Admitted.

155.    Denied.

156.    Admitted.

157. Denied.

158. Admitted.

159. The Berg Defendants deny the allegations in Sentences 1 and 3. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

160. Admitted.

161. Denied.

**162.** Denied.

163. Paragraph 163 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 163.

## N.    The Berg Defendants deny the allegation in Heading N that the Bergs engaged in fraud.

164. Paragraph 164 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that Mr. Paredes' engagement letter stated that Mr. Paredes "shall: (1) evaluate the proposed purchase of Company stock by the ESOP; (2) perform due diligence with respect to the Company and the proposed ESOP Transaction; and (3) act independently of the Company and its agents and representatives to negotiate on behalf of the ESOP the price, terms, and conditions of the ESOP Transaction." The Berg Defendants further admit that Mr. Paredes'

engagement letter stated that Mr. Paredes "shall discharge his duties solely in the interest of the participants and beneficiaries of the Plan with the intent of executing a transaction that is prudent, where the ESOP pays no more than adequate consideration for the Company stock, that is fair to the ESOP from a financial point of view, and that is in accordance with the terms of the Plan and applicable law, including, but not limited to, ERISA and the Internal Revenue Code." The Berg Defendants deny all other allegations in Paragraph 164.

165.    Paragraph 165 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 165.

166.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 2; therefore, the allegations in Sentences 1 and 2 are denied. The Berg Defendants deny the allegations in Sentence 3. Sentence 4 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 4.

167.    Paragraph 167 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 167.

168.    The Berg Defendants deny the allegations in Sentence 1. The Berg Defendants admit the allegations in Sentence 2. Sentence 3 asserts legal conclusions; therefore, no response is required. To the extent a response is required,

the Berg Defendants deny the allegations in Sentence 3.

169.    The Berg Defendants admit the allegations in Sentences 1 and 2 and the allegation that "[Mr.] Paredes and his advisors (including Stout and Benesch) received the CIM during the due diligence process for the ESOP transaction." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Sentence 3 and the allegations in Sentence 4; therefore, all other allegations in Sentence 3 and the allegations in Sentence 4 are denied.

170.    The Berg Defendants deny the allegations in Sentences 1, 2, and 3. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 4; therefore, the allegations in Sentence 4 are denied. Sentence 5 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 5.

171.    The Berg Defendants admit the allegation that "the proposed ESOP transaction structure contemplated that Connie Berg would have no ongoing involvement in the Debtor's business post-closing." The Berg Defendants deny the allegation that "Kyle Berg would remain heavily involved as a consultant through his entity, Fed Serve." Sentence 2 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 2.

172.    The Berg Defendants lack knowledge or information sufficient to form

a belief about the truth of the allegations in Sentences 1, 2, 3, and 4; therefore, the allegations in Sentences 1, 2, 3, and 4 are denied. Sentence 5 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 5; therefore, the allegations in Sentence 5 are denied.

173.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173; therefore, the allegations in Paragraph 173 are denied.

174.    Paragraph 174 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174; therefore, the allegations in Paragraph 174 are denied.

175.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175; therefore, the allegations in Paragraph 175 are denied.

176.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied.  The Berg Defendants admit the allegation that the Engagement Letter contained the quoted statement. The Berg Defendants deny all other allegations in Sentence 2.

177.    Paragraph 177 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 177.

178.    Paragraph 178 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 178.

179.    Paragraph 179 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 179.

**O.    Heading O asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegation in Heading O that the Bergs engaged in fraud.**

180.    Paragraph 180 contains allegations not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 180.

181.    Admitted.

182.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 182; therefore, the allegations in Paragraph 182 are denied.

183.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183; therefore, the allegations in Paragraph 183 are denied.

184.    Paragraph 184 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 184.

185.    The Berg Defendants admit the allegation that Kyle Berg was employed by CS DuBois for over a decade. All other allegations in Paragraph 185 are not directed against the Berg Defendants. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 185; therefore, all other allegations in Paragraph 185 are denied.

186.    Sentences 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants deny the allegations in Sentence 2. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3; therefore, the allegations in Sentence 3 are denied.

187.    Sentences 1 and 2 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Sentence 1 regarding Mr. DuBois' knowledge and the allegations in Sentence 2; therefore, those allegations are denied. The Berg Defendants deny the allegation in Sentence 1 that "Kyle Berg had a practice of wrongfully circumventing eligibility requirements."  The Berg

Defendants admit the allegations in Sentences 3 and 4.

188.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188; therefore, the allegations in Paragraph 188 are denied.

189.    Paragraph 189 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegations that the Bergs "fraudulently enrolled the Debtor in WOSB and 8(a) Programs" and that the Debtor "was not a small business." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 189; therefore, all other allegations in Paragraph 189 are denied.

190.    Paragraph 190 contains allegations not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190; therefore, the allegations in Paragraph 190 are denied.

191.    Paragraph 191 contains allegations not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191; therefore, the allegations in Paragraph 191 are denied.

192.    Paragraph 192 contains allegations that are not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192; therefore, the

allegations in Paragraph 192 are denied.

