EXECUTION VERSION

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is entered into as of July 21, 2025, by and among (a) Erik A. Ahlgren, not individually, but solely in his capacities as chapter 7 trustee ("Trustee") of the bankruptcy estate (the "Estate") of Pro-Mark Services, Inc. ("Debtor"), as administrator ("ESOP Administrator") of the Pro-Mark Services, Inc. Employee Stock Ownership Plan (the "ESOP Plan"), and as trustee ("ESOP Trustee" and together with the Trustee and the ESOP Administrator, "Plaintiff") of the Pro-Mark Services, Inc. Employee Stock Ownership Trust ("ESOP Trust" and together with the ESOP Plan, the "ESOP"), and (b) Chad DuBois. The parties are collectively referred to herein as the "Parties" or individually as a "Party."

## RECITALS

WHEREAS, on April 22, 2024, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of North Dakota (the "Bankruptcy Court"), Case No. 24-30167 ("Bankruptcy Case");

WHEREAS, on May 20, 2025, Plaintiff filed his Second Amended Complaint against Mr. DuBois (among others) in Adversary Proceeding No. 24-07014 (the "Adversary Proceeding"), before the Bankruptcy Court; and

WHEREAS, in connection with the Parties' confidential settlement discussions under Fed. R. Evid. 408, Mr. DuBois, through counsel, indicated that he had knowledge of certain facts relating to the Adversary Proceeding (the "Facts").

NOW, THEREFORE, in consideration of the mutual covenants, conditions, and agreements herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     Recitals.  The above recitals are adopted by the Parties as true and correct statements of fact and are incorporated by reference into this Agreement.

2.     Settlement of Adversary Proceeding.  Subject to the terms, conditions, and timing requirements in this Agreement, the Parties agree that the Plaintiff shall dismiss Mr. DuBois as a party to the Adversary Proceeding with prejudice in consideration of (a) a cash payment of $85,000.00 (the "Settlement Payment"), and (b) Mr. DuBois's agreement to cooperate with Plaintiff as provided herein.

3.     Bankruptcy Court Approval.  Within seven (7) calendar days after the date this Agreement is executed by all Parties, the Trustee shall file a settlement approval motion under Fed. R. Bankr. P. 9019 with the Bankruptcy Court seeking entry of an order approving the terms of this Agreement. The Parties will use best efforts to obtain Bankruptcy Court approval of the settlement set forth in this Agreement, as soon as reasonably practicable. If the Bankruptcy Court does not approve the settlement by entry of a final order, this Agreement shall be null and void and of no force and effect against any of the Parties, and the Settlement Payment shall be returned to Mr. DuBois, without interest.

4. <u>Conditions Precedent</u>. This Agreement shall be effective upon the date that the following conditions precedent have occurred (the "<u>Effective Date</u>"): (a) all Parties have executed and delivered this Agreement and (b) the Bankruptcy Court has entered final orders in the Bankruptcy Case and the Adversary Proceeding approving the settlement set forth in this Agreement.

5. <u>Settlement Payment</u>. Mr. DuBois shall pay the Settlement Payment to Plaintiff within seven (7) calendar days after the Effective Date.

6. <u>Dismissal of Adversary Proceeding</u>. Within seven (7) calendar days after Plaintiff's receipt of the Settlement Payment and the executed original DuBois Affidavit (as defined below), the Parties will file a joint stipulation with the Bankruptcy Court to dismiss Mr. DuBois as a party to the Adversary Proceeding with prejudice, with each Party to bear their own attorneys' fees and costs.

7. <u>Cooperation</u>. Mr. DuBois agrees to fully and truthfully cooperate with Plaintiff in his prosecution of the Adversary Proceeding, his administration of the Debtor's bankruptcy estate, and his administration of the ESOP. Such cooperation may include, without limitation, (a) upon reasonable prior notice, appearing from time-to-time for conferences and interviews with Plaintiff and/or his counsel, and (b) providing Plaintiff with, or facilitating Plaintiff's access to, all documents, information, and other property of the Debtor or the ESOP within Mr. DuBois's possession, custody, or control, if any. In addition, within seven (7) calendar days after the Effective Date, Mr. DuBois shall execute and deliver to Plaintiff an affidavit (the "<u>DuBois Affidavit</u>") detailing his personal knowledge of certain facts relating to the Adversary Proceeding, including, without limitation, the Facts. Mr. DuBois acknowledges that his agreement to fully and truthfully cooperate with Plaintiff, including his delivery of the DuBois Affidavit, is a material basis for Plaintiff's willingness to enter into this Agreement. Mr. DuBois further acknowledges and agrees that he shall not have, and may not assert, an administrative expense claim against the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 503(b) for his cooperation hereunder.

8. <u>Mutual Release</u>. Upon Plaintiff's receipt of the Settlement Payment and the original executed DuBois Affidavit, (a) the Trustee, individually and on behalf of the Estate, and the ESOP Trustee and the ESOP Administrator, individually and on behalf of the ESOP, and each of their respective agents, professionals, counsel, successors, and assigns, on the one hand, and (b) Mr. DuBois, for himself and his children, spouse, parents, agents, professionals, counsel, successors, and assigns, on the other hand, each hereby unconditionally, absolutely, and irrevocably release, waive, acquit, and forever discharge the other from any and all claims, counterclaims, damages, liabilities, demands, obligations, costs, expenses, debts, disputes, rights, actions, proofs of claim, administrative expense claims, and causes of action, whether known or unknown, vested or contingent, direct or indirect, asserted or unasserted, inchoate or matured, liquidated or unliquidated, pursuant to federal or state statute, common law, equity, or otherwise based upon or relating in any way to the Debtor, the Estate, the ESOP, and/or the Adversary Proceeding. The foregoing release does not release any obligations under this Agreement. Additionally, based on anti-alienation restrictions under federal law and within the ESOP plan

2

ACTIVE 711995590v3

documents, the Parties acknowledge and agree that Mr. DuBois is not releasing or waiving his ESOP benefits.

