UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:
Pro-Mark Services, Inc.,                                                                Bky. Case No. 24-30167
                                                                                                        Chapter 7
          Debtor.

---

Erik A. Ahlgren, as Chapter 7 Trustee
of the Bankruptcy Estate of Pro-Mark Services, Inc.,
as Administrator of the Pro-Mark
Services, Inc. Employee Stock Ownership Plan, and
as Trustee of the Pro-Mark Services, Inc.
Employee Stock Ownership Trust,

          Plaintiff,

v.                                                                                                   Adversary No. 24-07014

Connie Berg, Kyle Berg, Connie Berg Revocable
Living Trust, Kyle R. Berg Revocable Living Trust,
Chad DuBois, and Miguel Paredes,

          Defendants.

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO THE BERG DEFENDANTS' MOTION TO REDESIGNATE THE COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE OR, IN THE ALTERNATIVE, DISMISS THE COUNTERCLAIM

Plaintiff Erik A. Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, submits this response in opposition to the *Berg Defendants' Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the Alternative, Dismiss the Counterclaim* (the "Motion") [Doc. 140] filed by Defendants Connie Berg, Kyle Berg, the Connie Berg Revocable Living Trust, and the Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"). In support of his response, Plaintiff respectfully states and alleges as follows:

ACTIVE 713310165v1

### I. The Counterclaim Was Not a Mistake

1. The Berg Defendants first argue that Ms. Berg's Counterclaim against the estate should be redesignated as an affirmative defense of recoupment pursuant to Fed. R. Civ. P. 8(c)(2) on grounds that Ms. Berg filed her Counterclaim by "mistake." According to the Berg Defendants, she is not seeking to "affirmatively recover from the Debtor's estate." Instead, she only seeks to "recoup" her attorneys' fees from the estate to reduce any damages awarded to the Trustee.

2. There was no mistake. Ms. Berg clearly intended an affirmative claim against the estate. The Berg Defendants are only now claiming mistake to undo Ms. Berg's submission to this Court's jurisdiction, her waiver of jury trial rights, and her consent to entry of final orders.[1]

3. The Counterclaim is unequivocal. In paragraph 16, Ms. Berg alleges that when she "***prevails*** in this adversary proceeding, the Stock Purchase Agreement ***will require the Debtor to pay*** for Connie Berg's reasonable legal fees and costs incurred to defend against this adversary proceeding." (Berg Defs.' Answer to Trustee's Second Am. Compl., Affirmative Defenses, and Countercl., p. 96, ¶ 16, Doc. 127 (emphasis added).) And in her Prayer for Relief, Ms. Berg requests that the Court enter judgment that "[t]he Trustee ***take nothing*** by reason of his Second Amended Complaint," that "Connie ***recover*** on her Counterclaim," and that "[t]he Berg Defendants ***be awarded*** costs and attorneys' fees." (*Id.*, p. 97 (emphasis added).)

4. By this plain language, Ms. Berg did not seek recoupment. "Recoupment is purely defensive" and "cannot be used to obtain affirmative relief." *Overboe v. Brodshaug*, 2008 ND 112,

---

[1] Plaintiff incorporates by reference his Limited Objection to Berg Defendants' Demand for Jury Trial [Doc. 136], which provides further detail for why Ms. Berg's Counterclaim constituted a submission to this Court's jurisdiction, waiver of her jury trial rights, and consent to entry of final orders.

¶ 12, 751 N.W.2d 177, 182.  The Counterclaim seeks affirmative relief from the bankruptcy estate in the form of attorneys' fees under a "prevailing party" contractual clause with the Debtor.

5. Rule 8(c)(2) is reserved for actual mistakes.  *See* Fed. R. Civ. P. 8(c)(2) (permitting resignation "[i]f a party ***mistakenly designates*** a defense as a counterclaim" (emphasis added)); *United States v. $579,475.00 in United States Currency*, 917 F.3d 1047, 1049 (8th Cir. 2019) ("A rule of civil procedure should be interpreted in accordance with its plain meaning."); *Biogen Inc. v. Sandoz Inc.*, 2025 U.S. Dist. LEXIS 43260, at *9-10 (D. Del. Mar. 10, 2025) (Rule 8(c)(2) requires showing of mistake and collecting cases that hold same).  The Berg Defendants cannot use Rule 8(c)(2) to reverse a strategic decision they now regret.

## II. Dismissing the Counterclaim Cannot Undo Ms. Berg's Jury Trial Waiver and Submission to the Bankruptcy Court's Jurisdiction

6. The Berg Defendants alternatively seek leave to voluntarily dismiss the Counterclaim pursuant to Fed. R. Civ. P. 41(a)(2).  But even if the Court permits voluntary dismissal, which Plaintiff does not oppose, it will not alter her submission to this Court's jurisdiction, her jury trial waiver, and her consent to entry of final orders.  Based on prevailing law in the Eighth Circuit, these implications are irrevocable.

7. Withdrawal of the claim will only preserve a party's jury trial rights and reverse such party's "submission to the equitable jurisdiction of the bankruptcy court" if the claim is withdrawn "***prior*** to the initiation of an adversarial proceeding by the trustee."  *Smith v. Dowden*, 47 F.3d 940, 942-44 (8th Cir. 1995) (emphasis added).  If the claim is withdrawn after "the trustee has had an opportunity to file an adversarial claim," the bankruptcy court retains jurisdiction, and the jury trial waiver is irrevocable.  *Id.* at 942-44, 943 n.5.  The claims allowance process is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and once an adversarial proceeding has been initiated, the bell cannot be unrung.  *See id.*

3

8.Here, the Trustee commenced this adversary proceeding against Ms. Berg, she invoked the claims allowance process by filing her Counterclaim seeking affirmative relief from the bankruptcy estate, and the Trustee filed an answer and objection to the Counterclaim—all before Ms. Berg sought leave to voluntarily dismiss her Counterclaim. Consistent with *Smith*, she has irrevocably "submitted to the equitable jurisdiction of the bankruptcy court" and waived her jury trial rights.

9.Plaintiff has no objection to the Court permitting the Berg Defendants to dismiss the Counterclaim. But such dismissal should have no impact on this Court's jurisdiction and Ms. Berg's jury trial waiver.

### III.Reservation of Rights for Amended Answer

10.On July 9, 2025, the Berg Defendants filed an amended answer, adding the affirmative defense of recoupment but omitting the Counterclaim. [Doc. 142.] Plaintiff does not dispute that the Berg Defendants could amend their answer to add such affirmative defense as a matter of course under Fed. R. Civ. P. 15(a)(1). However, they could not unilaterally delete the Counterclaim without Court approval (which they are seeking in the Motion). *See* Fed. R. Civ. P. 41(a)(2).

11.Whether Ms. Berg may voluntarily dismiss her Counterclaim depends on the outcome of the Motion, not the unilateral filing of an amended answer. And such unilateral filing also cannot reverse Ms. Berg's submission to the Court's equitable jurisdiction and jury trial waiver.

4

Date:  August 1, 2025     /e/ *Peter D. Kieselbach*
Michael B. Fisco (Minnesota #0175341)
(*Admitted Pro Hac Vice*)
Peter D. Kieselbach (Minnesota #0397531)
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
Email: fiscom@gtlaw.com
       kieselbachp@gtlaw.com

*and*

Erik A. Ahlgren (North Dakota #09561)
Ahlgren Law Office, PLLC
220 W. Washington Ave. Suite 105
Fergus Falls, MN  56537
Telephone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 1st day of August 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach

5