IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: <br><br> Pro-Mark Services, Inc., <br><br> Debtor. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Chapter 7 <br> Case No. 24-30167 <br><br><br> Adv. No. 24-07014 |
| Erik A. Ahlgren, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, <br><br> Plaintiff, <br><br> v. <br><br> Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad Dubois, and Miguel Paredes, <br><br> Defendants. | | |

**BERG DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO REDESIGNATE THE
COUNTERCLAIM AS AN AFFIRMATIVE DEFENSE,
OR, IN THE ALTERNATIVE, DISMISS THE COUNTERCLAIM**

Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust,

and Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants") file

this Reply in Support of Motion to Redesignate the Counterclaim as an Affirmative

Defense or, in the Alternative, Dismiss the Counterclaim (Dkt. 140-141) (the "Motion") and would respectfully show the Court as follows.

The Trustee has no basis for his assertion that "The counterclaim was not a mistake." (Dkt. 152 at 2.) The "plain language" of the Counterclaim, quoted in the Trustee's response, is consistent with an affirmative defense of recoupment: any damages awarded to the Trustee should be reduced by attorneys' fees Connie Berg is entitled to under the contract. (*Id.*) Connie Berg also clarified in the Motion that she does not seek affirmative relief from the Debtor's estate. (Dkt. 141 at 5-6.) Therefore, the Court should redesignate the Counterclaim as an affirmative defense of recoupment pursuant to Rule 8(c)(2) of the Federal Rules of Civil Procedure.

The Trustee cites no authority to support his argument that voluntary dismissal of a counterclaim filed in an adversary proceeding does not preserve the defendant's jury trial right. (Dkt. 152 at 3.) Instead, the Trustee cites a single case, which held that a creditor's withdrawal of a proof of claim *before* the trustee files an adversary proceeding preserves the creditor's right to a jury trial in the adversary proceeding. *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995). That case is irrelevant to a case like this because, by definition, a defendant cannot withdraw a counterclaim filed in an adversary proceeding before the trustee files the adversary proceeding.

The Berg Defendants request that the Court grant the Motion and recognize that Connie Berg's Counterclaim did not implicitly waive her right to a jury trial.

## STATEMENT OF NONCONSENT TO FINAL ORDERS

As required by Federal Rule of Bankruptcy Procedure 7012(b), the Berg Defendants hereby state that they do not consent to entry of final orders or judgment by the Bankruptcy Court in the above-captioned Adversary Proceeding.

Dated: August 8, 2025

                                               */s/ Stephen M. Pezanosky*
Stephen M. Pezanosky (*pro hac vice*)
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness (*pro hac vice*)
Aimee.Furness@haynesboone.com
Jordan E. Chavez (*pro hac vice*)
Jordan.Chavez@haynesboone.com
Brenna H. Scully (*pro hac vice*)
Brenna.Scully@haynesboone.com
**Haynes and Boone LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of August, 2025, the above document was served on all counsel of record via CM/ECF, including the Trustee and his counsel.

                                                           */s/ Stephen M. Pezanosky*
                                                           Stephen M. Pezanosky