# EXHIBIT 1

**PRUDENT FIDUCIARY SERVICES**

Ms. Connie Berg  May 19, 2020
President
Pro-Mark Services, Inc.
3275 Oak Ridge Loop E.
West Fargo, ND 58078

Dear Ms. Berg:

This Engagement Agreement (Agreement) is made and entered into by Pro-Mark Services, Inc. (Company) and Miguel Paredes (Transactional Trustee), a professional fiduciary under the Employee Retirement Income Security Act of 1974 as amended (ERISA). Prudent Fiduciary Services, LLC is the Trustee's operating company.

The Company desires to establish and sponsor an Employee Stock Ownership Plan and associated Trust (ESOP or Plan) for the benefit of its employees.

The Company desires to retain Transactional Trustee as an independent transactional trustee for the Plan in connection with the proposed purchase of shares of stock of the Company by the ESOP (ESOP Transaction). Transactional Trustee agrees to serve as Transactional Trustee of the ESOP subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

In consideration of the mutual covenants and agreements set forth in this Agreement, the parties agree to the following:

**APPOINTMENT AND DUTIES**

1. The Company hereby appoints Transactional Trustee as an independent transactional trustee for the Plan in connection with the proposed ESOP Transaction and Transactional Trustee hereby accepts this appointment. Transactional Trustee shall adopt all the powers, authority, and obligations of a trustee under ERISA with respect to the ESOP Transaction. Transactional Trustee shall be authorized to take all actions reasonably necessary to carry out his duties under this Agreement.

2. Transactional Trustee, shall: (1) evaluate the proposed purchase of Company stock by the ESOP; (2) perform due diligence with respect to the Company and the proposed ESOP Transaction; and (3) act independently of the Company and its agents and representatives to negotiate on behalf of the ESOP the price, terms, and conditions of the ESOP Transaction.

3. The Transactional Trustee shall discharge his duties solely in the interest of the participants and beneficiaries of the Plan with the intent of executing a transaction that is prudent, where the ESOP pays no more than adequate consideration for the Company stock, that

is fair to the ESOP from a financial point of view, and that is in accordance with the terms of the Plan and applicable law, including, but not limited to, ERISA and the Internal Revenue Code.

4. If negotiations for the ESOP Transaction are successful, the Transactional Trustee shall take any action necessary to approve the Company stock purchase on behalf of the ESOP. If the Transactional Trustee is unable to negotiate a transaction that satisfies the above criteria, the Transactional Trustee shall not take any such action on behalf of the ESOP, and the Transactional Trustee's duties hereunder shall terminate.

5. The Transactional Trustee shall evaluate and employ an independent appraiser as a financial advisor and legal counsel to assist in the execution of his duties pursuant to this Agreement. Any reasonable fees and expenses for such engagements shall be separate from the Transactional Trustee's fees and shall be paid by the Company.

6. Although the Company may compensate the Transactional Trustee's financial advisor and legal advisor, the Company shall not be entitled to review any work product produced by the Transactional Trustee's advisors or that the Transactional Trustee relied upon in the fulfillment of his duties under this Agreement.

**COMPANY OBLIGATION**

7. The Company hereby agrees to fully cooperate with the Transactional Trustee and shall, among other things, provide all requested information to the Transactional Trustee, and make any of its officers, employees, or affiliates reasonably available to the Transactional Trustee upon request.

**INDEMNIFICATION**

8. Except as set forth below, the Company hereby agrees to fully indemnify the Transactional Trustee and hold him harmless from any and all loss or liability, including reasonable legal fees, which the Transactional Trustee sustains in discharging his duties and responsibilities under this Agreement. However, this indemnification provision shall not apply to the extent that any loss or liability is found, in a final judgment by a court of competent jurisdiction from which no appeal can be taken, to have resulted from either the gross negligence or willful misconduct of the Transactional Trustee, a breach of the Transactional Trustee's fiduciary duties under ERISA or otherwise to the extent prohibited by ERISA.

