UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Pro-Mark Services, Inc.,<br>                        Debtor.<br>_____/<br>Erik A. Ahlgren, *as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., As Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,*<br><br>                        Plaintiff,<br><br>      vs.<br><br>Connie Berg, Kyle Berg,<br>Connie Berg Revocable Living Trust,<br>Kyle R. Berg Revocable Living Trust,<br>Chad Dubois, Mandy Grant and Miguel Paredes,<br><br>                        Defendants.<br>_____/ | Bankruptcy No. 24-30167<br>Chapter 7<br><br><br><br><br><br><br><br><br><br><br><br>Adversary No. 24-07014 |

## ORDER HOLDING MOTIONS IN ABEYANCE

On June 18, 2025, Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust and Kyle R. Berg Revocable Living Trust (Berg Defendants) filed a Motion for Withdrawal of Reference of Adversary Proceeding. Doc. 130; Civil Case No. 3:25-cv-149, Doc. 1. The Berg Defendants seek immediate withdrawal of the reference. Under Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, this motion must be heard by the District Court.

In opposition to the motion, Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee

1

Stock Ownership Trust, argues the motion is premature. He maintains that the Bankruptcy Court should retain all authority over the proceeding until a trial is necessary. Ahlgren also argues that Defendants' motion should be denied because withdrawal of the reference would be inefficient, increase costs, undermine uniformity of administration and promote forum shopping. Additionally, Ahlgren asserts that Defendant Connie Berg waived her right to a jury trial, negating a basis for the withdrawal of the reference.

Defendant Miguel Paredes did not take a position on the Motion for Withdrawal of Reference. While he consented to Bankruptcy Court jurisdiction over the adversary proceeding, he requests that all proceedings be heard before the same court. Consequently, if the District Court denies the motion, orders that the case remain with the Bankruptcy Court until it is trial ready or immediately grants the motion, Paredes requests that Plaintiff's claims against him be managed and/or heard by the same court.

The issues highlighted by Ahlgren and the Berg Defendants are nearly identical to Ahlgren's Limited Objection to Berg Defendants' Demand for Jury Trial [Doc. 136] and the Berg Defendants' Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the alternative, Dismiss the Counter Claim [Doc. 140]. In the interest of judicial efficiency and to avoid conflicting results, this Court will hold the Limited Objection and the Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the alternative, Dismiss the Counter Claim in abeyance pending a ruling from the District Court on the Berg Defendants Motion for Withdrawal of Reference.

IT IS ORDERED that the Limited Objection to Berg Defendants' Demand for Jury Trial [Doc. 136] and the Berg Defendants' Motion to Redesignate the Counterclaim as an

2

Affirmative Defense or, in the alternative, Dismiss the Counter Claim [Doc. 140] are held in abeyance.

**Discovery shall proceed while the motions are pending**.

Dated:  August 21, 2025.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court