UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br>Pro-Mark Services, Inc.,<br><br>　　　　　　Debtor. | Bky. Case No. 24-30167<br>Chapter 7 |
| Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, and Miguel Paredes,<br><br>　　　　　　Defendants. | Adversary No. 24-07014<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE OR, ALTERNATIVELY, DISMISS IN PART** |

NOTICE IS HEREBY GIVEN that Plaintiff Erik A. Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc., administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, files this Motion to Strike or, Alternatively, Dismiss in Part (this "Motion").

NOTICE IS FURTHER GIVEN that unless a party in interest files an objection in writing to the relief requested in the Motion on or before September 26, 2025, which is twenty-one (21) days from the date of service of this Notice, the Court may thereafter and without further notice enter an order granting the relief requested in the Motion.

ACTIVE 714060057v2

NOTICE IS FURTHER GIVEN that if objections to the relief requested in the Motion are timely filed, the Court will schedule a hearing on the motion and objections in accordance with the provisions in Local Rule 7007-1 of the North Dakota Rules of Bankruptcy Procedure.

NOTICE IS FURTHER GIVEN that written objections to the Motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court for the District of North Dakota, whose address is 655 First Avenue North, Suite 210, Fargo, ND 58102, with a copy mailed to counsel for Plaintiff, whose name and address is listed below.

On August 15, 2025, Defendant Miguel Paredes filed his Answer & Affirmative Defenses to Plaintiff's Second Amended Complaint, and Counterclaim (the "<u>Answer</u>" and the "<u>Counterclaim</u>").  (Adv. Doc. 155.)

Pursuant to Federal Rule of Civil Procedure 12(f), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), Plaintiff moves to strike paragraph 18 of the Counterclaim, and the fourth and fifth Prayers for Relief in the Answer and the Counterclaim.  In paragraph 18 of the Counterclaim, Mr. Paredes alleges as follows: "Additionally, because this is an action brought under ERISA, Mr. Ahlgren is personally liable to Mr. Paredes for payment of Mr. Paredes reasonable attorneys' fees and costs in defending against Mr. Ahlgren's baseless claims asserted in the SAC. 29 U.S.C. § 1132(g)(1)."  In the fourth Prayer for Relief, Mr. Paredes "prays for judgment . . . [a]gainst Mr. Ahlgren personally for reasonable attorneys' fees and costs incurred in this action under 29 U.S.C. section 1132(g)(1)."  And in the fifth Prayer for Relief, Mr. Paredes "prays for judgment . . . [a]gainst Mr. Ahlgren personally for pre- and post-judgment interest."

Alternatively, if the Court construes paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief as statements of a claim, then Plaintiff moves to dismiss paragraph 18 of

2

the Counterclaim and the fourth and fifth Prayers for Relief pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b).

The grounds for this Motion are set forth in the attached Memorandum of Law.

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

Date: September 5, 2025

/e/ *Peter D. Kieselbach*
Michael B. Fisco (Minnesota #0175341)
(*Admitted Pro Hac Vice*)
Peter D. Kieselbach (Minnesota #0397531)
(*Admitted Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
Email: fiscom@gtlaw.com
          kieselbachp@gtlaw.com

*and*

Erik A. Ahlgren (North Dakota #09561)
Ahlgren Law Office, PLLC
220 W. Washington Ave. Suite 105
Fergus Falls, MN  56537
Telephone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned certifies that on September 5, 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br>Pro-Mark Services, Inc.,<br><br>    Debtor. | Bky. Case No. 24-30167<br>Chapter 7 |
| Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>    Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, and Miguel Paredes,<br><br>    Defendants. | Adversary No. 24-07014<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, DISMISS IN PART** |

Defendant Miguel Paredes seeks attorneys' fees, costs, and interest thereon from Erik A. Ahlgren in his individual capacity. However, ERISA does not permit an award of fees, costs, and interest against Mr. Ahlgren individually, and, regardless, he is entitled to both qualified and complete immunity. Accordingly, those allegations and prayers for relief should be struck from the pleadings pursuant to Federal Rule of Civil Procedure 12(f) or, alternatively, dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Ahlgren—who appears only in representative capacities—should not be forced to mount a defense to baseless claims of individual liability.

