UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>      Debtor. | Chapter 7<br>Bky. No. 24-30167 |
| Erik A. Ahlgren, as Chapter 7 Trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>      Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, and Miguel Paredes,<br><br>      Defendants. | Adv. No. 24-07014<br><br>**PLAINTIFF'S AND COUNTERCLAIM DEFENDANT'S ANSWER TO COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND OBJECTION TO COUNTERCLAIM** |

Plaintiff and Counterclaim Defendant Erik Ahlgren, in his capacities as chapter 7 trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust, files this answer and affirmative defenses (the "Answer") to the counterclaim of defendant and counterclaim-plaintiff Miguel Paredes (respectively referred to as "Mr. Paredes" and the "Counterclaim") [Doc. 155]. Unless expressly and specifically admitted below, Counterclaim Defendant denies every allegation in the Counterclaim. Any capitalized terms not defined herein have the meanings ascribed to them in the Counterclaim.

ACTIVE 714169311v3

# COUNTERCLAIM

## PARTIES

The opening paragraph does not contain any allegations and, therefore, no response is required.  To the extent a response is required, Counterclaim Defendant denies any allegations in the opening paragraph.

1. Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2. Counterclaim Defendant admits the allegations in paragraph 2 of the Counterclaim.

3. Counterclaim Defendant admits that Mr. Ahlgren is a natural person domiciled in Minnesota and that he is the chapter 7 trustee of the Debtor's bankruptcy estate.  Counterclaim Defendant denies that Mr. Ahlgren commenced this action in his personal/individual capacity.

4. Counterclaim Defendant admits the allegations in paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5. Counterclaim Defendant admits the allegations in paragraph 5 of the Counterclaim.

6. Counterclaim Defendant admits the allegations in paragraph 6 of the Counterclaim.

7. Counterclaim Defendant admits the allegations in paragraph 7 of the Counterclaim.

8. Paragraph 8 of the Counterclaim states a legal conclusion to which no response is required.

9. Counterclaim Defendant admits the allegations in paragraph 9 of the Counterclaim.

## FACTUAL BACKGROUND

10. Counterclaim Defendant admits that Mr. Ahlgren, in his representative capacities as chapter 7 trustee, ESOP trustee, and ESOP administrator, initiated this action alleging that Mr. Paredes breached fiduciary duties under the Employee Retirement Income Security Act of

1974 ("ERISA") in connection with the ESOP Transaction. Counterclaim Defendant denies that Mr. Ahlgren, in his personal/individual capacity, initiated this action alleging that Mr. Paredes breached fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the ESOP Transaction.

11. Counterclaim Defendant admits that the Debtor and Mr. Paredes entered into the Engagement Agreement. Counterclaim Defendant further admits that Exhibit 1 is what it purports to be. As to the remaining allegations in paragraph 11, Counterclaim Defendant refers to the Engagement Agreement for its exclusive terms and denies any allegations in paragraph 11 that are inconsistent with it.

12. Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Counterclaim Defendant refers to the Engagement Agreement for its exclusive terms and denies any allegations in paragraph 13 that are inconsistent with it.

14. Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Paragraph 16 of the Counterclaim states legal conclusions to which no response is required. Counterclaim Defendant further avers that Mr. Ahlgren filed this lawsuit solely in his representative capacities as chapter 7 trustee, ESOP trustee, and ESOP administrator, not in his personal/individual capacity.

17. Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

3

18. Counterclaim Defendant denies the allegations in paragraph 18.

## COUNT ONE
### Contractual Indemnification
### Against the Debtor's Estate

19. Counterclaim Defendant incorporates his responses to paragraphs 1-18 as if fully stated herein.

20. Counterclaim Defendant admits the allegations in paragraph 20 of the Counterclaim.

21. Counterclaim Defendant refers to the Engagement Agreement for its exclusive terms and denies any allegations in paragraph 21 that are inconsistent with it.

