# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Pro-Mark Services, Inc.,<br><br>　　　　　　Debtor.<br>――――――――――――――――――――<br>Erik A. Ahlgren, as Chapter 7 trustee of Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, and Miguel Paredes,<br><br>　　　　　　Defendants. | Chapter 7<br>Case No. 24-30167<br><br><br><br><br><br><br>Adv. No. 24-07014 |

## JOINT STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7026 and Local Rule 7026-1, Plaintiff Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc. ("Debtor"), as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc.

Employee Stock Ownership Trust (the "Plaintiff"); Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (collectively, the "Berg Defendants"), and Miguel Paredes (collectively, the "Parties") file this Joint Status Report.

The Parties submit this Joint Status Report subject to Berg Defendants' Demand for Jury Trial and non-consent to the Court's entry of final orders and judgments.

The Parties held the Rule 26(f) conference on August 29, 2025. The Parties discussed the following matters:

1. **Nature of the Case**

    Plaintiff's Allegations:

    The Berg Defendants sold their equity interest in the Debtor for about $31.5 million of total consideration to Debtor's employees via an ESOP transaction, which was a grossly inflated price. Before the ESOP transaction, the Berg Defendants illegally enrolled the Debtor in government contracting programs intended for socially or economically disadvantaged individuals, women, and small business, including the SBA's WOSB and 8(a) programs, for which it did not qualify. As a result, the Debtor received millions of dollars in revenue and profits to which it was not entitled.

    In connection with the ESOP transaction, the Berg Defendants, among other things, (i) did not disclose their government contract procurement fraud; (ii) misrepresented the Debtor's financial performance; and (iii) lied about the legal, operational, and others risks that the Debtor faced as a result of the Berg

2

Defendants' government contract procurement fraud. If this information was known at the time of the ESOP transaction, the ESOP transaction never would have closed—let alone for $31.5 million.

By making these lies, misrepresentations and omissions, and allowing the ESOP transaction to close at an inflated value, the Berg Defendants, among other things: (i) breached several agreements that were part of the ESOP transaction, (ii) defrauded the ESOP, aided and abetted such fraud, or acted in concert with respect to such fraud, (iii) defrauded the Debtor, aided and abetted such fraud, or acted in concert with respect to such fraud, (iv) breached their fiduciary duties to the Debtor, aided and abetted such breach, or acted in concert with respect to such breach, (v) were the recipients and/or intended beneficiaries of various actual and constructively fraudulent transfers, (vi) violated North Dakota securities laws, and (v) violated ERISA laws, including their fiduciary duties thereunder and causing and participating in a prohibited transaction.

Defendant Connie Berg has asserted a counterclaim against the Debtor's estate for attorneys' fees and costs. Plaintiff denies that Mrs. Berg is entitled to attorneys' fees and costs and opposes such counterclaim.

As an alternative claim, Plaintiff alleges that Defendant Miguel Paredes breached his fiduciary duties to the ESOP under ERISA and caused the ESOP to enter into a prohibited transaction. Paredes was ESOP trustee when the ESOP transaction closed. Had he performed reasonable due diligence, he would have

3

discovered the Berg Defendants' fraud, and the ESOP transaction would not have closed.

Mr. Paredes has asserted a counterclaim against the Debtor's estate for indemnification and also seeks attorneys' fees, costs, and interest thereon from Mr. Ahlgren, personally. Plaintiff denies that Mr. Paredes is entitled to indemnification and denies all his requests for relief, including those against Mr. Ahlgren personally.

Berg Defendants' Allegations:

Berg Defendants deny Plaintiff's allegations that Connie or Kyle Berg caused the Debtor to defraud the United States by fraudulently certifying the Debtor's eligibility for the 8(a) and WOSB Programs and status as a small business or by fraudulently obtaining associated set-aside contracts. Berg Defendants deny Plaintiff's allegations that the Debtor's stock was overvalued for the ESOP Transaction or that the ESOP Transaction was a prohibited transaction under ERISA. Berg Defendants further deny Plaintiff's allegations that Connie or Kyle Berg breached a fiduciary duty owed to the Debtor under North Dakota law, breached the Modification Agreement, defrauded the Debtor or ESOP Trust, or breached a fiduciary duty owed to the ESOP Trust under ERISA.

