UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN RE:<br><br>Pro-Mark Services, Inc.,<br><br>    Debtor. | Case No. 24-30167<br><br>Chapter 7<br><br>Chief Judge Shon Hastings |
| Erik A. Ahlgren, Trustee, et al.,<br><br>    Plaintiff,<br><br> -v-<br><br>Connie Berg, et al.,<br><br>    Defendants. | Adv. Case No. 24-07014 |

**MIGUEL PAREDES' OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE OR DISMISS IN PART**

Plaintiff moves under Rule 12(f) to "strike" from Mr. Paredes' answer his fee shifting prayer for relief afforded by Congress to defendants who, in defending against an ERISA claim, show some degree of success on the merits (the "Allegations").[1] This is not the type of "redundant, immaterial, impertinent, or scandalous matter" that the drastic Rule 12(f) mechanism is meant to address, and is far from ripe for judicial resolution in any event. If Mr. Paredes is successful defending against Plaintiff's claim, only then can the Court analyze (under well-established factors) whether, and in what amount, fees should be awarded pursuant to 29 U.S.C section 1132(g)(1) (ERISA section 502(g)(1)) against Mr. Ahlgren as the self-appointed (and alleged)

---

[1] Specifically, Plaintiff asks the court to strike the entirety of paragraph 18 and the fourth and fifth prayers for relief in Mr. Paredes' Counterclaim.

fiduciary who brought the claim. But that time is not now, and this analysis and inquiry cannot be made until the summary judgment stage, at the earliest.

That aside, Plaintiff is wrong to suggest (without authority) that as a matter of law a plaintiff can *never* be held personally liability for shifted fees under section 502(g)(1), such that the mere suggestion otherwise is so "scandalous" it must be stricken from the pleadings. The plain language of the statute, federal regulations, and holdings from multiple courts to consider the issue, squarely contemplate this exact result depending on the Court's discretionary analysis of the applicable factors (which again, is a premature exercise that cannot be completed at this stage). Although ERISA section 502(a)(2) provides an alleged ESOP fiduciary like Plaintiff with the statutory right to assert a cause of action on behalf of a benefit plan, it balances this right with a concomitant statutory responsibility—potential liability of that fiduciary plaintiff for a fee shifting award if the claim proves meritless. No statutory or common law immunity excepts an ERISA fiduciary like Mr. Ahlgren from such a result. Plaintiff's motion to strike should be denied.

## ARGUMENT

***Federal Rule of Civil Procedure 12(f).*** Plaintiff asks the Court to strike the Allegations pursuant to Federal Rule of Procedure 12(f). An initial word about motions to strike under Federal Rule 12(f) is therefore warranted to frame the opposition.[2]

The Eighth Circuit holds that granting a Rule 12(f) motion to strike "is an extreme and disfavored measure." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091-92 (8th Cir. 2021) (quotations omitted). This is because striking allegations, especially so early in a case, is "drastic". *Id.* at 1091. As a result, courts in the Eighth Circuit recognize that motions to strike "are

---

[2] A prayer for relief under ERISA section 502(g)(1) is not a claim subject to a Rule 12(b)(6) motion to dismiss. *AG Spectrum Co. v. Elder*, 181 F. Supp. 3d 615 (S.D. Iowa 2016). Plaintiff has moved under that rule in the alternative to the Rule 12(f) motion to strike, and the Court can therefore deny that alternative relief because it is inapplicable (or for the same reasons it should deny Rule 12(f) relief).

2

not favored and are infrequently granted." *Lizama v. Venus Lab'ys, Inc.*, 679 F. Supp. 3d 848, 870-71 (E.D. Mo. 2023). In fact, "motions to strike are often considered time wasters." *Whitten v. City of Omaha*, 199 F. Supp. 3d 1224, 1235 (D. Neb. 2016) (quotations omitted). Most importantly where, as here, a motion to strike is aimed at legally recognized relief, it should obviously be denied so that the party seeking such relief has a full opportunity to vindicate its rights. *Donelson,* 999 F.3d at 1092. Lastly, it is inappropriate to strike allegations early in a case before discovery, even where the right to relief subject to the motion is uncertain. *Lizama,* 679 F. Supp. 3d at 872.

A good example of this concept is *BJC Health System v. Columbia Cas. Co.,* 478 F.3d 908 (8th Cir. 2007). In *BJC Health,* the Eighth Circuit held that it was appropriate to strike punitive damages relief because the district court had determined there was no actionable fraud claim providing a potential right to punitive damages. *Id.* at 916-17. In this case, however, Mr. Paredes' potential right to fees under 502(g)(1) is not a "claim" and has not been determined—indeed, it can *only* be determined if he succeeds in defending against Plaintiff's claims, based on the Court's application of a number of well-established factors. *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984) (establishing 5-part ERISA fee shifting test). The motion to strike is thus premature because the fee shifting remedy is always litigated and determined only after the party seeking fees "show[s] some degree of success on the merits before a court may award attorney's fees under section 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quotations omitted). In other words, the fee shifting questions will only be ripe for the Court's consideration upon a summary judgment or trial judgment, but not before. *See e.g.*, *Boyd v. Target Corp.*, 750 F. Supp. 3d 999, 1032 (D. Minn. 2024) (denying motion to strike prayer for injunctive relief in part because the determination of the right to that relief "is premature"); *Johnson Tr. of Operating Eng'rs Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950

3

F.3d 510 (8th Cir. 2020) (affirming fee award to defendants after summary judgment).

