UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:                                                                                  Bankruptcy No. 24-30167
                                                                                         Chapter 7
Pro-Mark Services, Inc.,

              Debtor.
_____/
Erik A. Ahlgren, as Chapter 7 Trustee of the
Bankruptcy Estate of Pro-Mark Services, Inc.,
As Administrator of the Pro-Mark Services, Inc.
Employee Stock Ownership Plan, and as
Trustee of the Pro-Mark Services, Inc. Employee
Stock Ownership Trust,

             Plaintiff,

    vs.                                                                                Adversary No. 24-07014

Connie Berg, Kyle Berg,
Connie Berg Revocable Living Trust,
Kyle R. Berg Revocable Living Trust,
and Miguel Paredes,

             Defendants.
_____/

**ORDER**

On June 18, 2025, Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (Berg Defendants) filed an Answer to Plaintiffs' Second Amended Complaint with affirmative defenses. In this pleading, Defendant Connie Berg pled a Counterclaim, alleging that she is entitled to attorneys' fees under the Stock Purchase Agreement if she prevails in the adversary proceeding.

In early July, Erik A. Ahlgren in his capacities as Chapter 7 Trustee of the bankruptcy estate of Pro-Mark Services, Inc. (the "Debtor"), administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and Trustee of the Pro-Mark

Services, Inc. Employee Stock Ownership Trust, filed an Answer to the Counterclaim with affirmative defenses and an Objection to Connie Berg's Counterclaim.  Doc. 135.  He also filed a Limited Objection to the Berg Defendants' Demand for Jury Trial.  Doc. 136.  Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, and Kyle R. Berg Revocable Living Trust (the Berg Defendants) filed a response in opposition.  Doc. 139.

On July 9, 2025, the Berg Defendants filed a Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the Alternative, Dismiss the Counterclaim.  Doc. 140.  They filed a brief and proposed Amended Answer with this pleading.  Docs. 141.  The Berg Defendants also filed their Amended Answer.  Doc. 142.  Ahlgren opposed the motion, and the Berg Defendants replied.  Docs. 152, 154.

In his objection, Ahlgren argues that Connie Berg waived her right to a jury trial and submitted to the bankruptcy court's equitable jurisdiction when she filed her Counterclaim.  In response, the Berg Defendants argue that merely filing a counterclaim seeking attorneys' fees, which they claim is defensive in nature, is not an implicit waiver of Connie Berg's Seventh Amendment right to a jury trial or submission to bankruptcy court jurisdiction.  To avoid a waiver of her right to a jury trial and submission to bankruptcy court jurisdiction, Connie Berg requests the Court to redesignate her Counterclaim as an affirmative defense of recoupment.  She maintains she only intended to assert her request for attorneys' fees defensively to reduce dollar-for-dollar any damages awarded to the Trustee in this adversary proceeding.  She even committed to refraining from seeking to recover money from the Debtor's estate if she prevails on all claims Ahgren asserted against her.

2

Courts are split on the question of whether attorneys' fees is a proper affirmative defense.  Compare Tokio Marine Specialty Ins. Co. v. Ramos, 2019 WL 4573258, at *5 (S.D. Fla. Sept. 20, 2019) ("Indeed, every case that the undersigned has reviewed has construed a request for attorney's fees as an improper affirmative defense.") (citations omitted); WRCA Corp. v. Weichert Real Est. Affiliates, Inc., 2008 WL 11474826, at *1 (M.D. Fla. July 23, 2008) ("The Court agrees with Defendant that Plaintiff's request for attorney's fees is improperly framed as a affirmative defense. However, Plaintiff may include a request for attorney's fees in its prayer for relief."); Ayers v. Consol. Const. Servs. of SW Fla., Inc., 2007 WL 4181910, at *2 (M.D. Fla. Nov. 26, 2007) ("A request for attorney's fees if defendant prevails does not respond to the allegations of the complaint and does not raise any facts to vitiate plaintiff's claims. Therefore, it is not a viable defense."); with Morgan v. Royal Manufactured Homes, LLC (In re Charming Castle, LLC), 2011 WL 3797741, at *20–21, 28 (Bankr. N.D. Ala. Aug. 18, 2011) ("While this court agrees that Defendant would be entitled to recoup any attorney fees incurred to defend against manufacturing defects that were caused by Debtor, this court does not agree that Defendant has proven such attorney fees."); Moore v. Irving Materials Inc., 2007 WL 3024058, at *3 (W.D. Ky. Oct. 15, 2007) (finding that a claim for actual damages, costs of defense, attorneys' fees and court costs was "more properly viewed as an affirmative defense.").

