UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br>Pro-Mark Services, Inc.,<br><br>                Debtor. | Bky. Case No. 24-30167<br>Chapter 7 |
| Erik A. Ahlgren, as Chapter 7 Trustee of the Bankruptcy Estate of Pro-Mark Services, Inc., as Administrator of the Pro-Mark Services, Inc. Employee Stock Ownership Plan, and as Trustee of the Pro-Mark Services, Inc. Employee Stock Ownership Trust,<br><br>                Plaintiff,<br><br>v.<br><br>Connie Berg, Kyle Berg, Connie Berg Revocable Living Trust, Kyle R. Berg Revocable Living Trust, Chad DuBois, and Miguel Paredes,<br><br>                Defendants. | Adversary No. 24-07014<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR, ALTERNATIVELY, DISMISS IN PART** |

In further support of Plaintiff's *Motion to Strike or, Alternatively, Dismiss in Part* (Adv. Doc. 164) (the "Motion to Strike"), and in reply to Defendant Miguel Paredes' response in opposition (Adv. Doc. 170), Plaintiff respectfully states as follows:

**A.    Even if Disfavored, Rule 12(f) Motions to Strike Are Appropriate When Requests for Relief Are Legally Unsupportable**

1.    Although Rule 12(f) motions to strike are disfavored, controlling Eighth Circuit case law is clear: when a request for relief is legally unsupportable, it is properly struck from a pleading as impertinent. *See Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080, 1091-94 (8th Cir. 2021); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917-18 (8th Cir. 2007). Plaintiff, in

ACTIVE 715243269v2

his capacities as ESOP administrator and ESOP trustee, is seeking to recover on behalf of ESOP beneficiaries who were harmed by Mr. Paredes' fiduciary duty breaches. In prosecuting such claim, Mr. Ahlgren should not have to deal with the distraction of alleged personal liability for attorney fees, costs and interest when there is no basis for personal liability as a matter of law. That is the exact purpose of Rule 12(f).

**B.     As a Matter of Law, Mr. Ahlgren Cannot Be Personally Liable for Attorney Fees Because There is No Basis for His Individual Liability Under ERISA**

2.     Turning to the merits, Mr. Paredes does not cite any authority corroborating that Mr. Ahlgren can be personally liable for fees in these circumstances. Most significantly, he completely ignores 29 U.S.C. § 1132(d)(2), which provides that "[a]ny money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title." This ERISA provision is what renders Mr. Paredes' request for fees legally unsupportable.

3.     Mr. Ahlgren, personally, is not a party to this action, meaning any money judgment for fees would only be enforceable against the ESOP. *See id.* § 1132(d)(2); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009) ("[S]uit under § 1132(a)(2) is brought in a representative capacity on behalf of the plan as a whole."); *Friedman v. Lippman*, 2020 U.S. Dist. LEXIS 85480, at *16 (S.D.N.Y. May 14, 2020) ("Any judgment against TBWA as Plan administrator would be a judgment against the Plan itself."); *Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F. Supp. 2d 284, 301 (S.D.N.Y. 1998) ("Although a trustee can be sued in his official capacity, such suits are treated as suits against the plan."). Section 1132(d)(2) provides the sole exception: if "liability against [Mr. Ahlgren] is established in his individual capacity under this title." Mr. Paredes does not, and cannot, argue that Mr. Ahlgren breached his own fiduciary

2

responsibilities, obligations, or duties under ERISA or is liable for a co-fiduciary's breach—which are the only grounds under ERISA for individual liability. Mr. Ahlgren thus cannot be personally liable for fees as a matter of law.

4. The three cases that Mr. Paredes cites are unavailing and actually support Plaintiff's Motion to Strike. In *Jackson v. Truck Drivers' Union Local 42 Health & Welfare Fund*, 933 F. Supp. 1124, 1129-34 (D. Mass. 1996), a beneficiary sued the trustees of his benefits plan for damages and restitution based on the trustees' alleged breaches of fiduciary duties under ERISA. The court acknowledged that the defendant-trustees could be held personally liable attorney fees under Section 1132(g) but found that such request was "premature" and "must be reserved until trial." *Id.* at 1147. Here, unlike the plaintiff in *Jackson*, Mr. Paredes does ***not*** allege that Mr. Ahlgren breached ERISA fiduciary duties. Absent this predicate required by Section 1132(d)(2), Mr. Ahlgren cannot be personally liable for attorney fees, and *Jackson* does not say otherwise.

5. Similarly, in *Sage v. Automation, Inc. Pension Plan & Trust*, 777 F. Supp. 876, 877-79 (D. Kan. 1991), a beneficiary obtained a judgment against his pension plan trustee for breaching ERISA fiduciary duties by failing to provide an adequate claims review procedure. The court acknowledged that the defendant trustee could be held personally liable for attorney fees under Section 1132(g) but declined to award fees. *Id.* Again, unlike the plaintiff in *Sage*, Mr. Paredes does ***not*** allege that Mr. Ahlgren breached ERISA fiduciary duties. So again, absent this predicate, Mr. Ahlgren cannot be personally liable for attorney fees, and *Sage* does not say otherwise.