193.    Paragraph 193 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Mr. DuBois' representations and disclosures; therefore, those allegations are denied. The Berg Defendants deny all other allegations in Paragraph 193.

194.    Paragraph 194 contains allegations that are not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194; therefore, the allegations in Paragraph 194 are denied.

195.    Paragraph 195 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. DuBois' representations and knowledge; therefore, those allegations are denied. The Berg Defendants deny all other allegations in Paragraph 195.

196.    Paragraph 196 contains allegations that are not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196; therefore, the allegations in Paragraph 196 are denied.

197.    Paragraph 197 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. DuBois' representations and knowledge; therefore, those allegations are denied. The Berg Defendants deny all other allegations in Paragraph 197.

198.    Paragraph 198 contains allegations that are not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198; therefore, the allegations in Paragraph 198 are denied.

199.    Paragraph 199 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. DuBois' representations and omissions; therefore, those allegations are denied. The Berg Defendants deny all other allegations in Paragraph 199.

**200.**    Paragraph 200 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 200.

**201.**    Paragraph 201 does not contain any allegations.

**202.**    Paragraph 202 does not contain any allegations.

**203.**    Paragraph 203 does not contain any allegations.

**204.**    Paragraph 204 does not contain any allegations.

**205.** Paragraph 205 does not contain any allegations.

**206.** Paragraph 206 does not contain any allegations.

**207.** Paragraph 207 does not contain any allegations.

**208.** Paragraph 208 does not contain any allegations.

**209.** Paragraph 209 does not contain any allegations.

**210.** Paragraph 210 does not contain any allegations.

**211.** Paragraph 211 does not contain any allegations.

**P.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Heading P; therefore, the allegations in Heading P are denied.**

212.     Paragraph 212 contains allegations that are not directed at the Berg Defendants.  The Berg Defendants admit the allegations in Paragraph 212.

213.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 213; therefore, the allegations in Paragraph 213 are denied.

214.     The Berg Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Sentences 1 and 3; therefore, the allegations in Sentences 1 and 3 are denied. The Berg Defendants admit the allegations in Sentence 2.

215.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that "DuBois authorized the $9,542,602.39 of payments to Connie Berg" and concerning Mr. DuBois' knowledge; therefore,

those allegations are denied. The Berg Defendants deny that Connie Berg engaged in any misconduct or made any misrepresentations in connection with the ESOP transaction and share redemption. Sentences 2 and 3 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 2 and 3; therefore, the allegations in Sentences 2 and 3 are denied.

216.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 216; therefore, the allegations in Paragraph 216 are denied.

217.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 217; therefore, the allegations in Paragraph 217 are denied.

**Q.     The Berg Defendants deny the characterization of the FBI's search as a "raid." The Berg Defendants admit Exhibit D states that the Debtor and the federal government entered into a Non-Prosecution Agreement.**

218.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218; therefore, the allegations in Paragraph 218 are denied.

219.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 219; therefore, the allegations in Paragraph 219 are denied.

220.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 220; therefore, the allegations in Paragraph 220 are denied.

221.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 221; therefore, the allegations in Paragraph 221 are denied.

222.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 222; therefore, the allegations in Paragraph 222 are denied.

223.     The Berg Defendants admit that the document attached to the Second Amended Complaint as Exhibit C (hereinafter, "Exhibit C") purports to be an unsealed search warrant affidavit and that Paragraph 223 links to a news article. The Berg Defendants lack knowledge or information sufficient to form a belief about all other allegations in Paragraph 223; therefore, all other allegations in Paragraph 223 are denied.

224.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224; therefore, the allegations in Paragraph 224 are denied.

225.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225; therefore, the allegations in Paragraph 225 are denied.

226.     Admitted.

227.     The Berg Defendants admit that Exhibit D states that the Debtor agreed to pay a $949,000 criminal penalty to the federal government and that the $949,000 criminal penalty represented "profits the Company realized from the relevant set-side contracts that were illegally awarded during the period prior to 2020 . . . and that the Company continued performance on following the ESOP [Transaction]." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 227; therefore, all other allegations in Paragraph 227 are denied.

228.     The Berg Defendants admit that Exhibit D contains the quoted statements.

229.     Sentence 1 asserts a legal conclusion the Bergs committed fraud; therefore, no response is required to that statement. The Berg Defendants admit that Exhibit D contains the quoted statement. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 229; therefore, all other allegations in Paragraph 229 are denied.

230.     Paragraph 230 contains allegations that are not directed at the Berg Defendants. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230; therefore, the allegations in Paragraph 230 are denied.

**R.     Admitted.**

231.     Paragraph 231 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 231.

232.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 232; therefore, the allegations in Paragraph 232 are denied.

233.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 233; therefore, the allegations in Paragraph 233 are denied.

**234.**    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 234; therefore, the allegations in Paragraph 234 are denied.

235.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 235; therefore, the allegations in Paragraph 235 are denied.

236.    The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 236; therefore, the allegations in Paragraph 236 are denied.