9. Qualified Release by Plaintiff. If it is determined by final order of this or another court of competent jurisdiction that Mr. DuBois has failed to fully and truthfully cooperate with Plaintiff as provided herein, or if any portion of the DuBois Affidavit is determined to be untruthful, the mutual releases in Sections 8 of this Agreement shall be voided in their entirety. In such case, Mr. DuBois acknowledges and agrees that Plaintiff may recommence the Adversary Proceeding or commence any other proceeding against him and any other formerly released party, and assert any and all claims that were or could have been brought as if the settlement herein had not occurred, and Mr. DuBois hereby waives his right to assert the prior dismissal with prejudice. Further, Mr. DuBois agrees that the statute of limitations, statute of repose, or the equivalent are tolled as of the date of this Agreement until the date of discovery of any such failure to cooperate or untruthfulness. Notwithstanding the foregoing, Mr. DuBois's obligations to fully cooperate with Plaintiff shall not be interpreted in any way that would prevent him from fully defending himself in this or any other legal proceeding against claims brought by any other person or entity, whether in a criminal, civil, or administrative proceeding, and any such actions taken in defending himself in good faith in any such action will in no means be grounds to void the releases in Section 8 of this Agreement.

10. No Admission of Liability. Plaintiff acknowledges that this Agreement represents a compromise settlement of disputed claims to avoid the time and expense of litigation and that neither the contents of this Agreement, nor the fact of its execution, nor any fact, manner or thing in any way related to or connected with the making and executing of this Agreement, is intended to, nor shall it be construed as, an admission of liability by Mr. DuBois, which liability is expressly denied.

11. Advice of Counsel. Each of the Parties agrees, represents, and warrants to the other Parties that (a) they have consulted with independent counsel of their own choice with respect to this Agreement and all matters covered by it; (b) they have been fully advised by said counsel with respect to their rights and obligations and with respect to the execution of this Agreement; (c) they have carefully read this Agreement, and know and understand the content and meaning of all provisions in this Agreement, are fully aware of the legal effect of all provisions, and have entered into this Agreement freely based on their own judgment; and (d) this Agreement was jointly drafted by all Parties, and the customary rules of contract interpretation to the effect that ambiguities are to be construed or resolved against the drafting party will not be employed in the interpretation or construction of this Agreement.

12. Proper Authority. Each of the Parties represents and warrants to the other Parties that (a) they have full power, authority, and legal right to execute this Agreement and to keep and observe all terms of this Agreement on their part to be observed and performed; (b) this Agreement has been duly and validly executed and delivered by them; and (c) this Agreement constitutes their legal, valid and binding obligation, enforceable in accordance with its terms.

13. Enforcement of Agreement. In the event that an action is commenced by any of the Parties to enforce the provisions of this Agreement, the substantively prevailing party, if any,

shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses, including attorneys' fees, in connection with said action.

14. <u>Amendments</u>. This Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each Party and as approved by the Bankruptcy Court, as necessary.

15. <u>Waiver</u>. No waiver of any provision of this Agreement shall be deemed, or shall constitute, waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver.

16. <u>Time Is of the Essence</u>. Each Party acknowledges and agrees that time is of the essence with respect to all provisions of this Agreement.

17. <u>Additional Actions</u>. Each Party agrees to execute any further documents and take any further actions as necessary to implement and effectuate the terms of this Agreement.

18. <u>Governing Law</u>. This Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of North Dakota, without regard to choice-of-law provisions.

19. <u>Successors and Assigns</u>. This Agreement is binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns.

20. <u>Miscellaneous</u>. Titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, describe, alter, or affect the meaning of this Agreement. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end the provisions of this Agreement are declared to be severable. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the effect of a signed original. Facsimile signatures and signature pages provided in the form of a ".pdf" or similar imaged document transmitted by electronic mail (including .pdf of any electronic signature, e.g., www.docusign.com) shall be deemed original signatures for all purposes hereunder.

*[Signature Page(s) to Follow]*

4

ACTIVE 711995590v3

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date first set forth above.

**ERIK A. AHLGREN, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF PRO-MARK SERVICES, INC., AS ADMINISTRATOR OF THE PRO-MARK SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, AND AS TRUSTEE OF THE PRO-MARK SERVICES, INC. EMPLOYEE STOCK OWNERSHIP TRUST**

*/s/ Erik Ahlgren*

_____

**CHAD DUBOIS**

_____

(*Signature Page to Settlement Agreement*)

ACTIVE 711995590v3

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date first set forth above.

**ERIK A. AHLGREN, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF PRO-MARK SERVICES, INC., AS ADMINISTRATOR OF THE PRO-MARK SERVICES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, AND AS TRUSTEE OF THE PRO-MARK SERVICES, INC. EMPLOYEE STOCK OWNERSHIP TRUST**

_____

**CHAD DUBOIS**

Signed by:

[signature]

41DA96D4A8104E0...

_____

*(Signature Page to Settlement Agreement)*

ACTIVE 711995590v3