**CONFIDENTIALITY**

9. The Transactional Trustee shall use the information disclosed to him by the Company only for the purposes of evaluating the Company and its ongoing performance. The Transactional Trustee shall restrict disclosure of the information that he obtains from the Company to those persons who require knowledge of the information in order to help the

2

Transactional Trustee evaluate the Company (including, but not limited to, officers, directors, employees, and professional advisors of the Transactional Trustee). Neither the Transactional Trustee nor any of his agents or advisors shall disclose any confidential information regarding the Company to any third parties, except as may be required by ERISA or other laws or if required by the U.S. Department of Labor, the Internal Revenue Service, the Securities and Exchange Commission, or any other federal or state agencies. Neither the Transactional Trustee nor any of his agents or employees shall be obligated to maintain the confidentiality of any information that is publicly available or that becomes publicly available without violation by the Transactional Trustee or any of his agents or employees of the terms of this section of the Agreement. If the Transactional Trustee resigns or is removed after signing the Agreement, the Transactional Trustee shall remain subject to the confidentiality provisions of this Agreement and shall return to the Company all documents delivered to him by the Company upon request.

### **FEES FOR SERVICES**

10. Compensation for the services to be performed by the Transactional Trustee pursuant to this Agreement shall be a flat fee of thirty-eight thousand dollars ($38,000). Any transactions involving the ESOP that are not part of this anticipated ESOP Transaction shall be subject to a separate engagement agreement. Although the Company is under no obligation to retain the Transactional Trustee as successor trustee of the ESOP after the anticipated ESOP Transaction, if Transactional Trustee is retained to serve as the successor trustee if the ESOP on an ongoing basis, his fee shall be a flat annual fee of fifteen thousand dollars ($15,000). Such annual fee amount shall be guaranteed for the first two years of the ongoing engagement, but may be revisited in subsequent years.

### **RETAINER**

11. The Transactional Trustee shall be paid a retainer in the amount of nineteen thousand dollars ($19,000) for his services upon execution of this Agreement. Such amounts shall be payable to Prudent Fiduciary Services, LLC.

### **EXPENSES**

12. All reasonable expenses incurred by the Transactional Trustee in the performance of his duties hereunder shall be paid by the Company or paid by the ESOP to the extent legally chargeable as Plan administrative expenses. Expenses are expected to be primarily related to reasonable transportation, meals, and lodging if necessary.

**RESIGNATION OR REMOVAL**

13.     Transactional Trustee will continue to serve as the Transactional Trustee on behalf the Plan until the Transactional Trustee resigns or is removed by the Company prior to the closing of the ESOP Transaction or when the ESOP Transaction is consummated.  The Company may remove Transactional Trustee as the Transactional Trustee of the Plan at any time prior to the closing of the ESOP Transaction or if the Transactional Trustee becomes the ongoing trustee of the ESOP after the Closing of the ESOP Transaction by providing Transactional Trustee with 10 days advance written notice.  The Transactional Trustee agrees that he will not resign or terminate his services as Transactional Trustee of the Plan prior to the closing of the ESOP Transaction or if the Transactional Trustee becomes the ongoing trustee of the ESOP after the Closing of the ESOP Transaction until such time that a successor fiduciary for the ESOP has been appointed.

**ALTERNATE DISPUTE RESOLUTION**

14.     The Company and Transactional Trustee hereby agree that any and all disputes that cannot be resolved in a reasonable time by discussions between the Transactional Trustee and the Company that arise pursuant to this Agreement, or that relate in any way to the services provided by the Transactional Trustee to the Company, shall be submitted to binding arbitration pursuant to the Federal Arbitration Act, before the American Arbitration Association pursuant to its then existing rules, except that discovery may be conducted in accordance with the Federal Rules of Civil Procedure.  Any arbitration award shall be binding and enforceable in any court of competent jurisdiction.

**OTHER MATTERS**

15.     This Agreement shall constitute the entire Agreement between the Company and the Transactional Trustee on the subject matter herein and, except for the Plan, supersedes any and all other agreements, whether oral or written, between the parties hereto with respect to the rendering of services by the Transactional Trustee.  This Agreement cannot be amended or modified except by a written agreement signed by both parties.

16.     The provisions of this Agreement are intended to be severable.  Should any provision of this Agreement be declared invalid or illegal for any reason, such declaration shall not affect the validity of the remainder of this Agreement.

4

**CONCLUSION**

17.  If you find this Agreement acceptable, please sign in the space provided below.

Sincerely,

*[signature]*

Miguel Paredes, MBA, CPFA
Prudent Fiduciary Services, LLC


-- Signatures on the next page --

5

The Company has reviewed, accepts, and agrees to the terms of this Agreement.

**Pro-Mark Services, Inc.**

Signed: *Connie L Berg*   Date: 5/21/2020

Name: Connie L Berg

Title: President

The Transactional Trustee has reviewed, accepts, and agrees to the terms of this Agreement.

**Transactional Trustee**

By: *[signature]*   Date: May 21, 2020
Miguel Paredes