ACTIVE 714060057v2

**FACTS**

1. On May 20, 2025, Plaintiff Erik A. Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, filed his Second Amended Complaint against, among others, Defendant Miguel Paredes. (Adv. Doc. 120.) In Count 21, Plaintiff, only in his capacities as ESOP administrator and ESOP trustee, asserts ERISA claims against Mr. Paredes, including that he breached his fiduciary duties to the ESOP and violated prohibited transaction rules.

2. On August 15, 2025, Mr. Paredes filed his Answer & Affirmative Defenses to Plaintiff's Second Amended Complaint, and Counterclaim (the "Answer" and the "Counterclaim"). (Adv. Doc. 155.)

3. In paragraph 18 of the Counterclaim, Mr. Paredes alleges as follows: "Additionally, because this is an action brought under ERISA, Mr. Ahlgren is personally liable to Mr. Paredes for payment of Mr. Paredes reasonable attorneys' fees and costs in defending against Mr. Ahlgren's baseless claims asserted in the SAC. 29 U.S.C. § 1132(g)(1)." (Counterclaim ¶ 18.)

4. Later, in the "Prayer for Relief" section, Mr. Paredes seeks relief against Mr. Ahlgren individually. In the fourth Prayer for Relief, Mr. Paredes "prays for judgment . . . [a]gainst Mr. Ahlgren personally for reasonable attorneys' fees and costs incurred in this action under 29 U.S.C. section 1132(g)(1)." (Answer & Counterclaim, pg. 149-50.) And in the fifth Prayer for Relief, Mr. Paredes "prays for judgment . . . [a]gainst Mr. Ahlgren personally for pre- and post-judgment interest." (*Id.*)

5. Plaintiff now moves to strike paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief from the Answer and the Counterclaim pursuant to Federal Rule of Civil

2

Procedure 12(f), made applicable by Federal Rule of Bankruptcy Procedure 12(b). Alternatively, if the Court construes paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief as statements of a claim, then Plaintiff moves to dismiss such claims pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b).

## ARGUMENT

6.  Rule 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Eighth Circuit law, legally unsupportable allegations and prayers for relief are properly stricken as impertinent under Rule 12(f). *See Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080, 1091-94 (8th Cir. 2021).

7.  In *Donelson*, the Court of Appeals affirmed that class-action allegations may "be stricken at the pleading stage if it is apparent from the pleadings that the class cannot be certified." *Id.* at 1092 (internal quotation marks omitted). The court reasoned that "unsupportable class allegations bring 'impertinent' material into the pleading and permitting such allegations to remain would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained." *Id.* (internal quotation marks omitted).

8.  Similarly, in *BJC Health Sys. v. Columbia Cas. Co.*, the Eighth Circuit affirmed that a prayer for relief for punitive damages was properly stricken under Rule 12(f) because punitive damages could only be awarded as a remedy for fraudulent misrepresentation and the complaint did not "allege fraud with the particularity required by [Rule] 9(b)." 478 F.3d 908, 917-18 (8th Cir. 2007).

9.  Here, for the reasons detailed below, paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief against Mr. Ahlgren personally are legally unsupportable and

3

fail as a matter of law. ERISA does not permit an award of fees, costs, and interest against Mr. Ahlgren individually. In addition, Mr. Ahlgren is entitled to both qualified and complete immunity. Therefore, such allegations and prayers for relief should be stricken pursuant to Rule 12(f).[1]

A. **Mr. Ahlgren, Personally, Is Not a "Party" to this Action and Cannot Be Liable for Attorneys' Fees and Costs Under ERISA or for Pre- and Post-Judgment Interest Thereon as a Matter of Law**

10. As a matter of law, Mr. Ahlgren cannot be personally liable for Mr. Paredes's attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) or for pre- and post-judgment interest thereon. Section 1132(g)(1) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either *party*." 29 U.S.C. § 1132(g)(1) (emphasis added). But Mr. Ahlgren, individually, is not a "party" to this action. Instead, he has asserted claims against Mr. Paredes on behalf of the ESOP solely in his representative capacities as ESOP administrator and ESOP trustee.