22. Paragraph 22 of the Counterclaim states legal conclusions to which no response is required. Counterclaim Defendant further avers that Mr. Ahlgren filed this lawsuit solely in his representative capacities as chapter 7 trustee, ESOP trustee, and ESOP administrator, not in his personal/individual capacity.

23. Counterclaim Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. Paragraph 24 of the Counterclaim states legal conclusions to which no response is required.

### PRAYER FOR RELIEF

The Prayer for Relief section asserts legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant denies any allegations in the Prayer for Relief section and denies that Mr. Paredes is entitled to any of the relief requested in the Prayer for Relief section or any other relief for his Counterclaim.

*   *   *

**AFFIRMATIVE AND OTHER DEFENSES**

In asserting the following affirmative and other defenses to the Counterclaim, Counterclaim Defendant does not admit any allegations of the Counterclaim not previously admitted. Counterclaim Defendant does not concede that said defenses are necessarily affirmative defenses or that the assertion of such defenses imposes any burden on Counterclaim Defendant with respect thereto. Counterclaim Defendant expressly reserves and asserts all affirmative and other defenses available under any applicable federal or state law, including the Federal Rules of Civil Procedure, and reserves the right to assert other defenses and claims when and if they become appropriate in the action.

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim should be disallowed under 11 U.S.C. § 502(b)(1).

3. The Counterclaim is tardily filed under 11 U.S.C. § 502(b)(9).

4. Mr. Paredes' legal fees (if any) were and are unreasonable.

5. Mr. Paredes is not entitled to indemnification under the Engagement Agreement because any loss or liability sustained by Mr. Paredes results from Mr. Paredes' gross negligence or willful misconduct, a breach of his fiduciary duties under ERISA, or such indemnification is prohibited by ERISA.

6. As a matter of law pursuant to 29 U.S.C. §§ 1132(d)(2) and/or 1132(g)(1), Mr. Ahlgren cannot be personally liable for Mr. Paredes' allegations and prayers for relief for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and pre- and post-judgment interest thereon.

7. Mr. Ahlgren, in his individual capacity, is entitled to qualified immunity for Mr. Paredes' allegations and prayers for relief for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and pre- and post-judgment interest thereon.

8.  Mr. Ahlgren, in his individual capacity, is entitled to complete immunity for Mr. Paredes' allegations and prayers for relief for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1) and pre- and post-judgment interest thereon.

## OBJECTION TO COUNTERCLAIM

This Answer also constitutes an objection to Mr. Paredes' Counterclaim under 11 U.S.C. § 502 and Fed. R. Bank. P. 3007. Without limitation, the Counterclaim should be disallowed pursuant to, without limitation, 11 U.S.C. §§ 502(b)(1) and 502(b)(9). Any and all other grounds for objection are expressly reserved. Plaintiff, in his capacity as chapter 7 trustee, respectfully requests that the Court deny and disallow the Counterclaim and find that Mr. Paredes has no claim against the Debtor's estate.

*(Remainder of Page Blank)*

| | |
|---|---|
| Date: September 5, 2025 | /s/ *Peter D. Kieselbach* |
| | Michael B. Fisco (Minnesota #0175341) |
| | (*Admitted Pro Hac Vice*) |
| | Peter D. Kieselbach (Minnesota #0397531) |
| | (*Admitted Pro Hac Vice*) |
| | GREENBERG TAURIG, LLP |
| | 90 South Seventh Street, Suite 3500 |
| | Minneapolis, MN 55402 |
| | Telephone: (612) 259-9700 |
| | Email: fiscom@gtlaw.com |
| | kieselbachp@gtlaw.com |

*and*

Erik A. Ahlgren (North Dakota #09561)
Ahlgren Law Office, PLLC
220 W. Washington Ave. Suite 105
Fergus Falls, MN 56537
Telephone: (218) 998-2775
Email: erik@ahlgrenlawoffice.net

*Attorneys for Plaintiff and Counterclaim Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 5, 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach

7

ACTIVE 714169311v3