Berg Defendants also deny Plaintiff's allegations that any component of the ESOP Transaction was an actually or constructively fraudulent transfer. Berg Defendants deny Plaintiff's allegations that the Debtor's stock was not reasonably equivalent value for the purchase price and that the Debtor was insolvent at the time of the ESOP Transaction.

4

Paredes's Allegations:

Mr. Paredes served as the trustee of the Pro-Mark employee stock ownership plan for purposes of evaluating the fairness of a transaction whereby Connie Berg was to sell her stock in Pro-Mark to an employee stock ownership trust. Mr. Paredes denies all of Plaintiff's allegations in his amended complaint (Doc. 120) about his actions and conduct in regard to the ESOP transaction. Mr. Paredes specifically denies plaintiff's allegations that he breached his duties of loyalty and care under ERISA section 404, 29 U.S.C. section 1104, denies plaintiff's allegations that he caused the ESOP to participate in a prohibited transaction in violation of ERISA section 406, 11 U.S.C. section 1106, and denies plaintiff's allegation that the Pro-Mark ESOP paid more than adequate consideration for Pro-Mark's stock. (See Doc. 155)

Mr. Paredes has also asserted a counterclaim against plaintiff based on the Pro-Mark bankruptcy estate's contractual obligation to indemnify him for defense costs Mr. Paredes incurs arising from plaintiff's lawsuit and for any other liabilities arising out of his performance as the Pro-Mark ESOP trustee. (Doc. 155.) In addition, Mr. Paredes intends to seek an award of his reasonable attorney's fees and related costs and expenses from the plaintiff in his individual capacity pursuant to ERISA section 502(g), 29 U.S.C. section 1132(g). (*Id.*)

2. **Settlement Discussions**

Plaintiff

Plaintiff is open to meaningful settlement discussions.  The Plaintiff has already reached settlements with former defendants Mandy Grant and Chad

5

DuBois. Plaintiff rejected a settlement offer from the Berg Defendants' made on October 24, 2024, and has had no further settlement discussions with them. Plaintiff and Mr. Paredes had settlement discussions but were unable to reach a settlement.

<u>Berg Defendants</u>

There have been minimal discussions to date between Plaintiff and Berg Defendants. Berg Defendants proffered settlement terms on October 24, 2024, to which the Trustee did not respond.

<u>Paredes</u>

Mr. Paredes and plaintiff held settlement discussions over several weeks. The Court granted several joint motions by plaintiff and Mr. Paredes to extend Mr. Paredes's time to respond to the amended complaint to evaluate potential settlement, but the parties were unable to reach agreement.

3. **Initial Disclosures**

<u>Plaintiff</u>

With respect to the Berg Defendants, Plaintiff served initial disclosures on August 1, 2025, first amended initial disclosures on August 4, 2025, and second amended initial disclosures on September 8, 2025. With respect to Mr. Paredes, Plaintiff served initial disclosures on September 8, 2025.

<u>Berg Defendants</u>

Berg Defendants served initial disclosures on Plaintiff and Paredes on July 31, 2025.

<u>Paredes</u>

Mr. Paredes served initial disclosures on September 15, 2025.

4. **Jurisdiction**

   Plaintiff

Plaintiff consents to the Court's entry of final orders and judgments. Plaintiff asserts that Defendant Connie Berg has (a) waived her right to a jury trial and (b) consented to the Court's entry of final orders and judgments.

   Berg Defendants

The Berg Defendants dispute the Bankruptcy Court's jurisdiction to enter final orders and judgment. Berg Defendants do not consent to the Court's entry of final orders and judgments. Berg Defendants filed a Demand for Jury Trial.