Moreover, as shown below, even if the fees issue were not premature, Plaintiff is wrong that there is a categorical bar against imposing 502(g)(1) fee shifting against a plaintiff fiduciary personally.

***The plain language of ERISA section 502(g)(1) undermines Plaintiff's position that a fiduciary can never be held liable for shifted fees.*** Section 502(g)(1) plainly states that "in any action [under section 502] *by a fiduciary*, the Court in its discretion may allow a reasonable attorney's fee and costs of action *to either party*." 29 U.S.C. § 1132(g)(1) (cleaned up). The statute is unequivocal – the Court retains discretion to award attorney's fees against "either party", here that includes the "fiduciary", Mr. Ahlgren, who indisputably is the one who brought this suit under ERISA section 502(a)(2). (*See* Doc. 120 at p. 84, identifying the party as "Erik A. Ahlgren".) Said another way, in a purportedly representative action under 502(a)(2) like this case, the "fiduciary" is the sole "party" that decided to bring the claim and would be liable to pay the fee award. There is no other reasonable interpretation of this plain language, so the Court must therefore apply it as written. *Select Specialty Hosp. – Sioux Falls, Inc. v. Brentwood Huterrian Brethren, Inc.,* 81 F.4th 793, 797 (8th Cir. 2023) ("If the statute is unambiguous, we simply apply the statute." (cleaned up)).

Moreover, it is also significant that the same ERISA section, 502, contains both the right of a fiduciary to bring an action to recover losses under ERISA section 409 (via 502(a)), and the responsibility of that same plaintiff fiduciary to pay the other party's attorney's fees if the fiduciary's claim proves meritless and the Court finds the well settled standard for fee shifting under ERISA section 502(g)(1) is met. While Plaintiff basks in the right he is provided in ERISA section 502 to bring a lawsuit as an ERISA fiduciary, he ignores that with such a right comes a

4

congressionally mandated responsibility to reimburse Mr. Paredes for his defense costs where the statutory fee shifting remedy is triggered and found warranted by the Court.

Because in ERISA section 502 Congress unequivocally expressed its intent to make a fiduciary plaintiff personally liable for a fee shifting award, the Allegations set forth a potential legally recognized remedy and the motion to strike should therefore be denied.

***The case law recognizes 502(g)(1) imposes personal liability on plaintiff.*** Not only does the plain language of section 502(g)(1) require the motion to strike be denied, but case law does too. For example, in *Jackson v. Truck Drivers' Union Loc. 42 Health & Welfare Fund*, 933 F. Supp. 1124, 1147 (D. Mass. 1996), the Court held that an award of attorneys' fees may be appropriate against individual plan fiduciaries. *See also Sage v. Automation, Inc. Pension Plan & Tr.*, 777 F. Supp. 876, 878 (D. Kan. 1991) (applying 5-factor test adopted in Eighth Circuit to assess whether fees should be "imposed personally" on individual plan fiduciary); *Trs. of Eighth Dist. Elec. Pension Fund v. Wasatch Front Elec. & Const., LLC*, 598 F. App'x 563, 567 (10th Cir. 2014) (affirming that "the court did not err in assessing attorneys' fees against the [individual plaintiff] trustees").

The three cases Plaintiff cites are inapposite. None address a fee award against a fiduciary under ERISA section 502(g)(1). (*See* Motion, Doc. 164, ¶ 11.) Rather, they address whether a plan fiduciary is liable for a substantive breach of ERISA arising from the improper denial of benefits to a plan participant. Plaintiff's cases stand for the well-settled proposition that, if a plan is found liable for failure to pay plan benefits in breach of ERISA, the liability for the benefit payment runs to the plan itself. *See Friedman v. Lippman*, No. 19-CV-226, 2020 WL 2489064, at *5-6 (S.D.N.Y. May 14, 2020) (damages for withheld benefits runs only to the plan); *Manginaro v. Welfare Fund of Local 771*, 21 F. Supp. 2d 284, 300-01 (S.D.N.Y. 1998) (unpaid medical benefits liability runs

5

to plan).³ In fact, *Friedman,* cited in the Motion at ¶ 11, recognizes that outside of the enforcement of benefits context, the fiduciary will be personally liable to the plaintiff. *Friedman,* 2020 WL 2489064, at *5; *see also* 29 U.S.C. § 1109(a) (plan fiduciary "shall be personally liable" for any breaches of ERISA duties or obligations).