The Court need not decide whether Connie Berg asserted an actionable claim or affirmative defense for recoupment at this time because court approval of the Berg Defendants' Amended Answer deleting Connie Berg's Counterclaim and alleging recoupment as an affirmative defense is not required.  The Berg Defendants filed their

3

Amended Answer to Ahlgren's Second Amended Complaint and Affirmative Defenses on July 9, 2025, 21 days after they filed their Answer to the Second Amended Complaint and 7 days after Ahlgren filed his Answer to Connie Berg's Counterclaim [Doc. 142], which is within the deadline provided in Federal Rule of Civil Procedure 15(a)(1) to amend a pleading as a matter of course.[1]

The next question is whether Connie Berg waived her right to a jury trial and submitted to the jurisdiction of the bankruptcy court by pleading the Counterclaim. Citing Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995), Ahlgren argues that it is too late for Connie Berg to avoid the jurisdiction of the bankruptcy court because she plead her Counterclaim after the Trustee initiated this adversary proceeding. He maintains that, even if the Court grants her request to dismiss her Counterclaim, Connie Berg waived her right to a jury trial and may not avoid the jurisdiction of this Court.

The Court declines to enforce such a penalty. To the extent Alhgren argues that Smith v. Dowden compels a contrary result, the Court disagrees. In Smith v. Dowden, the Eighth Circuit ruled that a creditor who filed a proof of claim successfully withdrew its claim after the Trustee filed an objection to the claim but before the Trustee filed an adversary complaint. Smith v. Dowden, 47 F.3d at 943. It explained that a "successful withdrawal of a claim pursuant to Fed.R.Bankr.P. 3006 prior to the trustee's initiation of an adversarial proceeding renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought." Id.

---

[1] Federal Rule of Civil Procedure 15 applies in bankruptcy cases under Rule 7015 of the Federal Rules of Bankruptcy Procedure.

4

Like the creditor in Smith v. Dowden, the Berg Defendants took appropriate steps to render Connie Berg's Counterclaim without legal effect. Specifically, they timely filed their Amended Answer on July 9, 2025, as a matter of course. See Doc. 142. "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect. Rule 15(c)(2) of the Federal Rules of Civil Procedure allows an amended complaint to relate back when the claim in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint].'" In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted). Accordingly, the Amended Answer renders the Counterclaim without legal effect and leaves the parties as if it had not been brought.

Even if Court approval of the Berg Defendants' redesignation of the Counterclaim as an affirmative defense or dismissal of the Counterclaim was required, the Court would allow dismissal of the Counterclaim without treating the pleading as a waiver of the right to a jury trial. The Court does not view the Berg Defendants prompt Amended Answer as a manipulation of bankruptcy court jurisdiction. The Berg Defendants clearly communicated their request for a jury trial and nonconsent to bankruptcy court jurisdiction on numerous occasions. Connie Berg maintains that she mistakenly designated her request for attorneys' fees as a counterclaim when she meant to designate it as an affirmative defense. Consequently, the Berg Defendants promptly amended their Answer, which is consistent with Rule 15 and the Advisory Committee

5

Notes related to it.[2]  Given that the Berg Defendants sought to remedy this issue before discovery began and years before trial is scheduled, Ahlgren is not prejudiced by the amendment.  Under the circumstances, Connie Berg did not waive her right to a jury trial or inadvertently consent to the equitable jurisdiction of the bankruptcy court.

Accordingly, IT IS ORDERED:

1. Ahgren's Objection to Connie Berg's Counterclaim [Doc. 135] is moot.

2. Ahgren's Limited Objection to Berg Defendants' Demand for Jury Trial [Doc. 136] is overruled.

3. The Berg Defendants' Motion to Redesignate the Counterclaim as an Affirmative Defense or, in the Alternative, Dismiss the Counterclaim [Doc. 140] is moot.

Dated:  October 8, 2025.

*Shon Hastings*

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

---

[2] The Advisory Committee Notes related to the 2009 Amendment explain that the right to amend once as a matter of course is no longer terminated by service of a responsive pleading.  The Committee observed that "[t]he responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that the amendment is wise."  Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.