6. Finally, in *Trustees of the Eighth District Electrical Pension Fund v. Wasatch Front Electric & Construction, LLC* ("<u>Wasatch</u>"), 598 F. App'x 563, 565-67 (10th Cir. 2014), although

3

the 10th Circuit affirmed an award of attorney fees against the plaintiff "trustees" of an ERISA trust fund, the record makes clear that the award was treated as a judgment against the trust fund itself, not the trustees personally. In moving for attorney fees at the district court level, the defendants never argued that the trustees were personally liable for the fee award. Instead, they repeatedly argued that the trust fund would pay the award.[1] In the district court's oral ruling awarding fees, the court likewise treated the fee award as being against the trust fund, not the trustees personally. The district court found:

> Two, the ability of the opposing party to satisfy, there's not an issue as to that. With respect to whether or not this should weigh in favor of the trust fund on the ground that it would deprive the beneficiaries of the trust fund of some of their pension money, there's no evidence before the court that paying these fees in any way would expose the trust fund or the beneficiaries of the trust fund to that risk. Moreover, implicit in the notion that the trust fund can pursue claims on behalf of the beneficiary is that the beneficiary should be held to the consequences having pursued that litigation should the trust fund fail to prevail.

(Kieselbach Aff., Ex. C at 40:3-15.) And in the 10th Circuit's opinion, the court never even mentioned, let alone addressed, personal liability. *See Wasatch*, 598 F. App'x at 565-667.

---

[1] In their opening brief in support of their motion for attorney fees, the defendants asserted that "[p]laintiffs are comprised of . . . a trust fund" and there is "no indication" that the trust fund "would be unable to satisfy an award of attorney fees." (Kieselbach Aff., Ex. A at 7.) In their reply brief, the defendants reiterated that the trust fund would pay the award. (*Id.*, Ex. B at 8-9.) And at oral argument, the defendants again argued that the trust fund would pay, stating as follows:

> First, another of the Gordon factors is the ability of the opposing party to satisfy an award of fees. Plaintiffs admit, quote, "they could technically pay a fee award," and their argument is essentially that they don't want to simply because it would skew the fund's actuarial reports and perhaps prevent the fund from satisfying other debts. The problem though is, just as the Seventh Circuit in Bittner said, the pension plan participants and beneficiaries don't constitute a vulnerable group. And there's no evidence before the court that this award of attorney's fees that defendants are seeking would actually prevent the plan from paying anything. We have no idea what's in the plan's coffers or reserves or whether paying this award would harm it in the least.

(*Id.*, Ex. C at 32:8-22.)

4

7. Here, if Mr. Paredes prevails and the Court awards fees, then as in *Wasatch*, the award might be styled as one against Mr. Ahlgren, as ESOP administrator and ESOP trustee. But also as in *Wasatch*, such award would not constitute a personal judgment against Mr. Ahlgren. Instead, it would only be enforceable against the ESOP itself. *See* 29 U.S.C. § 1132(d)(2) (no personal liability "unless liability against such person is established in his individual capacity under this title"); *Friedman*, 2020 U.S. Dist. LEXIS 85480, at *16 (judgment against plan fiduciary treated as judgment against plan); *Manginaro*, 21 F. Supp. 2d at 301 (same).

C. **Even If Mr. Ahlgren Could Be Held Personally Liable for Fees, He Is Entitled to Qualified and Complete Immunity, and 29 C.F.R. § 2578.1(j)(8) Does Not Apply**

8. Even if Mr. Ahlgren could be liable for attorney fees under 29 U.S.C. § 1132(g), he has qualified and complete immunity for the reasons set forth in Plaintiff's opening brief. 29 C.F.R. § 2578.1(j)(8) does not alter the analysis. In promulgating Section 2578.1(j)(8), the Department of Labor explained its meaning and purpose as follows:

> The rule of accountability, as proposed, was based on the fact that the ERISA plan and its assets are not part of the estate. Accordingly, the rule merely sought to preserve this legal distinction by preventing bankruptcy trustees from using bankruptcy courts *to insulate themselves from liability under ERISA for fiduciary breaches*.

89 Fed. Reg. 43636, 43641 (May 17, 2024) (emphasis added).

9. In other words, the purpose of the 29 C.F.R. § 2578.1(j)(8) is to prevent a chapter 7 trustee from insulating himself from liability for breaching his fiduciary duties under ERISA. Here, Mr. Ahlgren is not seeking to "insulate" himself from liability for breaching ERISA fiduciary duties, as Mr. Paredes does not, and cannot, allege that Mr. Ahlgren committed any such breaches. Mr. Ahlgren invokes qualified and complete immunity in response to a claim that he is personally liable for attorney fees, costs, and interest, which is outside the purview of Section 2578.1(j)(8).

5

Based on the foregoing, Plaintiff respectfully requests that the Court grant the Motion to Strike.

| | |
|---|---|
| Date: October 10, 2025 | /e/ *Peter D. Kieselbach* |
| | Michael B. Fisco (Minnesota #0175341) |
| | (*Admitted Pro Hac Vice*) |
| | Peter D. Kieselbach (Minnesota #0397531) |
| | (*Admitted Pro Hac Vice*) |
| | **GREENBERG TRAURIG, LLP** |
| | 90 South Seventh Street, Suite 3500 |
| | Minneapolis, MN 55402 |
| | Telephone: (612) 259-9700 |
| | Email: fiscom@gtlaw.com |
| | kieselbachp@gtlaw.com |
| | |
| | *and* |
| | |
| | Erik A. Ahlgren (North Dakota #09561) |
| | Ahlgren Law Office, PLLC |
| | 220 W. Washington Ave. Suite 105 |
| | Fergus Falls, MN  56537 |
| | Telephone: (218) 998-2775 |
| | Email: erik@ahlgrenlawoffice.net |
| | |
| | *Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 10, 2025, the above document was served on all counsel of record via CM/ECF.

/e/ *Peter D. Kieselbach*
Peter D. Kieselbach