237.    The Berg Defendants deny the allegations in Paragraph 237. The Berg Defendants deny the allegation that the Debtor "could not maintain its pre-ESOP revenue due to its ineligibility for the 8(a) and WOSB Programs, and the loss of its 'small business' certification" as a result of the government's investigation into the alleged fraud or public revelation of that investigation. The Debtor graduated out of the 8(a) Program years before the ESOP Transaction, became ineligible for the

WOSB Program at the close of the ESOP Transaction, and lost its small business certification because of the Greenstone size protest.

238.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238; therefore, the allegations in Paragraph 238 are denied. The Berg Defendants deny the allegation that Connie Berg "defrauded the federal government."

239.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 239; therefore, the allegations in Paragraph 239 are denied.

240.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 240; therefore, the allegations in Paragraph 240 are denied.

**241.**     Paragraph 241 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 241.

242.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

243.     Paragraph 243 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 243.

244.     Paragraph 244 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as

follows. In its Order, the Court dismissed as time-barred allegations that the Berg
Defendants breached fiduciary duties owed to the Debtor by "causing Debtor to
fraudulently obtain Set-Aside Contracts predating April 22, 2018" or "from a
conspiracy to defraud the government where the final act of the conspiracy predates
April 22, 2018." (Dkt. 111 at 11-12.) Therefore, no response is required to the
allegations that Connie Berg breached a fiduciary duty owed to the Debtor by "(a)
causing the Debtor to fraudulently enroll in the 8(a) and WOSB Programs; (b)
causing the Debtor to fraudulently obtain Set-Aside Contracts to which the Debtor
was not entitled; (c) conspiring with Kyle Berg  other entities controlled by Kyle
Berg to defraud the federal government, including Razor, Fed Serve, MDM, OK2,
and the Tunheim entities" to the extent those allegations concern conduct prior to
April 22, 2018. The Berg Defendants deny all other allegations in Paragraph 244.

245.    Paragraph 245 asserts legal conclusions; therefore, no response is
required. To the extent a response is required, the Berg Defendants deny the
allegations in Paragraph 245.

246.    Paragraph 246 asserts legal conclusions; therefore, no response is
required. To the extent a response is required, the Berg Defendants deny the
allegations in Paragraph 246.

247.    The Berg Defendants incorporate by reference all of their responses as
if fully set forth herein.

248.    Paragraph 248 asserts legal conclusions; therefore, no response is
required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 248.

249.    Paragraph 249 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 249.

250.    Paragraph 250 asserts legal conclusions; therefore, no response is required. To the extent a response is required, respond as follows. In its Order, the Court dismissed as time-barred allegations that the Berg Defendants breached fiduciary duties owed to the Debtor by "causing Debtor to fraudulently obtain Set-Aside Contracts predating April 22, 2018" or "from a conspiracy to defraud the government where the final act of the conspiracy predates April 22, 2018." (Dkt. 111 at 11-12.) Therefore, no response is required to the allegations that Kyle Berg breached a fiduciary duty owed to the Debtor by "(a) causing the Debtor to fraudulently enroll in the 8(a) and WOSB Programs; (b) causing the Debtor to fraudulently obtain Set-Aside Contracts to which the Debtor was not entitled; (c) conspiring with Connie Berg and other entities he controlled to defraud the federal government, including Razor, Fed Serve, MDM, OK2, and the Tunheim entities" to the extent those allegations concern conduct prior to April 22, 2018. The Berg Defendants deny all other allegations in Paragraph 250.

251.    Paragraph 251 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 251.

**252.**    Paragraph 252 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 252.

253.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

254.    Paragraph 254 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 254.

255.    Paragraph 255 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 255.

256.    Paragraph 256 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 256.

257.    Paragraph 257 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 257.

**258.**    Paragraph 258 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 258.

259.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

260.    Paragraph 260 contains allegations that are not directed at the Berg

Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 260; therefore, the allegations in Paragraph 260 are denied.

261.    Paragraph 261 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261; therefore, the allegations in Paragraph 261 are denied.

**262.**    Paragraph 262 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 262; therefore, the allegations in Paragraph 262 are denied.

263.    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, no response is required to Paragraph 263.

264.    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, no response is required to Paragraph 264.

**265.**    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. Therefore, no response is required to Paragraph 265.

266.    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, no response is required to Paragraph 266.

267.    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, no response is required to Paragraph 267.

268.    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, no response is required to Paragraph 268.

**269.**    In the Order, the Court dismissed Count 6 for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, no response is required to Paragraph 269.

270.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

271.    Paragraph 271 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 271.

272.    Admitted.

273.    Paragraph 273 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 273.

274.    Admitted.

275.    Paragraph 275 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 275.

276.    Paragraph 276 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 276.

277.    Paragraph 277 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 277.

278.    Paragraph 278 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 278.

279.    Paragraph 279 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 279.

280.    Paragraph 280 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 280.

281.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

282.    Admitted.

283.    Admitted.

284.    Admitted.

285.    Paragraph 285 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 285.

286.    Paragraph 286 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 286.

287.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants admit the allegation in Sentence 2.