11. "It is well settled . . . that suit under § 1132(a)(2) is brought in a representative capacity on behalf of the plan as a whole." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009). The "party" to this action is therefore the ESOP itself, not Mr. Ahlgren individually, and if the Court awards any fees and costs to Mr. Paredes, they could be payable only by the ESOP. *See Friedman v. Lippman*, 2020 U.S. Dist. LEXIS 85480, at *16 (S.D.N.Y. May 14,

---

[1] Plaintiff believes that the proper procedural posture is a motion to strike under Federal Rule of Civil Procedure 12(f), not a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). However, in an abundance of caution, Plaintiff has alternatively moved to dismiss paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief. Regardless of how the Court construes this Motion, the legal standard is the same. *See Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). As detailed herein, Mr. Ahlgren cannot be personally liable for attorneys' fees, costs, and interest thereon as a matter of law.

4

2020) ("Any judgment against TBWA as Plan administrator would be a judgment against the Plan itself."); *Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284, 301 (S.D.N.Y. 1998) ("Although a trustee can be sued in his official capacity, such suits are treated as suits against the plan."); *cf. Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) ("Claims against individuals in their official capacities are equivalent to claims against the entity for which they work.").

12. This analysis comports with 29 U.S.C. § 1132(d)(2), which provides that "[a]ny money judgment under this title against an employee benefit plan shall be enforceable ***only against the plan as an entity*** and ***shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title***." 29 U.S.C. § 1132(d)(2) (emphasis added). An ERISA fiduciary like Mr. Ahlgren can be personally liable under ERISA only for breaching his own "responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter" or, in certain limited circumstances, for breaches committed by a co-fiduciary. *See* 29 U.S.C. §§ 1105(a), 1109(a); *Friedman v. Kooper,* 2019 U.S. Dist. LEXIS 194850, at *7-8 (S.D.N.Y. Nov. 8, 2019) ("Because Friedman asserts an ERISA claim against [the plan trustee] in his individual capacity but does not claim any breach of fiduciary duty, Friedman does not state a claim against [the plan trustee].") Mr. Paredes does not, and cannot, argue that Mr. Ahlgren breached his own fiduciary responsibilities, obligations, or duties under ERISA or is liable for a co-fiduciary's breach. Therefore, pursuant to Section 1132(d)(2), any money judgment in Mr. Paredes's favor for attorney's fees, costs, and interest is "enforceable only against" the ESOP "as an entity" and not Mr. Ahlgren individually.

13. For these reasons, Mr. Paredes has no legal right under 29 U.S.C. § 1132(g)(1) to recover attorneys' fees and costs from non-party Mr. Ahlgren, in his personal capacity. And because Mr. Ahlgren is not individually liable for such fees and costs, he also cannot be

5

individually liable for pre- and post-judgment interest thereon as a matter of law. Accordingly, paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief should be stricken pursuant to Rule 12(f). Mr. Ahlgren should not be required to mount a defense to allegations and prayers for relief that are "impertinent" and "ultimately cannot be sustained." *See Donelson*, 999 F.3d at 1092; *BJC Health Sys.*, 478 F.3d at 917-18.

**B.     Mr. Ahlgren, Individually, Is Also Entitled Qualified and/or Complete Immunity as a Matter of Law.**

14.     Paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief should also be stricken because Mr. Ahlgren is personally immune from such liability as a matter of law. "Bankruptcy trustees . . . are afforded qualified immunity for acts within the scope of their authority, and complete immunity when acting pursuant to court order." *Lingenfelter v. Stoebner*, 2005 U.S. Dist. LEXIS 9811, at *12 (D. Minn. May 23, 2005) (citing *Smallwood v. United States,* 358 F. Supp. 398, 404 (E.D. Mo. 1973), *aff'd,* 486 F.2d 1407 (8th Cir. 1973)). Here, Mr. Ahlgren is entitled to both qualified and complete immunity.