   Paredes

Mr. Paredes consents to the Bankruptcy Court entering final orders and judgments. On September 2, 2025, the District Court denied the Berg Defendants' Motion to Withdraw the Reference to the Bankruptcy Court. (Doc. 161.) If the reference to the Bankruptcy Court of the lawsuit is withdrawn at any time in the future, Mr. Paredes reserves his right to assert the position that the District Court should, in that case, enter final orders and judgments on all claims and defenses in this lawsuit, including the claims and defenses related to Mr. Paredes.

5. **Proposed Discovery Plan**

   a) **Preservation of discoverable information**

The Parties do not anticipate any issues regarding preservation of discoverable information.

   b) **Subjects on which discovery may be needed**

7

Plaintiff

The Plaintiff contends that discovery may be necessary on the following topics:

- Connie Berg's and Kyle Berg's respective participation in and control of the Debtor and its business.

- The Debtor's eligibility for federal government contracting programs and set-aside contracts (including 8(a), WOSB, and small business set aside contracts); the Debtor's and the Berg Defendants' applications and certifications relating thereto; and the Debtor's and the Berg Defendants' communications with the government relating thereto.

- The ESOP transaction.

- The proceeds that the Berg Defendants received from or in connection with the ESOP transaction, and any subsequent transfers of such monies.

- The Debtor's business operations, financial condition, financial information, value, and solvency before and after the ESOP transaction.

- The U.S. Government's investigations of the Bergs Defendants and the Debtor in connection with the Bergs Defendants and Debtor's federal contracting procurement practices.

- The Non-Prosecution Agreement.

8

- Mr. Paredes' involvement in the ESOP transaction, including negotiations, due diligence, and valuation of the Debtor.
- Other topics relating to the allegations in the Second Amended Complaint.
- The topics identified herein by the Berg Defendants and Mr. Paredes.

Berg Defendants

Berg Defendants contend that discovery may be necessary on the following topics:

- The Debtor's initial and annual certifications for the 8(a) Program.
- The Debtor's certifications for the WOSB Program.
- The Debtor's certifications as a small-business.
- The Debtor's communications with the SBA from January 1, 2007 through August 31, 2020.
- Set-aside contracts awarded to the Debtor from May 2008 through August 31, 2020.
- The ESOP Transaction.
- The United States's investigation of the Debtor.
- The Debtor's entry into the Non-Prosecution Agreement.
- The Debtor's financial information and other books and records.

Paredes

Mr. Paredes contends that discovery may be necessary on each of the topics listed by the Berg Defendants, as well as the representations that were made to him or concealed from him while he served as ESOP Trustee, and diligence and

9

documents provided to or withheld from Mr. Paredes in the context of evaluating and negotiating the ESOP transaction. Additional topics of discovery may arise as the case progresses through the fact discovery phase, and Mr. Paredes reserves his right to pursue such discovery.

### c) Scope of discovery

<u>Plaintiff</u>

The Plaintiff expects that the scope of the discovery will be:

- Depositions. Plaintiff expects to take depositions of all Defendants.
- Interrogatories. Plaintiff expects to serve interrogatories on all Defendants.
- Requests for Admission. Plaintiff expects to serve requests for admission on all Defendants.
- Requests for Production. Plaintiff expects to serve requests for production on all Defendants.
- Third-Party Discovery. Plaintiff expects to request documents from and/or take depositions of various non-parties. Such non-parties may include, without limitation, the Debtor's former employees, officers, directors, vendors, and customers; government contracting officials; and the Defendants' respective third-party advisors and agents.

The Plaintiff expects to take 10 to 20 depositions, which is in excess of the number of depositions that Federal Rule of Civil Procedure 30 allows without the need to request leave. Other than this, the Plaintiff does not expect to request discovery in excess of the scope permitted by the Federal Rules of Civil Procedure.

<u>Berg Defendants</u>

The Berg Defendants do not expect to request discovery that will exceed the scope permitted by the Federal Rules of Civil Procedure.

**d) Mid-Discovery Status Conference or Final Pretrial Conference**

The Parties will communicate during discovery to determine if additional conferences are needed.

**e) When discovery should be completed**

| Description | Date |
| --- | --- |
| Parties' deadline to complete fact discovery, including the resolution of all fact discovery motions | October 16, 2026 |
| Plaintiff's deadline to provide the names and complete disclosures and reports of any expert witnesses as required under Rule 26(a)(2) | November 20, 2026 |
| Defendants' deadline to provide the names and complete disclosures and reports of any expert witnesses as required under Rule 26(a)(2) | February 19, 2027 |
| Plaintiff's deadline to provide any rebuttal expert reports | March 26, 2027 |
| Parties' expert discovery deadline | May 7, 2027 |
| Parties' dispositive motion deadline | May 21, 2027 |

**f) Discovery should be conducted in phases or limited/focused upon particular issues**

The Parties agree that fact and expert discovery shall be bifurcated.

**g) Methods of production**

11

The Parties' production of documents shall be in accordance with the instructions set forth below and with all applicable rules, including Federal Rule of Civil Procedure 34.

The Parties agree that the production shall include electronic or magnetic data, including responsive deleted and/or fragmented data. The Parties agree to produce electronic or magnetic data as electronically Bates-numbered single-page TIFF images with corresponding metadata and respective load files. The following metadata fields, to the extent applicable to the electronic or magnetic data produced, shall be included in a searchable fielded data file:

- Beginning/Ending Document Numbers,
- Beginning/Ending Attachment Ranges
- Document Type,
- Sent Date/Time,
- Author,
- Recipient,
- CC,
- BCC,
- Subject/Title,
- Custodian,
- Attachment Count,
- File Name,
- Last Modified Date/Time,
- Confidentiality Designation, if any.

### 6. Protective Order

The Parties will submit a proposed agreed protective order to the Court.

### 7. Privileged Materials

The Parties have agreed that inadvertent production of privileged documents or information will not waive the applicable privilege. Once a party discovers it has inadvertently produced privileged materials, the party must, within a reasonable

12

time, request that the materials be returned. Upon such a request, the party receiving the privileged materials will immediately return them and all copies to the producing party. The producing party need not show that it took reasonable precautions to prevent disclosure.

The Parties request that the Court include this agreement in an order, but the Parties agree to abide by this agreement regardless of whether it is ultimately included in an order by the Court.

Dated: September 17 2025

  /s/ *Michael B. Fisco*
Michael B. Fisco (pro hac vice)
Peter D. Kieselbach (pro hac vice)
**GREENBURG TRAURIG, LLP**
90 South Seventh St., Suite 3500
Minneapolis, MN 55402
Tel: (612) 259-9700
fiscom@gtlaw.com
kieselbachp@gtlaw.com

*and*

Erik A. Ahlgren (ND #09561)
**Ahlgren Law Office, PLLC**
220 W. Washington Ave., Ste. 105
Fergus Falls, MN 56537
(218) 998-2775
erik@ahlgrenlawoffice.net

*Attorneys for Plaintiff*

Dated: September 17, 2025

  /s/ *Stephen M. Pezanosky*
Stephen M. Pezanosky (*pro hac vice*)
Stephen.Pezanosky@haynesboone.com
Aimee M. Furness (*pro hac vice*)
Aimee.Furness@haynesboone.com
Jordan E. Chavez (*pro hac vice*)
Jordan.Chavez@haynesboone.com
Brenna H. Scully (*pro hac vice*)
Brenna.Scully@haynesboone.com
**HAYNES AND BOONE LLP**
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Attorneys for Defendants Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust*

14

Dated: September 17, 2025        */s/ Michael L. Scheier*
Michael L. Scheier (pro hac vice)
Jacob D. Rhode (pro hac vice)
Samuel B. Weaver (pro hac vice)
**KEATING MUETHING & KLEKAMP PLL**
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
(513) 579-6952
mscheier@kmklaw.com

*and*

Michael L. Gust (ND #06468)
**ABST LAW, P.C.**
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
(701) 235-3300
mgust@abstlaw.net

*Attorneys for Defendant Miguel Paredes*

15