Ironically, Plaintiff tries to shunt his potential personal liability for attorney's fees to the Pro-Mark ESOP (Motion at ¶ 11), hardly consistent with his fiduciary obligation to act with "an eye single to the interests of the participants and beneficiaries." *Rozo v. Principal Life Ins. Co.,* 48 F.4th 589, 595 (8th Cir. 2022) (quotations omitted). That troubling position aside, should Mr. Paredes defeat Plaintiff's claims, the plan would have no assets to pay a discretionary fee award, thereby making ERISA section 502(g)(1) a hollow and meaningless statute, an end run around the statutory purpose to disincentivize bad ERISA claims against good fiduciaries like Mr. Paredes. According to Plaintiff, self-appointed ERISA fiduciaries of bankrupt sponsor company benefit plans should have the unfettered ability to bring frivolous ERISA claims completely free from Congress's explicit fee-shifting mandate. Plaintiff cites no authority for such a proposition, because that is not the law.

Plaintiff brought his ERISA claims against Mr. Paredes under ERISA section 502(a)(2), thereby bringing himself within the purview of the fee shifting provision in that same section. The Motion should therefore be denied.

***Plaintiff does not have immunity from a 502(g)(1) fee award.*** Plaintiff spends much time arguing about the immunities applicable to chapter 7 bankruptcy trustees, but the entire argument in this regard is not relevant because he has not brought his claim against Mr. Paredes in that

---

³ The third case Plaintiff cited, *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), is a civil rights case alleging that police officers are personally liable along with their governmental entity employer for violating plaintiff's rights under the Americans with Disabilities Act. Accordingly, it provides no guidance in regard to Plaintiff's Motion.

6

capacity. Rather, as set forth in both the Second Amended Complaint and in the Motion, he has sued Mr. Paredes "only in his capacity as ESOP administrator and ESOP trustee . . . ." (Motion at ¶ 1; *see also* Second Amended Complaint at ¶ 411 (same)). There is no authority supporting the argument that an ESOP trustee like Plaintiff who brings claims for plan-wide relief under ERISA sections 502(a)(2) and 409(a) is immune from ERISA section 502(g)(1) fee shifting liability, nor does Plaintiff cite any authority supporting that view—not any. Having appointed himself as ESOP trustee (rather than an experienced third party trustee), and having used that status to take advantage of ERISA's civil enforcement mechanism in section 502 to sue Mr. Paredes, he should have been aware that section 502 also contains a fee shifting clause that may implicate his personal liability.

The only argument in the Motion, unsupported by authority, is a syllogism – because he is a chapter 7 trustee, immune from liability, who became the plan administrator by virtue of 11 U.S.C. section 704 and, as plan administrator, appointed himself as ESOP trustee for the purpose of investigating claims against and eventually suing Mr. Paredes, he is immune from liability for fees. But that is not how things work under ERISA as shown above. *E.g.,* 11 U.S.C. §§ 409, 1132(g) (imposing personal liability on an ERISA fiduciary). Of course, Plaintiff could have hired a qualified and experienced independent ESOP fiduciary to investigate and file claims, but he made the decision to appoint himself with all the rights, duties, obligations *and responsibilities* of an ESOP trustee/plan fiduciary.[4]

Federal regulations also counter Plaintiff's immunity argument. The relevant regulation states that a chapter 7 bankruptcy trustee who serves as the administrator of an ESOP Plan may

---

[4] Plaintiff makes some reference to a court order he sought authorizing his appointment as ESOP trustee but never explains the relevance. Motion at ¶ 16. He is not a court employee or an agent of the court, but rather an ERISA fiduciary whose sole duty runs to the Pro-Mark ESOP, not the court.

7

not assert immunity of any type or waive his responsibilities under ERISA. 29 C.F.R. § 2578.1(j)(8). Under the heading "Special Rules for chapter 7 ERISA Plans", the regulation states that when the ESOP sponsor is a chapter 7 debtor, the "bankruptcy trustee or eligible designee shall not, for themselves or the other, through waiver or otherwise, seek a release from liability under ERISA, or assert a defense of derived judicial immunity (or similar defense) in any action brought against the bankruptcy trustee arising out of its conduct under this regulation." 29 C.F.R. § 2578.1(j)(8). Accordingly, ERISA's duties and responsibilities follow Plaintiff, entirely undiminished, and regardless of any other roles he may simultaneously fill.

Plaintiff does not have qualified or absolute immunity from a fee shifting award under ERISA section 502(g)(1).

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike or Dismiss should be denied.

Respectfully submitted,

*/s/ Michael L. Scheier*
Michael L. Scheier (*pro hac vice*)
Jacob D. Rhode (*pro hac vice*)
Joseph E. Lehnert (*pro hac vice forthcoming*)
Samuel B. Weaver (*pro hac vice*)
KEATING MUETHING & KLEKAMP, PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
jrhode@kmklaw.com
jlehnert@kmklaw.com
sweaver@kmklaw.com

and

Michael Gust (ND #06468)
ABST Law, P.C.

4132 30th Ave. SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
Tel: (701) 235-3300
Fax: (701) 237-3154
mgust@abstlaw.net

*Attorneys for Defendant Miguel Paredes*