288.    Paragraph 288 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 288.

289.    Paragraph 289 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 289.

290.    Paragraph 290 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 290.

291.    Paragraph 291 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 291.

292.    Paragraph 292 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 292.

293.    Paragraph 293 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 293.

294.    Paragraph 294 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 294.

**295.**    Paragraph 295 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 295.

296.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

297.    Denied.

298.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants admit the allegation that the equity distribution "was an immediate precursor to, and part of, the ESOP transaction." The Berg Defendants deny all other allegations in Paragraph 298.

299.    Paragraph 299 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegations that the equity distribution was made to Connie Berg; the equity distribution was a dividend on account of Connie Berg's equity interest in the Debtor; and the Debtor incurred secured debt to Bankers Trust, seller financing from Connie Berg, and obligations to the ESOP Trust after the equity distribution. The Berg Defendants deny all other allegations in Paragraph 299.

300.    Admitted.

301.    Paragraph 301 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that Kyle Berg is Connie Berg's husband. The Berg Defendants deny all other allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

302.    Paragraph 302 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 302.

303.    Paragraph 303 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 303 arose before the Debtor made the equity distribution. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth

of all other allegations in Paragraph 303; therefore, all other allegations in Paragraph 303 are denied.

304.    Paragraph 304 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 304.

305.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

306.    Denied.

307.    Paragraph 307 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that the equity distribution was a dividend on account of Connie Berg's equity interest in the Debtor. The Berg Defendants deny all other allegations in Paragraph 307.

308.    Paragraph 308 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Debtor made an equity distribution to Connie Berg and incurred secured debt to Bankers Trust, seller financing to Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 308.

309.    Admitted.

310.    Paragraph 310 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as

follows. The Berg Defendants admit the allegation that Kyle Berg is Connie Berg's husband. The Berg Defendants deny all other allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

311.   Paragraph 311 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 311.

312.   Paragraph 312 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 312 arose before the Debtor made the equity distribution. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 312; therefore, all other allegations in Paragraph 312 are denied.

313.   Paragraph 313 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 313.

314.   The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

315.   Admitted.

316.   Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a believe about the truth of the allegation that "[t]he sole purpose of the transfer was to fund the ESOP Trust's acquisition of the Debtor's stock from Connie Berg"; therefore, that allegation is denied. The Berg Defendants deny all other allegations in Paragraph 316.

317.    Paragraph 317 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that as part of the ESOP Transaction the Debtor incurred secured debt to Bankers Trust, seller financing from Connie Berg, and obligations to the ESOP Trust after the transfer. The Berg Defendants deny all other allegations in Paragraph 317.

318.    Admitted.

319.    Paragraph 319 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that Connie Berg received $335,000 from the ESOP Trust as part of the ESOP Transaction. The Berg Defendants deny all other allegations in Paragraph 319.

320.    Paragraph 320 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 320; therefore, the allegations in Paragraph 320 are denied.

321.    Paragraph 321 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 321.

322.   Paragraph 322 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 322 arose before the Debtor made the $335,000 transfer. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 322; therefore, all other allegations in Paragraph 322 are denied.

323.   Paragraph 323 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 323.

324.   The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

325.   Admitted.

326.   Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "[t]he sole purpose of the transfer was to fund the ESOP Trust's acquisition of the Debtor's stock from Connie Berg"; therefore, that allegation is denied. The Berg Defendants deny all other allegations in Paragraph 326.

327.    Paragraph 327 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that as part of the ESOP Transaction the Debtor incurred secured debt to Bankers Trust, seller financing from Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 327.

328.    Admitted.

329.    Paragraph 329 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that Connie Berg received $200,000 from the ESOP Trust as part of the ESOP Transaction. The Berg Defendants deny all other allegations in Paragraph 329.

330.    Paragraph 330 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants deny the allegations in Sentence 2.

331.    Paragraph 331 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 331.

332.    Paragraph 332 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as

follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 332 arose before the Debtor made the $200,000 transfer. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 332; therefore, all other allegations in Paragraph 332 are denied.

333.     Paragraph 333 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 333.

334.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

335.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants deny the allegations in Sentence 2.

336.     Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied. The Berg Defendants deny all other allegations in Paragraph 336.

337.     Paragraph 337 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that as part of the ESOP

Transaction the Debtor incurred secured debt to Bankers Trust, seller financing from Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 337.

338.    Admitted.

339.    Paragraph 339 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that Connie Berg received $8,479,246 from the ESOP Trust as part of the ESOP Transaction. The Berg Defendants deny all other allegations in Paragraph 339.

340.    Paragraph 340 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 340; therefore, the allegations in Paragraph 340 are denied.

341.    Paragraph 341 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 341.

342.    Paragraph 342 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 342 arose before the Debtor made the $8,479,246 transfer. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 342; therefore, all other allegations in

Paragraph 342 are denied.

343.    Paragraph 343 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 343.

344.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

345.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied. Sentence 3 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that "[t]he Debtor incurred the Redemption Note Obligations . . . with actual intent to hinder, delay, or defraud its creditors." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Debtor "made the Redemption Note Payments, with actual intent to hinder, delay, or defraud its creditors"; therefore, that allegation is denied.

346.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants deny all other allegations in Paragraph 346.

347.    Paragraph 347 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants admit the allegation that as part of the ESOP Transaction the Debtor incurred secured debt to

Bankers Trust, seller financing from Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 347.

348.   The Berg Defendants admit the allegation that "Connie Berg was the obligee of the Redemption Note Obligations." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Connie Berg was "the initial transferee of the Redemption Note Payments"; therefore, that allegation is denied.

349.   Paragraph 349 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 349; therefore, the allegations in Paragraph 349 are denied.

350.   Paragraph 350 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 350.

351.   Paragraph 351 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 351 arose before the Debtor incurred the Redemption Note Obligations or made any Redemption Note Payments. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 351; therefore, all other allegations in Paragraph 351 are denied.

352.   Paragraph 352 contains legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 352.

353.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

354.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied. Sentence 3 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that "[t]he Debtor incurred the Seller Note Obligations . . . with actual intent to hinder, delay, or defraud its creditors." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Debtor "made the Seller Note Payments, with actual intent to hinder, delay, or defraud its creditors"; therefore, that allegation is denied.

355.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants deny all other allegations in Paragraph 355.

356.    Paragraph 356 asserts legal conclusions; therefore no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that as part of the ESOP Transaction the Debtor incurred secured debt to Bankers Trust, seller financing from Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 356.

357.    The Berg Defendants admit the allegation that "Connie Berg was the obligee of the Seller Note Obligations." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Connie Berg was "the initial transferee of the Seller Note Payments"; therefore, that allegation is denied.

358.    Paragraph 358 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 358; therefore, the allegations in Paragraph 358 are denied.

359.    Paragraph 359 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 359.

360.    Paragraph 360 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 360 arose before the Debtor incurred the Seller Note Obligations or made any of the Seller Note Payments. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 360; therefore, all other allegations in Paragraph 360 are denied.

361.    Paragraph 361 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 361.

362.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

363.    Admitted.

364.    Paragraph 364 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 364.

365.    Paragraph 365 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Debtor made an equity distribution to Connie Berg and incurred secured debt to Bankers Trust, seller financing to Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 365.

366.    Admitted.

367.    Paragraph 367 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that Connie Berg received $335,000 from the ESOP Trust as part of the ESOP Transaction. The Berg Defendants deny all other allegations in Paragraph 367.

368.    Paragraph 368 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 368; therefore, the allegations in Paragraph 368 are denied.

369.     Paragraph 369 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 369.

370.     Paragraph 370 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 370 arose before the Debtor made the $335,000 transfer. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 370; therefore, all other allegations in Paragraph 370 are denied.

371.     Paragraph 371 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 371.

372.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

373.     Admitted.

**374.**     Paragraph 374 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 374.

375.     Paragraph 375 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Debtor made an equity distribution to

Connie Berg and incurred secured debt to Bankers Trust, seller financing to Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 375.

376.   Admitted.

377.   Paragraph 377 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that Connie Berg received $200,000 from the ESOP Trust as part of the ESOP Transaction. The Berg Defendants deny all other allegations in Paragraph 377.

378.   Paragraph 378 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 378; therefore, the allegations in Paragraph 378 are denied.

379.   Paragraph 379 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 379.

380.   Paragraph 380 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 380 arose before the Debtor made the $200,000 transfer. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 380; therefore, all other allegations in

Paragraph 380 are denied.

381.     Paragraph 381 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 381.

382.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

383.     The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The berg Defendants deny the allegations in Sentence 2.

384.     The Berg Defendants admit the allegation that the Debtor transferred $8,479,246 to the ESOP Trust. All other statements in Paragraph 384 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny all other allegations in Paragraph 384.

385.     Paragraph 385 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Debtor made an equity distribution to Connie Berg and incurred secured debt to Bankers Trust, seller financing to Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 385.

386.     Admitted.

387.     Paragraph 387 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as

follows. The Berg Defendants admit the allegation that Connie Berg received $8,479,246 from the ESOP Trust as part of the ESOP Transaction. The Berg Defendants deny all other allegations in Paragraph 387.

388.    Paragraph 388 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 388; therefore, the allegations in Paragraph 388 are denied.

389.    Paragraph 389 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 389.

390.    Paragraph 390 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 390 arose before the Debtor made the $8,479,246 transfer. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 390; therefore, all other allegations in Paragraph 390 are denied.

391.    Paragraph 391 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 391.

392.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

393.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

394.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that "[t]he Debtor incurred the Redemption Note Obligations." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Debtor "made each of the Redemption Note Payments"; therefore, that allegation is denied. The Berg Defendants deny the allegation that the Debtor "did not receive reasonably equivalent value from Connie Berg." The Berg Defendants admit the allegation that "[t]he Debtor incurred the Redemption Note Obligations . . . to purchase and redeem 37,683 shares of the Debtor's stock from Connie Berg." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "[t]he Debtor . . . made the Redemption Note Payments to purchase and redeem 37,683 shares of the Debtor's stock from Connie Berg"; therefore, that allegation is denied. The Berg Defendants deny the allegations in Sentences 3 and 4.

395.    Paragraph 395 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Debtor made an equity distribution to Connie Berg and incurred secured debt to Bankers Trust, seller financing to Connie

Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 395.

396.     The Berg Defendants admit the allegation that "Connie Berg is the obligee of the Redemption Note Obligations." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Connie Berg is "the initial transferee of the Redemption Note Payments"; therefore, that allegation is denied.

397.     Paragraph 397 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 397; therefore, the allegations in Paragraph 397 are denied.

398.     Paragraph 398 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 398.

399.     Paragraph 399 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that the claims listed in Paragraph 399 arose before the Debtor incurred the Redemption Note Obligations or made any Redemption Note Payments. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 399; therefore, all other allegations in Paragraph 399 are denied.

400.     Paragraph 400 contains legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 400.

401.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

402.    The Berg Defendants admit the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

403.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit the allegation that "[t]he Debtor incurred the Seller Note Obligations." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Debtor "made each of the Seller Note Payments"; therefore, that allegation is denied. The Berg Defendants deny the allegation that the Debtor "did not receive reasonably equivalent value from Connie Berg." The Berg Defendants admit the allegation that "[t]he Debtor incurred the Seller Note Obligations . . . in connection with the ESOP Trust's Purchase of 62,317 shares of the Debtor's stock from Connie Berg." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Debtor "made the Seller Note Payments in connection with the ESOP Trust's purchase of 62,317 shares of the Debtor's stock from Connie Berg"; therefore, that allegation is denied. The Berg Defendants deny the allegations in Sentences 3 and 4.

404.    Paragraph 404 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants admit that the Debtor made an equity distribution to Connie Berg and incurred secured debt to Bankers Trust, seller financing to Connie Berg, and obligations to the ESOP Trust. The Berg Defendants deny all other allegations in Paragraph 404.

405.    The Berg Defendants admit the allegation that "Connie Berg was the obligee of the Seller Note Obligations." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Connie Berg was "the initial transferee of the Seller Note Payments"; therefore, that allegation is denied.

406.    Paragraph 406 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 406; therefore, the allegations in Paragraph 406 are denied.

407.    Paragraph 407 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 407.

408.    Paragraph 408 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants deny the allegation that any of the claims listed in Paragraph 408 arose before the Debtor incurred the Seller Note Obligations or

made any Seller Note Payments. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 408; therefore, all other allegations in Paragraph 408 are denied.

409.    Paragraph 409 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 409.

410.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

411.    Paragraph 411 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 411; therefore, the allegations in Paragraph 411 are denied.

412.    Paragraph 412 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 412; therefore, the allegations in Paragraph 412 are denied.

413.    Paragraph 413 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 413; therefore, the allegations in Paragraph 413 are denied.

414.    Paragraph 414 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 414; therefore, the allegations in Paragraph 414 are denied.

415.    Paragraph 415 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 415.

416.    Paragraph 416 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 416; therefore, the allegations in Paragraph 416 are denied.

417.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants admit the allegations in Sentence 2.

418.    Paragraph 418 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 418.

419.    Paragraph 419 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants respond as follows. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1, 2, and 3; therefore, the

allegations in Sentences 1, 2, and 3 are denied. The Berg Defendants deny the allegations in Sentence 4.

420.    Paragraph 420 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 420.

421.    Paragraph 421 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 421.

422.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

423.    Paragraph 423 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 423; therefore, the allegations in Paragraph 423 are denied.

424.    Paragraph 424 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations in Paragraph 424; therefore, the allegations in Paragraph 424 are denied.

425.    Paragraph 425 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 425; therefore, the allegations in Paragraph 425 are denied.

426.    Paragraph 426 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 426; therefore, the allegations in Paragraph 426 are denied.

427.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants admit the allegations in Sentence 2. The Berg Defendants deny the allegations in Sentence 3.

428.    Sentences 1 and 2 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentences 1 and 2. The Berg Defendants deny the allegations in Sentence 3.

429.    Paragraph 429 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 429.

**430.**    Paragraph 430 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 430.

431.    Paragraph 431 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 431.

432.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

433.    Paragraph 433 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 433; therefore, the allegations in Paragraph 433 are denied.

434.    Paragraph 434 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 434.

435.    Paragraph 435 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 435; therefore, the allegations in Paragraph 435 are denied.

436.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1; therefore, the allegations in Sentence 1 are denied. The Berg Defendants admit the allegations in Sentence 2. The Berg Defendants deny the allegations in Sentence 3.

437.    Sentences 1 and 2 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Sentences 1 and 2. The Berg Defendants deny the allegations in Sentence 3.

438.    Paragraph 438 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 438; therefore, the allegations in Paragraph 438 are denied.

439.    Paragraph 439 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 439.

440.    Paragraph 440 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 440.

441.    Paragraph 441 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 441.

**442.**    Paragraph 442 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 442.

443.    Paragraph 443 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 443.

444.    The Berg Defendants incorporate by reference all of their responses as

if fully set forth herein.

445.    Paragraph 445 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations in Paragraph 445; therefore, the allegations in Paragraph 445 are denied.

446.    Paragraph 446 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 446.

**447.**    Paragraph 447 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 447.

448.    Paragraph 448 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 448.

449.    Paragraph 449 contains legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations in Paragraph 449; therefore, the allegations in Paragraph 449 are denied.

450.    Sentences 1, 2, and 3 assert legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentences 1, 2, and 3. The Berg Defendants admit the allegation that Connie Berg received the $6,272,060 equity distribution from the Debtor. The Berg

Defendants deny the allegation that the Bergs received "$9,014,246 in cash from the ESOP Trust when the ESOP transaction closed." The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that the Bergs received "the Seller Note Payments, the Reimbursement Note Payments, and additional consideration"; therefore, those allegations are denied.

451.    Sentence 1 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Sentence 1. The Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 2; therefore, the allegations in Sentence 2 are denied.

**452.**    Paragraph 452 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 452.

453.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

454.    Paragraph 454 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge of information sufficient to form a belief about the truth of the allegations in Paragraph 454; therefore, the allegations in Paragraph 454 are denied.

455.    Paragraph 455 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 455.

456.    Paragraph 456 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 456.

**457.**    Paragraph 457 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 457.

**458.**    Paragraph 458 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 458.

**459.**    Paragraph 459 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 459.

460.    Paragraph 460 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 460.

**461.**    Paragraph 461 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 461.

462.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

463.    Paragraph 463 asserts legal conclusions; therefore, no response is

required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 463; therefore, the allegations in Paragraph 463 are denied.

464.    Paragraph 464 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 464.

465.    Paragraph 465 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 465.

466.    Paragraph 466 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 466.

**467.**    Paragraph 467 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 467.

468.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

469.    Paragraph 469 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 469; therefore, the allegations in Paragraph 469 are denied.

470.     Paragraph 470 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 470; therefore, the allegations in Paragraph 470 are denied.

471.     Paragraph 471 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 471; therefore, the allegations in Paragraph 471 are denied.

472.     Paragraph 472 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 472; therefore, the allegations in Paragraph 472 are denied.

473.     Paragraph 473 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 473; therefore, the allegations in Paragraph 473 are denied.

474.     Paragraph 474 contains allegations that are not directed at the Berg Defendants and asserts legal conclusions; therefore, no response is required. To the

extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 474; therefore, the allegations in Paragraph 474 are denied.

475.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

476.     Paragraph 476 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 476; therefore, the allegations in Paragraph 476 are denied.

477.     Paragraph 477 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants admit the allegation that Section 10-04-15(2) of the North Dakota Century Code contains the quoted language.

478.     Paragraph 478 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 478.

479.     Paragraph 479 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 479.

480.     Paragraph 480 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 480.

481.     Paragraph 481 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 481.

482.     Paragraph 482 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 482.

483.     Paragraph 483 contains no allegations and asserts legal conclusions; therefore, no response is required.

484.     Paragraph 484 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 484.

485.     Paragraph 485 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 485.

486.     Paragraph 486 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 486.

**487.**     Paragraph 487 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 487.

488.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

489.    Paragraph 489 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 489.

490.    Paragraph 490 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 490.

491.    Paragraph 491 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 491; therefore, the allegations in Paragraph 491 are denied.

492.    Paragraph 492 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 492.

493.    Paragraph 493 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 493.

494.    Paragraph 494 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 494.

495.    Paragraph 495 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 495.

**496.**     Paragraph 496 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 496.

497.     The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

498.     Paragraph 498 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 498; therefore, the allegations in Paragraph 498 are denied.

499.     Paragraph 499 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 499.

500.     Paragraph 500 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 500.

501.     Paragraph 501 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 501; therefore, the allegations in Paragraph 501 are denied.

502.     Paragraph 502 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 502.

503.    Paragraph 503 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 503.

504.    Paragraph 504 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 504.

505.    Paragraph 505 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 505.

506.    Paragraph 506 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 506.

507.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

508.    Paragraph 508 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 508.

509.    Paragraph 509 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 509.

510.    Paragraph 510 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the

allegations in Paragraph 510.

511.    Paragraph 511 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 511.

512.    The Berg Defendants incorporate by reference all of their responses as if fully set forth herein.

513.    Paragraph 513 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 513.

514.    Paragraph 514 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 514.

515.    Paragraph 515 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 515; therefore, the allegations in Paragraph 515 are denied.

516.    Paragraph 516 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 516.

517.    Paragraph 517 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 517.

518.     Paragraph 518 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 518.

519.     Paragraph 519 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 519.

520.     Paragraph 520 asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in Paragraph 520.

The Prayer for Relief asserts legal conclusions; therefore, no response is required. To the extent a response is required, the Berg Defendants deny the allegations in the Prayer for Relief and deny all allegations that the Trustee, in any capacity, is entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative and other defenses to the Trustee's claims, the Berg Defendants do not admit any allegations of the Trustee's claims not previously admitted. The Berg Defendants do not concede that said defenses are necessarily affirmative defenses or that the assertion of such defenses imposes any burden on the Berg Defendants with respect thereto. The Berg Defendants expressly reserve and assert all affirmative and other defenses available under any applicable federal or state law, including the Federal Rules of Civil Procedure, and reserve the right to assert other defenses and claims when and if they become appropriate in the action.

### FIRST AFFIRMATIVE DEFENSE

To the extent the Plaintiff, in any alleged capacity, the Debtor, the Debtor's Employee Stock Ownership Plan (the "Plan"), and/or the Debtor's Employee Stock Ownership Trust (the "Trust") has failed to mitigate the alleged damages, any recovery should be reduced accordingly.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the Debtor's, the Plan's, and/or the Trust's own conduct or fault.

### THIRD AFFIRMATIVE DEFENSE

The  claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of judicial estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of waiver by inconsistent conduct.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of ratification.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of acquiescence.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of consent.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, because the claims fail to state a claim for which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, because the Plaintiff, in any alleged capacity, the Debtor, the Plan, and/or the Trust knew of all material facts.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, because the material facts were disclosed to the Plaintiff, in any alleged capacity, the Debtor, the Plan, and/or the Trust.

## FOURTEENTH AFFIRMATIVE DEFENSE

The breach of fiduciary duty claims asserted against Connie Berg are barred, in whole or in part, by her good faith reliance on officers and employees of the Debtor whom she reasonably believed were reliable and competent and by her good faith reliance on professionals as to matters she reasonably believed was within their professional competence. N.D. Cent. Code § 10-19.1-50(2).

## FIFTEENTH AFFIRMATIVE DEFENSE

The breach of fiduciary duty claims are barred, in whole or in part, because the ESOP Transaction was fair and reasonable to the Debtor at the time it was authorized or approved. N.D. Cent. Code § 10-19.1-51.

## SIXTEENTH AFFIRMATIVE DEFENSE

The breach of fiduciary duty claims are barred, in whole or in part, because Connie Berg, as the sole shareholder, with full knowledge of material facts and in good faith, voted to approve the ESOP Transaction. N.D. Cent. Code § 10-19.1-51.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The breach of fiduciary duty claims are barred, in whole or in part, because Connie Berg, as the sole shareholder, ratified any purported breach of fiduciary duty.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The actual fraudulent transfer and constructive fraudulent transfer claims asserted on behalf of the Debtor are barred, in whole or in part, because the initial transferees received the transfers and/or the initial obligees received the obligations in good faith and for reasonably equivalent value given to the Debtor. N.D.C.C. § 13-02.1-08(1).

## NINETEENTH AFFIRMATIVE DEFENSE

The Berg Defendants are entitled, to the extent of the value given to the Debtor for any alleged fraudulent transfer or obligation, to "(a) A lien on or a right to retain an interest in the asset transferred; (b) Enforcement of an obligation incurred; or (c) A reduction in the amount of the liability on the judgment." N.D.C.C. § 13-02.1-08(4).

## TWENTIETH AFFIRMATIVE DEFENSE

The ERISA claims asserted on behalf of the Plan and Trust are barred, in whole or in part, because the ESOP Transaction involved the acquisition of

qualifying employer securities for adequate consideration, no commission was charged with respect thereto, and the Plan and Trust form an eligible individual account plan. 29 U.S.C. § 1108(e).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The ERISA claims are barred, in whole or in part, because Connie Berg and Kyle Berg were not fiduciaries "to the extent of" the ESOP Transaction. 29 U.S.C. § 1002(21)(A).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff, in any alleged capacity, are barred, in whole or in part, by the doctrine of recoupment.

## <u>PRAYER FOR RELIEF</u>

Wherefore, the Berg Defendants respectfully request that the Court enter judgment that:

a) The Trustee take nothing by reason of his Second Amended Complaint; and

b) The Berg Defendants be granted such other and further relief as the court may deem just and proper.

## <u>STATEMENT OF NONCONSENT TO FINAL ORDERS</u>

As required by Federal Rule of Bankruptcy Procedure 7012(b), the Berg Defendants hereby state that they do not consent to entry of final orders or judgment by the Bankruptcy Court in the above-captioned Adversary Proceeding.

Dated: July 9, 2025

  _/s/ Stephen M. Pezanosky_

Stephen M. Pezanosky (*admitted pro hac vice*)
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness (*admitted pro hac vice*)
Aimee.Furness@haynesboone.com
Jordan E. Chavez (*admitted pro hac vice*)
Jordan.Chavez@haynesboone.com
Brenna H. Scully (*admitted pro hac vice*)
Brenna.Scully@haynesboone.com
**HAYNES AND BOONE LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile:  (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of July 2025, the above document was served on all counsel of record via CM/ECF, including the Trustee and his counsel.

*/s/ Stephen M. Pezanosky*
Stephen M. Pezanosky