15.     Mr. Ahlgren serves as ESOP administrator pursuant to 11 U.S.C. § 704(a)(11). Section 704(a)(11) ***requires*** the chapter 7 trustee to "continue to perform the obligations required of the administrator" if the debtor was the administrator "at the time of the commencement of the case"—which is the case here. 11 U.S.C. § 704(a)(11). As administrator, Mr. Ahlgren has a duty under ERISA to pursue viable causes of action for the ESOP. *See Herman v. Mercantile Bank, N.A.*, 137 F.3d 584, 587 (8th Cir. 1998) (ERISA fiduciaries have a fiduciary duty to pursue litigation that "would be successful and advantage the beneficiaries of the plan"); *Martin v. Feilen*, 965 F.2d 660, 667 (8th Cir. 1992) ("As plan fiduciaries, defendants may have had an obligation to bring a derivative action if they were aware that the officers and directors of the entities whose stock was held by the ESOP had breached fiduciary duties owed their shareholders." (quoting

6

*Canale v. Yegen*, 782 F. Supp. 963, 968 n.3 (D.N.J. 1992)). To fulfill that fiduciary duty, Mr. Ahlgren appointed himself ESOP trustee and has asserted Count 21 against Mr. Paredes in his capacities as ESOP administrator and ESOP trustee. This conduct is squarely within the scope of a chapter 7 trustee's authority under 11 U.S.C. § 704(a)(11). Therefore, as a matter of law, Mr. Ahlgren is entitled to qualified immunity from Mr. Paredes's allegations and prayers for attorneys' fees, costs, and pre- and post-judgment interest.

16. Mr. Ahlgren also is entitled to complete immunity because he is acting pursuant to an order of this Court. On September 4, 2024—nine days after Plaintiff commenced this adversary proceeding against Mr. Paredes—Mr. Ahlgren, in his capacity as chapter 7 trustee, filed a motion in the Debtor's main bankruptcy case seeking Court authorization to, among other things, (a) appoint himself as ESOP trustee and (b) administer the ESOP, including to pursue claims and causes of action on behalf of the ESOP. (Mot. to Terminate 401K Plan, Administer and Terminate the ESOP, and Other Related Relief, ¶¶ 8-12, Bankr. Doc. 116, No. 24-30167.) Mr. Paredes, through his counsel, was served with a copy of this motion via CM/ECF but did not object or otherwise respond. (*See* Bankr. Docs. 108-110, No. 24-30167.) By order dated September 25, 2024, the Court granted the motion. (*See* Order Granting Mot. to Terminate 401K Plan, Administer and Terminate the ESOP, and Other Related Relief (the "<u>Order</u>"), ¶¶ D-G, Bankr. Doc. 132, No. 24-30167.)

17. Acting pursuant to the Order—to which Mr. Paredes did ***not*** object—Plaintiff subsequently filed two amended complaints (*see* Adv. Docs. 11 & 120) and asserts Count 21 against Mr. Paredes on behalf of the ESOP in his capacities as ESOP administrator and ESOP trustee. He is therefore completely immune, personally, from any prayer or claim for attorneys' fee, costs, and pre- and post-judgment interest.

7

18. Because Mr. Ahlgren is entitled to both qualified and complete immunity as a matter of law, paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief against him personally should be stricken pursuant to Rule 12(f). Again, Mr. Ahlgren should not be required to mount a defense to allegations and prayers for relief that are "impertinent" and "ultimately cannot be sustained." *See Donelson*, 999 F.3d at 1092; *BJC Health Sys.*, 478 F.3d at 917-18.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant the Motion and strike (or, alternatively, dismiss) paragraph 18 of the Counterclaim and the fourth and fifth Prayers for Relief.

*(Remainder of Page Blank)*

8

| | |
|---|---|
| Date: September 5, 2025 | /e/ *Peter D. Kieselbach* |
| | Michael B. Fisco (Minnesota #0175341) |
| | (*Admitted Pro Hac Vice*) |
| | Peter D. Kieselbach (Minnesota #0397531) |
| | (*Admitted Pro Hac Vice*) |
| | **GREENBERG TAURIG, LLP** |

90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
Email: fiscom@gtlaw.com
      kieselbachp@gtlaw.com

*and*

Erik A. Ahlgren (North Dakota #09561)
Ahlgren Law Office, PLLC
220 W. Washington Ave. Suite 105
Fergus Falls, MN 56537
Telephone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 5, 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach